IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | |
| *Plaintiff,* | Case No. _____ |
| v. | |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | **DEFENDANTS' NOTICE OF REMOVAL** |
| *Defendants.* | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively, "Casey's") hereby remove this putative class action to the United States District Court for the Southern District of Iowa, Central Division. The state court matter is Case No. 05771 CVCV069792 in the District Court for Polk County, Iowa (hereinafter the "State Court Action").

By filing this Notice of Removal, Casey's does not admit the allegations or theories in Plaintiff's Petition or waive any defenses, objections, or motions under state or federal law and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims. Casey's also hereby reserves the right to amend or supplement this Notice of Removal.

In support of removal, Casey's provides the following "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). This statement "need not contain evidentiary

submissions." *Id.* at 84. Rather, the notice of removal requires only "plausible allegations" that the requirements for removal are met. *Id.* at 89. Accordingly, Casey's states as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff Kit Mason ("Plaintiff Mason") originally filed the State Court Action on August 28, 2025. (*See* Pet. (attached hereto as **Exhibit A**).) The Petition named three defendants: Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company. Copies of all process, pleadings, and orders served upon Casey's in this matter are attached hereto as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

2.     Removal is timely because Casey's filed this Notice within 30 days of receiving service of the Petition. 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service . . . ."). (*See* Ex. B at 140–42 (Affidavits of Service).)

3.     Venue in this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending (Polk County, Iowa).

4.     As set forth in greater detail below, this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711–15, because minimal diversity exists and the amount in controversy exceeds $5,000,000.

## BACKGROUND

5.     The Petition alleges that Casey's "advertis[ed] in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale." (Ex. A ¶ 1.)

6.     The Petition alleges Plaintiff Mason "is an individual who at all material times resided in Allerton, Wayne County, Iowa." (*Id.* ¶ 2.) Upon information and belief, Plaintiff is a

citizen of the State of Iowa and was a citizen of the State of Iowa at the time he filed the State
Court Action.

7.      Defendant Casey's Retail Company is an Iowa corporation with a principal place
of business in Ankeny, Iowa. (*Id.* ¶ 3.) Defendant Casey's Retail Company is therefore a citizen
of Iowa for the purposes of diversity jurisdiction.

8.      Defendant Casey's General Stores, Inc. is an Iowa corporation with a principal
place of business in Ankeny, Iowa. (*Id.* ¶ 4.) Defendant Casey's General Stores, Inc. is therefore
a citizen of Iowa for the purposes of diversity jurisdiction.

9.      Lastly, Defendant Casey's Marketing Company is an Iowa corporation with a
principal place of business in Ankeny, Iowa. (*Id.* ¶ 5.) Defendant Casey's Marketing Company is
therefore a citizen of Iowa for the purposes of diversity jurisdiction.

10.      The Petition seeks certification of the following putative classes:

> All persons who, from August 28, 2023 to the present, purchased merchandise
> from one of Defendant's stores subject to an advertised discount who did not
> receive the discount at the point of sale (the "Nationwide Class")

> All citizens of the State of Iowa who, from August 28, 2023 to the present,
> purchased merchandise from one of Defendant's stores in Iowa subject to an
> advertised discount who did not receive the discount at the point of sale (the
> "Iowa Class")

(*Id.* ¶ 21.)

11.      In the Prayer for Relief, the Petition requests: an order (a) "declaring this action to
be a proper class action, appointing Plaintiff and his counsel to represent the Classes, and
requiring Defendant to bear the costs of class notice"; (b) requiring "restitution" for "all funds
acquired by means of any act or practice declared . . . to be an unlawful, unfair, or fraudulent
business act or practice, untrue or misleading advertising, or a violation of Iowa law," and
requiring Casey's to bear the costs of "pre- and post-judgment interest"; (c) requiring Casey's "to

disgorge or return all monies, revenues, profits, and taxes obtained by means of any wrongful or unlawful act or practice"; (d) requiring Casey's "to pay all actual and statutory damages permitted"; (e) "awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiff and the members of the Classes"; and (f) "providing for all other equitable relief as may be just and proper." (*Id.* at 29, Prayer for Relief.)

### THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332(d)(2)

12.     As amended by CAFA, 28 U.S.C. § 1332(d) grants federal district courts "original jurisdiction" over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

13.     **This is a "class action" under CAFA.** Because Plaintiff invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA. *Id.* § 1332(d)(1)(B).

14.     **The putative class contains at least 100 members.** The Petition alleges that Casey's "operates . . . more than 2,500 stores in sixteen states." (Ex. A ¶ 7[1].) The Petition further alleges that "based upon the nature of trade and commerce involved[,] . . . the proposed Classes may include hundreds or thousands of members." (*Id.* ¶ 24.)

15.     **The amount placed in controversy exceeds $5,000,000.** The amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). The burden for removal under CAFA is low, requiring "'only

---

[1] Per Defendants' publicly available Annual Report, Defendants operate more than 2,600 Casey's stores in 17 states. However, for purposes of this Notice of Removal, Defendants accept Plaintiff's allegations regarding the scope of Defendants' operations as true.

a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"
*Pirozzi v. Message Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89). A removing defendant need not "confess liability" to show the amount in controversy exceeds the threshold. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). "When the notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorneys' fees aggregating more than $5 million, 'then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much.'" *Pirozzi*, 938 F.3d at 984 (quoting *Raskas*, 719 F.3d at 888).

16.     Here, Casey's denies, among other things, that damages or costs may be awarded or that certification of a class is appropriate. However, solely for the purposes of subject matter jurisdiction, the amount in controversy is determined by what Plaintiff claims is at stake. In his Petition, Plaintiff includes examples of instances where he or another customer did not receive an advertised discount. Ex. A ¶¶ 8–10 (alleged failure to receive $3.00 discount); *id.* ¶¶ 11–13 (alleged failure to receive $1.00 discount); ¶ 14 (eight examples of alleged failure to receive discounts of $3.00, $3.00, $3.00, $1.50, $1.60, $7.00, $3.00, and $1.50, respectively[2]). The average of the discounts in these examples is approximately $2.76. Plaintiff does not allege how many times Defendants failed to give an advertised discount, instead alleging that they had a "practice" of doing so with "similar misleading in-store advertisements . . . across [their] network of stores" and that that question of "[w]hether Defendant[s'] in-store advertisements were false, deceptive, and/or misleading" is common to the Plaintiff and the Classes.[3] *Id.* ¶¶ 1,

---

[2] One of the examples in Paragraph 14 relates to the purchase of cans of beer advertised as "Mix & Match 2/$7," along with a receipt showing four cans of beer purchased for $3.50 each—the advertised price. *Id.* ¶ 14.

[3] Because Plaintiff did not make any specific allegations about whether and how often any of the alleged 2,500 stores failed to give advertised discounts, the Court can assume, for

18, 26. If each of the alleged 2,500 Casey's stores failed to give just one $2.76 discount per day each day from the date of the beginning of the class period to the date the Petition was filed,[4] compensatory damages would total $5,043,900.[5] Further, the Petition seeks attorneys' fees and costs, including the costs of class notice and pre-suit investigation. (*Id.* at 29, Prayer for Relief.) It is far from "legally impossible" for these amounts cumulatively to exceed $5 million. *See Pirozzi*, 938 F.3d at 984. Given that, "the case belongs in federal court." *Id.*

      17.    The Parties in this case satisfy the requirement of minimal diversity, because at least one "member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Defendants are citizens of Iowa. (Ex. A ¶¶ 3–6.) The Petition asserts claims on behalf of both an Iowa Class, comprised of "citizens of the State of Iowa," and a separate "Nationwide Class," which does not explicitly include Iowa citizens. (*Id.* ¶ 21.) Upon information and belief, there is at least one member of the Nationwide Class who is not a citizen of Iowa and was not a citizen of Iowa at the time of removal. Therefore, the requirement of minimal diversity is satisfied.

---

purposes of evaluating the amount in controversy, that the alleged challenged practice occurred in all store locations. *See, e.g.*, *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985–86 (7th Cir. 2008) ("The complaint alleges that Spivey's credit card was charged without authorization and that Vertrue's practices are 'common to all Class Members'. The complaint also alleges that making unauthorized charges is a standard practice at Vertrue. Spivey's allegations thus put into 'controversy' the propriety of all of Vertrue's charges."); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (relying on the reasoning in *Spivey* to reject the plaintiff's argument that the amount in controversy was not satisfied because the defendant's calculation was "overinclusive").

[4] The class period as alleged runs "from August 28, 2023 to the present," *id.* ¶ 21, but Defendants selected a fixed end date for the calculation for simplicity.

[5] The average discount of $2.76 multiplied by 2,500 (the number of stores alleged) multiplied by 731 (the number of days from the beginning of the class period to the date of filing) equals $5,043,900.

**FILING OF REMOVAL PAPERS**

18.     As required by 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal will be filed contemporaneously in the Iowa District Court for Polk County.

## <u>CONCLUSION</u>

WHEREFORE, Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company respectfully request that the above-captioned action be removed from the Iowa District Court for Polk County to the United States District Court for the Southern District of Iowa, and that this Court assume full jurisdiction over this action, to the exclusion of any further proceedings in the state court.

Dated: September 26, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
Carolyn A. Gunkel, AT0008944
Emily R. O'Brien, AT0015757
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
       *david.yoshimura@faegredrinker.com*
       *carolyn.gunkel@faegredrinker.com*
       *emily.obrien@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., AND CASEY'S MARKETING COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of Defendants' Notice of Removal was served upon all parties of record through the Court's CM/ECF electronic filing system, with copies to the below named individuals by electronic mail on September 26, 2025.

*/s/ Paulette Ohnemus*

Copy to:

SHINDLER ANDERSON GOPLERUD & WEESE P.C.
J. Barton Goplerud
Brian O. Marty
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265
*goplerud@sagwlaw.com*
*marty@sagwlaw.com*

CUNEO GILBERT & LADUCA, LLP
Robert K. Shelquist
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
*rshelquist@cuneolaw.com*

CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca
Brendan S. Thompson
2445 M Street NW, Suite 740
Washington, DC 20037
*charlesl@cuneolaw.com*
*brendant@cuneolaw.com*

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**