# EXHIBIT A

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>Defendant. | CASE NO. _____<br><br><br>**CLASS ACTION PETITION AND JURY DEMAND** |

1.      Plaintiff Kit Mason ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings this Class Action Petition against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Casey's" or "Defendant"), for its practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.  Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel and as to all other matters, upon information and belief. Plaintiff's allegations are plausible and will substantiated after a reasonable opportunity for discovery.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an individual who at all material times resided in Allerton, Wayne County, Iowa.

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

3.      Defendant Casey's Retail Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

4.      Defendant Casey's General Stores, Inc. is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

5.      Defendant Casey's Marketing Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

6.      Plaintiff's and the putative Class Members' damages in the above-captioned matter exceed the amount necessary to maintain this action in the Iowa District Court for Polk County and exceed the jurisdictional requirements set forth in the Iowa Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

7.      Defendant operates a chain of convenience stores primarily in the Midwest, with more than 2,500 stores in sixteen states.

8.      On July 10, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Humeston, Iowa advertised in-store as follows:



9.    His receipt from the subject transaction is as follows:

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25   11:40:58
Reg:1 Cashier:MARY
Receipt   1156249
Type SALE
------------------------------------
 1 Four Loko USA 24oz          3.50
 1 Beer Deposit Single         0.05
 1 Four Loko USA 24oz          3.50
 1 Beer Deposit Single         0.05
------------------------------------
SubTotal                       7.10
State Tax                      0.42
Local/City Tax                 0.07
Total                          7.59
------------------------------------
Received
  MasterCard                   7.59
 MasterCard
```

10.   Plaintiff did not receive the advertised discount for his purchase and was harmed as a result.

11.    Also on July 20, 2025, Plaintiff purchased certain merchandise at

Defendant's convenience store in Corydon, Iowa advertised in-store as follows:



12.    His receipt from the subject transaction is as follows:

```
Casey's# 4294
200 EAST JEFFERSON ST
CORYDON, IA 50060
Register 2

7/10/25    10:49:00
Reg:2 Cashier:MELISSA
Receipt    2296895
Type SALE
-------------------------------------
 1 Smirnoff Smash Red W       3.50
 1 Beer Deposit Single        0.05
 1 Smirnoff Smash Red W       3.50
 1 Beer Deposit Single        0.05
-------------------------------------
SubTotal                      7.10
State Tax                     0.42
Local/City Tax                0.07
Total                         7.59
-------------------------------------
Received
  MasterCard                  7.59
 MasterCard
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

13.    Plaintiff did not receive the advertised discount for his purchase and was harmed as a result.

14.    Further investigation showed similar advertised discounts at various of Defendant's stores in Iowa and Nebraska that were not applied at the point of sale.  For example:

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
8/5/25      14:03:01
Reg:3 Cashier:IRA
Receipt    3466415
Type SALE
-----------------------------------
 1 Redds Wicked Apple 2        3.50
 1 Beer Deposit Single         0.05
 1 Redds Wicked Apple 2        3.50
 1 Beer Deposit Single         0.05
-----------------------------------
SubTotal                       7.10
State Tax                      0.42
Local/City Tax                 0.07
Total                          7.59
-----------------------------------
Received
  Debit                        7.59
 Debit
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
8/4/25      14:13:42
Reg:1 Cashier:CORY
Receipt    1562880
Type SALE
-----------------------------------
1 Four Loko USA 24oz          3.50
1 Beer Deposit Single         0.05
1 Four Loko Warheads 2        3.50
1 Beer Deposit Single         0.05
-----------------------------------
SubTotal                      7.10
State Tax                     0.42
Local/City Tax                0.07
Total                         7.59
-----------------------------------
Received
  American Express            7.59
```

E-FILED   2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
. .
--------------------------------------
1 Club Tails Margarita        3.00
1 Beer Deposit Single         0.05
1 Club Tails Sex On Th        3.00
1 Beer Deposit Single         0.05
1 Club Tails Bahama Ma        3.49
1 Beer Deposit Single         0.05
1 Blue Moon Belgian Wh        3.50
1 Beer Deposit Single         0.05
1 Four Loko USA 24oz          3.50
1 Beer Deposit Single         0.05
--------------------------------------
SubTotal                     16.74
State Tax                     0.99
Local/City Tax                0.16
Total                        17.89
--------------------------------------
Received
  American Express           17.89
```



```
8/15/25   10:50:24
Reg:1 Cashier:JAMES
Receipt   1538693
Type SALE
----------------------------------------
  1 Caseys New Orleans K          1.50
  1 Caseys New Orleans K          1.50
  1 Caseys Chocolate Cov          2.50
  1 Caseys Chocolate Cov          2.50
  1 Nerds Clusters Very           5.99
  1 Nerds Clusters Very           5.99
  1 Reeses Peanut Butter          3.19
  1 Reeses Peanut Butter          1.00
  4 Sierra Nevada Hazy L          3.50
  4 Beer Deposit Single           0.05
----------------------------------------
SubTotal                         38.37
State Tax                         2.11
Local/City Tax                    0.35
Total                            40.83
----------------------------------------
Received
  Debit                          40.83
  Debit
  Contactless
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
1 Blue Moon Belgian Wh        4.29
1 Leinenkugel Summer S        4.29
1 Kona Big Wave 25oz C        3.25
1 Golden Road Mango Ca        3.25
1 Blue Diamond Blueber        1.99
-----------------------------------
SubTotal                     17.07
State Tax                     0.83
Local/City Tax                0.30
Total                        18.20
-----------------------------------
Received
  MasterCard                 18.20
```

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT




```
8/15/25   10:50:24
Reg:1 Cashier:JAMES
Receipt    1538693
Type SALE
----------------------------------
1 Caseys New Orleans K        1.50
1 Caseys New Orleans K        1.50
1 Caseys Chocolate Cov        2.50
1 Caseys Chocolate Cov        2.50
1 Nerds Clusters Very         5.99
1 Nerds Clusters Very         5.99
1 Reeses Peanut Butter        3.19
1 Reeses Peanut Butter        1.00
4 Sierra Nevada Hazy I        3.50
4 Beer Deposit Single         0.05
----------------------------------
SubTotal                     38.37
State Tax                     2.11
Local/City Tax                0.35
Total                        40.83
----------------------------------
Received
 Debit                       40.83
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Casey's# 3244
3750 111TH ST
URBANDALE, IA 50322
Register 1

8/19/25    18:17:32
Reg:1 Cashier:TRACI
Receipt    1330330
Type SALE
---------------------------------
  2 Blue Moon Belgian Wh      3.50
  2 Beer Deposit Single       0.05
  1 Blue Moon Belgian Wh      4.29
  1 Beer Deposit Single       0.05
---------------------------------
SubTotal                     11.44
State Tax                     0.68
Local/City Tax                0.11
Total                        12.23
---------------------------------
Received
  Debit                      12.23
  Debit
Contactless
Tran Type: Sale
Response  : APPROVED
Card Num  : XXXXXXXXXXXX4913
Merchant  : 134000022003244
Terminal  : 00S99004
DeviceID  : 1
Approval  : 391893
Date/Time: 2025/08/19 18:17:29
Batch    : 20250819929
```



```
Casey's# 2297
108 8TH ST
WEST DES MOINES, IA 50265
Register 1

8/19/25   17:43:35
Reg:1 Cashier:LEWIS
Receipt   1385666
Type SALE
----------------------------------------
1 Club Tails Sex On Th          3.00
1 Beer Deposit Single           0.05
1 Club Tails Bahama Ma          3.00
1 Beer Deposit Single           0.05
1 Club Tails Bahama Ma          3.49
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh          3.50
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh          3.50
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh    VOID
1 Beer Deposit Single     VOID
----------------------------------------
SubTotal                       16.74
State Tax                       0.99
Local/City Tax                  0.16
Total                          17.89
----------------------------------------
Received
  Debit                        17.89
 Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022002297
Terminal : 00999004
DeviceID  1
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

15.     Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise.

16.     None of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on.

17.     The advertisements expressly state that rebates will be given at the register.

18.     Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin.

19.     Defendant's competitor stores have similar advertised discounts on merchandise but provide the advertised discounts to all customers.  For example, at Competitor 1:

| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRV LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

| | Sub Total | $8.56 |
|---|---|---|
| | Tax | $0.58 |
| | Total | $9.14 |

| American Express: | $9.14 |
|---|---|
| Change | $0.00 |



| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRV LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

| | Sub Total | $8.56 |
|---|---|---|
| | Tax | $0.58 |
| | Total | $9.14 |

| American Express: | $9.14 |
|---|---|
| Change | $0.00 |



15

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Store #1056    8/19/2025   7:19:11 PM
Register # 2  Trans #  3009020

Tax Description         Qty   Amount

T  BIG BUDDY FTN               $1.59
T  BUSCH LT 25OZ CN       2    $5.98
   BEER DEPOSIT EA        1    $0.10
T  REESES PNTBTR CUP BIG KN    $3.99
   MM 4843 BUSCH 25OZ 2 FOR   -$2.00

                Sub Total      $9.66
                     Tax       $0.67
                   Total      $10.33

                Debit:        $10.33
                Change         $0.00

Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001056306
Approval : 059563
Trace Number: 27743

Sale

USD$ 10.33
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXX
TSI: 0000
ARC: 00
ARQC: 98F82CEDCR8BD231
```

16



```
Store #1050      8/19/2025    6:24:23 PM
Register # 4  Trans #  2593119

Tax Description          Qty    Amount

T  REDDS WICKED 24OZ CN     2    $7.38
   BEER DEPOSIT EA          1    $0.10
   9521-SIMPLY REDDS WICKED     -$3.00

                  Sub Total      $4.48
                        Tax      $0.30
                      Total      $4.78

                     Debit:      $4.78
                     Change      $0.00

Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001050606
Approval : 824989
Trace Number: 948599

Sale

USD$ 4.78
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000
```

20.    And, at Competitor 2:

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Dealer#
8/19/2025              6:03:56 PM
515-225-0607


Description      Qty    Price      Amount
REDDS WCKD APL    2     4.39        8.78
  BEER DEP SINGL  1     0.10
BUSCH LT 25OZ C   2     3.59        7.18
  BEER DEP SINGL  1     0.10
$2 OFF BUSCH FAM 250              -$2.00
$3 OFF 2 SIMPLY/TOPO              -$3.00
        You Saved                 -$5.00
            Sub Total              11.16
         Wireless Fee              $0.00
             Tax                    0.77
             Total                $11.93
SALE
                   Visa:         $11.93
Change                            $0.00

SALE
Visa
Card Num : (R) XXXXXXXXXXXX4913
Contactless
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action pursuant to Iowa Rules of Civil Procedure 1.261

*et. seq.* on behalf of himself and the following classes of consumers:

> All persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount who did not receive the discount at the point of sale (the "Nationwide Class")

> All citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount who did not receive the discount at the point of sale (the "Iowa Class" and, with the Nationwide Class, the "Classes")

22.     Excluded from the Class are the Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

23.     This action is brought and may be properly maintained as a class action.  The members of the Classes are easily ascertainable from Defendant's records.

24.     *Numerosity.*  The Classes are so numerous that joinder of all members is impracticable.  While the exact number of absent Class members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery and Plaintiff is informed and believe, based upon the nature of trade and commerce involved that the proposed Classes may include hundreds or thousands of members, thus satisfying the requirement of Rule 1.261(1).

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

25.     The members in the proposed Classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class members in a single action will provide substantial benefits to the parties and Court.

26.     *Questions of law and fact common* to Plaintiff and the Classes include, but are not limited to, the following:

(a)     Whether Defendant's in-store advertisements were false, deceptive, and/or misleading;

(b)     Whether Defendant had knowledge that its advertisements were false, deceptive, and/or misleading;

(c)     Whether Defendant continued to disseminate its representations knowing they were false, deceptive, and/or misleading;

(d)     Whether Defendant's misrepresentations were likely to deceive a reasonable consumer;

(e)     Whether Defendant's conduct violated Iowa law, including Iowa Code Chapter 714H; and

(f)     whether Plaintiff and the members of the Classes are entitled to damages as a result of Defendant's conduct.

27.     *Fair and Efficient Adjudication of a Controversy.*  A class action satisfies the requirement of Rules 1.262(2)(b), because a class action will permit the fair and efficient adjudication of the controversy.  Plaintiff satisfies the criteria enumerated in Rule 1.263 for determining this issue, inter alia as follows:

a.  First, joint and common interests exist among members of the Classes because Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Classes.  Identical statutory violations and

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

business practices and harms are involved.  Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action. Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct and they were all mislead by Defendant's advertising and all overpaid for merchandise at Defendant's stores. Moreover, the prosecution of separate actions by members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant per Rule 1.263(1)(b). Finally, the common questions predominate over any individual questions per the criteria in Rule 1.263(1)(e).

b.  Moreover, absent a class action, most members of the Classes would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law in satisfaction of the criteria in Rule 1.263(1)(f),(g),(m).  Absent a class action, members of the Classes will continue to suffer harm and Defendant's misconduct will proceed without remedy.

c.  There are no unusual management difficulties that would preclude class treatment.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication

d.  Finally, there are no other known actions brought by the proposed members of the Classes that are not representative parties and thus they have no apparent substantial interest in individually controlling the prosecution of a separate action.

28.  *Adequate Representation.*  In accordance with Rule 1.262(2)(c) and 1.263(2), Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained counsel with substantial experience in consumer class actions and complex litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so.  Moreover, neither Plaintiff nor their counsel have any interests adverse to those of the members of the Classes.

29.  Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Classes is small such that, absent representative litigation, it would be infeasible for members of the Classes to redress the wrongs done to them.

30.  As a result of the foregoing, class treatment is appropriate.

## CLAIMS FOR RELIEF

## <u>COUNT I: FRAUD BY OMISSION</u>

31.  Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

32.     Defendant offered advertised discounts on merchandise that were not applied at the point of sale.

33.     Reasonable consumers would have considered the advertised discounts to be important in making their purchases.

34.     Plaintiff and the members of the Classes justifiably relied on Defendant's advertised discounts to their financial detriment.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes suffered actual damages.

36.     Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT II: UNJUST ENRICHMENT

37.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

38.     Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the misleadingly-advertised merchandise. Defendant knowingly and willingly accepted and enjoyed these benefits.

39.     Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied.  As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

40.    Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

41.    Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant plus interest thereon.

42.    Plaintiff and the members of the Classes seek restitution, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT III: FRAUDULENT MISREPRESENTATION

43.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

44.    Defendants falsely represented to Plaintiff and the members of the Classes that their purchases would be subject to the advertised discounts.

45.    Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise.

46.    Defendant knew that its advertisements were false.  Nevertheless, Defendant allowed its advertisements to intentionally mislead consumers, such as Plaintiff and the members of the Classes.

47.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment.  Given the deceptive manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

48.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

49.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT IV

**Negligent Misrepresentation Against Defendants on Behalf of the Class**

50.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51.    Defendant had a duty to Plaintiff and the members of the Classes to exercise reasonable and ordinary care in the advertising of its merchandise.

52.    Defendant breached its duty to Plaintiff and the members of the Classes by advertising certain discounts but not applying those discounts at the point of sale.

53.    Defendant knew or should have known that its advertisements were misleading to reasonable consumers.

54.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment. Given the negligent manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

55.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

56.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

## COUNT VII: VIOLATION OF IOWA CODE CHAPTER 714H

57.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

58.    Plaintiff is a resident of the State of Iowa.

59.    Defendant is a "person" within the meaning of Iowa Code § 714.16(j).

60.    The advertised merchandise is "merchandise" within the meaning of Iowa Code § 714.16(i).

61.    There was a sale of merchandise from Defendant to Plaintiff and members of the Classes.

62.    Defendant's deceptive advertising to Plaintiff and the members of the Classes constitute unfair and deceptive acts and practices under Iowa law.

63.    Pursuant to Iowa law, Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the advertising and sale of its merchandise.

64.    Defendant violated this statutory prohibition against engaging in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of the merchandise.  Iowa Code § 714H.3.

65.    Specifically, Defendant advertised certain discounts on merchandise but did not apply those discounts at the point of sale.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

66.    A reasonable consumer would have considered Defendant's advertisements material in deciding whether to purchase the merchandise.

67.    Defendant intended for Plaintiff and the members of the Classes to rely on its advertising.

68.    Plaintiff and the members of the Class were actually deceived by Defendant's advertisements.

69.    Defendant's conduct with respect to its advertisements was unfair because it was substantially injurious to consumers, not outweighed by the benefits to consumers, and could not have been reasonably avoided by consumers.

70.    Plaintiff and the members of the Classes were unaware of, and did not have reasonable means of discovering, the material facts that Defendant had misrepresented and failed to disclose.

71.    As a direct and proximate result of Defendant's unfair and deceptive conduct, Plaintiff and the members of the Classes sustained damages.

72.    Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the advertised merchandise.  Defendant knowingly and willingly accepted and enjoyed these benefits.

73.    Pursuant to Iowa Code § 714H.5, Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's violations of the Iowa Consumer Frauds Act.

74.    As required by Iowa law, the Iowa Attorney General has approved this suit as a class action.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as to each and every count, including:

A.      An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Classes, and requiring Defendant to bear the costs of class notice;

B.      An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of Iowa law, plus pre- and post-judgment interest thereon;

C.      An order requiring Defendant to disgorge or return all monies, revenues, profits, and taxes obtained by means of any wrongful or unlawful act or practice;

D.      An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

E.      An order awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiff and the members of the Classes; and

F.      An order providing for all other equitable relief as may be just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,


/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email: goplerud@sagwlaw.com


/s/ Brian O. Marty
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASSES***

*Pro hac vice forthcoming