# EXHIBIT B

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | CASE NO. _____ |
| Plaintiff, | |
| v. | **CLASS ACTION PETITION AND JURY DEMAND** |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | |
| Defendant. | |

1.     Plaintiff Kit Mason ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings this Class Action Petition against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Casey's" or "Defendant"), for its practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.  Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel and as to all other matters, upon information and belief. Plaintiff's allegations are plausible and will substantiated after a reasonable opportunity for discovery.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is an individual who at all material times resided in Allerton, Wayne County, Iowa.

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

3.     Defendant Casey's Retail Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

4.     Defendant Casey's General Stores, Inc. is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

5.     Defendant Casey's Marketing Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

6.     Plaintiff's and the putative Class Members' damages in the above-captioned matter exceed the amount necessary to maintain this action in the Iowa District Court for Polk County and exceed the jurisdictional requirements set forth in the Iowa Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

7.     Defendant operates a chain of convenience stores primarily in the Midwest, with more than 2,500 stores in sixteen states.

8.     On July 10, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Humeston, Iowa advertised in-store as follows:



9.    His receipt from the subject transaction is as follows:

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25   11:40:58
Reg:1 Cashier:MARY
Receipt   1156249
Type SALE
------------------------------------
 1 Four Loko USA 24oz          3.50
 1 Beer Deposit Single         0.05
 1 Four Loko USA 24oz          3.50
 1 Beer Deposit Single         0.05
------------------------------------
SubTotal                       7.10
State Tax                      0.42
Local/City Tax                 0.07
Total                          7.59
------------------------------------
Received
  MasterCard                   7.59
  MasterCard
```

10.    Plaintiff did not receive the advertised discount for his purchase and was harmed as a result.

3

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

11.    Also on July 20, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Corydon, Iowa advertised in-store as follows:



12.    His receipt from the subject transaction is as follows:

```
Casey's# 4294
200 EAST JEFFERSON ST
CORYDON, IA 50060
Register 2

7/10/25    10:49:00
Reg:2 Cashier:MELISSA
Receipt    2296895
Type SALE
------------------------------------
 1 Smirnoff Smash Red W        3.50
 1 Beer Deposit Single         0.05
 1 Smirnoff Smash Red W        3.50
 1 Beer Deposit Single         0.05
------------------------------------
SubTotal                       7.10
State Tax                      0.42
Local/City Tax                 0.07
Total                          7.59
------------------------------------
Received
  MasterCard                   7.59
 MasterCard
```

13.    Plaintiff did not receive the advertised discount for his purchase and was harmed as a result.

14.    Further investigation showed similar advertised discounts at various of Defendant's stores in Iowa and Nebraska that were not applied at the point of sale.  For example:

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
8/5/25     14:03:01
Reg:3 Cashier:IRA
Receipt    3466415
Type SALE

1 Redds Wicked Apple 2          3.50
1 Beer Deposit Single           0.05
1 Redds Wicked Apple 2          3.50
1 Beer Deposit Single           0.05

SubTotal                        7.10
State Tax                       0.42
Local/City Tax                  0.07
Total                           7.59

Received
  Debit                         7.59
  Debit
```

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
8/4/25     14:13:42
Reg:1 Cashier:CORY
Receipt    1562880
Type SALE
-------------------------------------
1 Four Loko USA 24oz          3.50
1 Beer Deposit Single         0.05
1 Four Loko Warheads 2        3.50
1 Beer Deposit Single         0.05
-------------------------------------
SubTotal                      7.10
State Tax                     0.42
Local/City Tax                0.07
Total                         7.59
-------------------------------------
Received
  American Express            7.59
```

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
1 Club Tails Margarita        3.00
1 Beer Deposit Single         0.05
1 Club Tails Sex On Th        3.00
1 Beer Deposit Single         0.05
1 Club Tails Bahama Ma        3.49
1 Beer Deposit Single         0.05
1 Blue Moon Belgian Wh        3.50
1 Beer Deposit Single         0.05
1 Four Loko USA 24oz          3.50
1 Beer Deposit Single         0.05

SubTotal                     16.74
State Tax                     0.99
Local/City Tax                0.16
Total                        17.89

Received
  American Express           17.89
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT





```
1 Blue Moon Belgian Wh        4.29
1 Leinenkugel Summer S        4.29
1 Kona Big Wave 25oz C        3.25
1 Golden Road Mango Ca        3.25
1 Blue Diamond Blueber        1.99

SubTotal                     17.07
State Tax                     0.83
Local/City Tax                0.30
Total                        18.20

Received
  MasterCard                 18.20
```




```
8/15/25   10:50:24
Reg:1 Cashier:JAMES
Receipt   1538693
Type SALE
-----------------------------------
 1 Caseys New Orleans K        1.50
 1 Caseys New Orleans K        1.50
 1 Caseys Chocolate Cov        2.50
 1 Caseys Chocolate Cov        2.50
 1 Nerds Clusters Very         5.99
 1 Nerds Clusters Very         5.99
 1 Reeses Peanut Butter        3.19
 1 Reeses Peanut Butter        1.00
 4 Sierra Nevada Hazy L        3.50
 4 Beer Deposit Single         0.05
-----------------------------------
SubTotal                      38.37
State Tax                      2.11
Local/City Tax                 0.35
Total                         40.83
-----------------------------------
Received
 Debit                        40.83
```

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Casey's# 3244
3750 111TH ST
URBANDALE, IA 50322
Register 1

8/19/25    18:17:32
Reg:1 Cashier:TRACI
Receipt    1330330
Type SALE
-------------------------------
2 Blue Moon Belgian Wh        3.50
2 Beer Deposit Single         0.05
1 Blue Moon Belgian Wh        4.29
1 Beer Deposit Single         0.05
-------------------------------
SubTotal                     11.44
State Tax                     0.68
Local/City Tax                0.11
Total                        12.23
-------------------------------
Received
  Debit                      12.23
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022003244
Terminal : 00S99004
DeviceID : 1
Approval : 391893
Date/Time: 2025/08/19 18:17:29
Batch    : 20250819929
```

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Casey's# 2297
108 8TH ST
WEST DES MOINES, IA 50265
Register 1

8/19/25   17:43:35
Reg:1 Cashier:LEWIS
Receipt   1385666
Type SALE
-------------------------------------
 1 Club Tails Sex On Th         3.00
 1 Beer Deposit Single          0.05
 1 Club Tails Bahama Ma         3.00
 1 Beer Deposit Single          0.05
 1 Club Tails Bahama Ma         3.49
 1 Beer Deposit Single          0.05
 1 Blue Moon Belgian Wh         3.50
 1 Beer Deposit Single          0.05
 1 Blue Moon Belgian Wh         3.50
 1 Beer Deposit Single          0.05
 1 Blue Moon Belgian Wh   VOID
 1 Beer Deposit Single    VOID
-------------------------------------
SubTotal                       16.74
State Tax                       0.99
Local/City Tax                  0.16
Total                          17.89
-------------------------------------
Received
  Debit                        17.89
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022002297
Terminal : 00999004
DeviceID : 1
```

13

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

15.    Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise.

16.    None of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on.

17.    The advertisements expressly state that rebates will be given at the register.

18.    Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin.

19.    Defendant's competitor stores have similar advertised discounts on merchandise but provide the advertised discounts to all customers.  For example, at Competitor 1:

| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRV LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|---|---|---|
|  | Tax | $0.58 |
|  | Total | $9.14 |

|  | American Express: | $9.14 |
|---|---|---|
|  | Change | $0.00 |



| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRV LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|---|---|---|
|  | Tax | $0.58 |
|  | Total | $9.14 |

|  | American Express: | $9.14 |
|---|---|---|
|  | Change | $0.00 |



E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Store #1056    8/19/2025    7:19:11 PM
Register # 2  Trans #  3009020

Tax Description        Qty   Amount

T  BIG BUDDY FTN              $1.59
T  BUSCH LT 25OZ CN      2    $5.98
   BEER DEPOSIT EA       1    $0.10
T  REESES PNTBTR CUP BIG KN   $3.99
   MM 4843 BUSCH 25OZ 2 FOR  -$2.00
                            --------
              Sub Total      $9.66
                   Tax       $0.67
                 Total      $10.33
                            --------
               Debit:      $10.33
               Change       $0.00

Debit
Card Num ; (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001056306
Approval : 059563
Trace Number; 27743

Sale

USD$ 10.33
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXX
TSI: 0000
ARC: 00
ARQC: 98F82CEDCR8BD231
```

16

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Store #1050      8/19/2025     6:24:23 PM
Register # 4  Trans #  2593119

Tax Description            Qty    Amount

T  REDDS WICKED 24OZ CN      2     $7.38
   BEER DEPOSIT EA           1     $0.10
   9521-SIMPLY REDDS WICKED       -$3.00

               Sub Total          $4.48
                     Tax          $0.30
                   Total          $4.78

               Debit:             $4.78
               Change             $0.00

Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001050606
Approval : 824989
Trace Number: 948599

Sale

USD$ 4.78
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000
```

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

20.   And, at Competitor 2:

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT



```
Dealer#
8/19/2025              6:03:56 PM
515-225-0607


Description      Qty    Price     Amount
REDDS WCKD APL     2     4.39       8.78
  BEER DEP SINGL   1     0.10
BUSCH LT 250Z C    2     3.59       7.18
  BEER DEP SINGL   1     0.10
$2 OFF BUSCH FAM 250               -$2.00
$3 OFF 2 SIMPLY/TOPO               -$3.00
     You Saved                     -$5.00
          Sub Total                11.16
     Wireless Fee                  $0.00
          Tax                       0.77
          Total                   $11.93
SALE
                      Visa:       $11.93
Change                            $0.00


SALE
Visa
Card Num : (R) XXXXXXXXXXXXX4913
Contactless
```

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action pursuant to Iowa Rules of Civil Procedure 1.261

*et. seq.* on behalf of himself and the following classes of consumers:

> All persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount who did not receive the discount at the point of sale (the "Nationwide Class")

> All citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount who did not receive the discount at the point of sale (the "Iowa Class" and, with the Nationwide Class, the "Classes")

22.     Excluded from the Class are the Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

23.     This action is brought and may be properly maintained as a class action.  The members of the Classes are easily ascertainable from Defendant's records.

24.     *Numerosity.*  The Classes are so numerous that joinder of all members is impracticable.  While the exact number of absent Class members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery and Plaintiff is informed and believe, based upon the nature of trade and commerce involved that the proposed Classes may include hundreds or thousands of members, thus satisfying the requirement of Rule 1.261(1).

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

25.    The members in the proposed Classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class members in a single action will provide substantial benefits to the parties and Court.

26.    *Questions of law and fact common* to Plaintiff and the Classes include, but are not limited to, the following:

    (a)    Whether Defendant's in-store advertisements were false, deceptive, and/or misleading;

    (b)    Whether Defendant had knowledge that its advertisements were false, deceptive, and/or misleading;

    (c)    Whether Defendant continued to disseminate its representations knowing they were false, deceptive, and/or misleading;

    (d)    Whether Defendant's misrepresentations were likely to deceive a reasonable consumer;

    (e)    Whether Defendant's conduct violated Iowa law, including Iowa Code Chapter 714H; and

    (f)    whether Plaintiff and the members of the Classes are entitled to damages as a result of Defendant's conduct.

27.    *Fair and Efficient Adjudication of a Controversy.*  A class action satisfies the requirement of Rules 1.262(2)(b), because a class action will permit the fair and efficient adjudication of the controversy.  Plaintiff satisfies the criteria enumerated in Rule 1.263 for determining this issue, inter alia as follows:

    a. First, joint and common interests exist among members of the Classes because Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Classes.  Identical statutory violations and

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

business practices and harms are involved.  Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action. Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct and they were all mislead by Defendant's advertising and all overpaid for merchandise at Defendant's stores. Moreover, the prosecution of separate actions by members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant per Rule 1.263(1)(b). Finally, the common questions predominate over any individual questions per the criteria in Rule 1.263(1)(e).

b. Moreover, absent a class action, most members of the Classes would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law in satisfaction of the criteria in Rule 1.263(1)(f),(g),(m).  Absent a class action, members of the Classes will continue to suffer harm and Defendant's misconduct will proceed without remedy.

c. There are no unusual management difficulties that would preclude class treatment.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

conserves the resources of the courts and the litigants, and promotes

consistency and efficiency of adjudication

d. Finally, there are no other known actions brought by the proposed members

of the Classes that are not representative parties and thus they have no

apparent substantial interest in individually controlling the prosecution of a

separate action.

28.    *Adequate Representation.*  In accordance with Rule 1.262(2)(c) and 1.263(2),

Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained

counsel with substantial experience in consumer class actions and complex litigation.

Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of

the Classes, and have the financial resources to do so.  Moreover, neither Plaintiff nor their

counsel have any interests adverse to those of the members of the Classes.

29.    Class treatment is superior to other options for resolution of the controversy

because the relief sought for each member of the Classes is small such that, absent

representative litigation, it would be infeasible for members of the Classes to redress the

wrongs done to them.

30.    As a result of the foregoing, class treatment is appropriate.

## CLAIMS FOR RELIEF

## COUNT I: FRAUD BY OMISSION

31.    Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

32.     Defendant offered advertised discounts on merchandise that were not applied at the point of sale.

33.     Reasonable consumers would have considered the advertised discounts to be important in making their purchases.

34.     Plaintiff and the members of the Classes justifiably relied on Defendant's advertised discounts to their financial detriment.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes suffered actual damages.

36.     Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT II: UNJUST ENRICHMENT

37.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

38.     Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the misleadingly-advertised merchandise. Defendant knowingly and willingly accepted and enjoyed these benefits.

39.     Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied.  As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

40.    Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

41.    Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant plus interest thereon.

42.    Plaintiff and the members of the Classes seek restitution, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT III: FRAUDULENT MISREPRESENTATION

43.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

44.    Defendants falsely represented to Plaintiff and the members of the Classes that their purchases would be subject to the advertised discounts.

45.    Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise.

46.    Defendant knew that its advertisements were false.  Nevertheless, Defendant allowed its advertisements to intentionally mislead consumers, such as Plaintiff and the members of the Classes.

47.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment.  Given the deceptive manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

48.     As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

49.     Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT IV

**Negligent Misrepresentation Against Defendants on Behalf of the Class**

50.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51.     Defendant had a duty to Plaintiff and the members of the Classes to exercise reasonable and ordinary care in the advertising of its merchandise.

52.     Defendant breached its duty to Plaintiff and the members of the Classes by advertising certain discounts but not applying those discounts at the point of sale.

53.     Defendant knew or should have known that its advertisements were misleading to reasonable consumers.

54.     Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment. Given the negligent manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

55.     As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

56.     Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

## COUNT VII: VIOLATION OF IOWA CODE CHAPTER 714H

57.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

58.     Plaintiff is a resident of the State of Iowa.

59.     Defendant is a "person" within the meaning of Iowa Code § 714.16(j).

60.     The advertised merchandise is "merchandise" within the meaning of Iowa Code § 714.16(i).

61.     There was a sale of merchandise from Defendant to Plaintiff and members of the Classes.

62.     Defendant's deceptive advertising to Plaintiff and the members of the Classes constitute unfair and deceptive acts and practices under Iowa law.

63.     Pursuant to Iowa law, Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the advertising and sale of its merchandise.

64.     Defendant violated this statutory prohibition against engaging in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of the merchandise.  Iowa Code § 714H.3.

65.     Specifically, Defendant advertised certain discounts on merchandise but did not apply those discounts at the point of sale.

E-FILED 2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

66.    A reasonable consumer would have considered Defendant's advertisements material in deciding whether to purchase the merchandise.

67.    Defendant intended for Plaintiff and the members of the Classes to rely on its advertising.

68.    Plaintiff and the members of the Class were actually deceived by Defendant's advertisements.

69.    Defendant's conduct with respect to its advertisements was unfair because it was substantially injurious to consumers, not outweighed by the benefits to consumers, and could not have been reasonably avoided by consumers.

70.    Plaintiff and the members of the Classes were unaware of, and did not have reasonable means of discovering, the material facts that Defendant had misrepresented and failed to disclose.

71.    As a direct and proximate result of Defendant's unfair and deceptive conduct, Plaintiff and the members of the Classes sustained damages.

72.    Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the advertised merchandise.  Defendant knowingly and willingly accepted and enjoyed these benefits.

73.    Pursuant to Iowa Code § 714H.5, Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's violations of the Iowa Consumer Frauds Act.

74.    As required by Iowa law, the Iowa Attorney General has approved this suit as a class action.

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as to each and every count, including:

A.      An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Classes, and requiring Defendant to bear the costs of class notice;

B.      An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of Iowa law, plus pre- and post-judgment interest thereon;

C.      An order requiring Defendant to disgorge or return all monies, revenues, profits, and taxes obtained by means of any wrongful or unlawful act or practice;

D.      An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

E.      An order awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiff and the members of the Classes; and

F.      An order providing for all other equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,


/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email: goplerud@sagwlaw.com


/s/ Brian O. Marty
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASSES***

*Pro hac vice forthcoming

30

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | CASE NO. _____ |
| Plaintiff, | |
| | ORIGINAL NOTICE |
| v. | |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | |
| Defendant. | |

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are J. Barton Goplerud and Brian O. Marty of the law firm of Shindler, Anderson, Goplerud & Weese, P.C., whose address is 5015 Grand Ridge Drive #100, West Des Moines, Iowa 50265, whose phone number is 515-223-4567, and whose fax number is 515-223-8887.

Iowa is a state which utilizes electronic filing in all counties. General rules and information on electronic filing are contained Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI. You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements. If you do not file your appearance, motion to answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the Petition.

CLERK OF COURT
500 Mulberry Street, Room 212
Des Moines, IA  50309

*NOTE: The attorney who is expected to represent the Defendant(s) should be promptly advised by Defendant(s) of this Original Notice.*

1

E-FILED  2025 AUG 28 9:28 AM POLK - CLERK OF DISTRICT COURT

*If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your District ADA Coordinator at 515-561-5818.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).*

E-FILED  2025 AUG 28 11:45 AM POLK - CLERK OF DISTRICT COURT

## Iowa Judicial Branch

Case No.    **CVCV069792**
County    **Polk**

*Case Title*    KIT MASON VS CASEYS GENERAL STORES ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **08/28/2025 11:45:02 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk          County
**/s/ Andrea Hernandez**

 **Computershare**

**Computershare Entity Solutions, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

September 10, 2025

Casey's General Stores, Inc.
Lindsey Corbin
Casey's Retail Company
One S.E. Convenience Blvd.
Ankeny IA 50021

# SERVICE OF PROCESS NOTICE

Item: 2025-1791

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Casey's General Stores, Inc. |
| 2. | **Title of Action:** | Kit Mason, individually and on behalf of a class of similarly situated individuals vs. Casey's Retail Company, et al. |
| 3. | **Document(s) Served:** | Original Notice<br>Class Action Petition And Jury Demand |
| 4. | **Court/Agency:** | Polk County District Court |
| 5. | **State Served:** | Iowa |
| 6. | **Case Number:** | N/A |
| 7. | **Case Type:** | Fraud |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 09/09/2025 |
| 10. | **Date to Client:** | Wednesday 09/10/2025 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Monday 09/29/2025 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | J. Barton Goplerud<br>West Des Moines, IA<br>515-223-4567 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 161 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>           Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>           Defendant. | CASE NO. _____<br><br><br>ORIGINAL NOTICE |

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are J. Barton Goplerud and Brian O. Marty of the law firm of Shindler, Anderson, Goplerud & Weese, P.C., whose address is 5015 Grand Ridge Drive #100, West Des Moines, Iowa 50265, whose phone number is 515-223-4567, and whose fax number is 515-223-8887.

Iowa is a state which utilizes electronic filing in all counties. General rules and information on electronic filing are contained Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI. You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements. If you do not file your appearance, motion to answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the Petition.

CLERK OF COURT
500 Mulberry Street, Room 212
Des Moines, IA  50309

*NOTE: The attorney who is expected to represent the Defendant(s) should be promptly advised by Defendant(s) of this Original Notice.*

1

*If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your District ADA Coordinator at 515-561-5818.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).*

# Iowa Judicial Branch

*Case No.* **CVCV069792**

*County* **Polk**

*Case Title*   KIT MASON VS CASEYS GENERAL STORES ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **08/28/2025 11:45:02 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk       *County*
**/s/ Andrea Hernandez**

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | **CASE NO. _____** |
| Plaintiff, | |
| v. | **CLASS ACTION PETITION AND JURY DEMAND** |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | |
| Defendant. | |

1.      Plaintiff Kit Mason ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings this Class Action Petition against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Casey's" or "Defendant"), for its practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.  Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel and as to all other matters, upon information and belief. Plaintiff's allegations are plausible and will substantiated after a reasonable opportunity for discovery.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an individual who at all material times resided in Allerton, Wayne County, Iowa.

3.      Defendant Casey's Retail Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

4.      Defendant Casey's General Stores, Inc. is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

5.      Defendant Casey's Marketing Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

6.      Plaintiff's and the putative Class Members' damages in the above-captioned matter exceed the amount necessary to maintain this action in the Iowa District Court for Polk County and exceed the jurisdictional requirements set forth in the Iowa Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

7.      Defendant operates a chain of convenience stores primarily in the Midwest, with more than 2,500 stores in sixteen states.

8.      On July 10, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Humeston, Iowa advertised in-store as follows:



9.    His receipt from the subject transaction is as follows:

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25    11:40:58
Reg:1 Cashier:MARY
Receipt    1156249
Type SALE
--------------------------------------
  1 Four Loko USA 24oz          3.50
  1 Beer Deposit Single         0.05
  1 Four Loko USA 24oz          3.50
  1 Beer Deposit Single         0.05
--------------------------------------
SubTotal                        7.10
State Tax                       0.42
Local/City Tax                  0.07
Total                           7.59
--------------------------------------
Received
  MasterCard                    7.59
  MasterCard
```

10.    Plaintiff did not receive the advertised discount for his purchase and was

harmed as a result.

3

11.    Also on July 20, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Corydon, Iowa advertised in-store as follows:



12.    His receipt from the subject transaction is as follows:

```
Casey's# 4294
200 EAST JEFFERSON ST
CORYDON, IA 50060
Register 2

7/10/25   10:49:00
Reg:2 Cashier:MELISSA
Receipt    2296895
Type SALE
--------------------------------------
  1 Smirnoff Smash Red W        3.50
  1 Beer Deposit Single         0.05
  1 Smirnoff Smash Red W        3.50
  1 Beer Deposit Single         0.05
--------------------------------------
SubTotal                        7.10
State Tax                       0.42
Local/City Tax                  0.07
Total                           7.59
--------------------------------------
Received
   MasterCard                   7.59
   MasterCard
```

4

13.    Plaintiff did not receive the advertised discount for his purchase and was harmed as a result.

14.    Further investigation showed similar advertised discounts at various of Defendant's stores in Iowa and Nebraska that were not applied at the point of sale. For example:



| 1 Smirnoff Ice Pink Le | 2.50 |
| 1 Wine/Hard Liq Deposi | 0.05 |
| 1 Smirnoff Ice Pink Le | 2.50 |
| 1 Wine/Hard Liq Deposi | 0.05 |
| 1 Blue Moon Belgian Wh | 4.29 |
| 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| SubTotal | 16.54 |
| State Tax | 0.98 |
| Local/City Tax | 0.16 |
| Total | 17.68 |
| Received | |
| American Express | 17.68 |

| 1 Club Tails Margarita | 3.00 |
| 1 Beer Deposit Single | 0.05 |
| 1 Club Tails Sex On Th | 3.00 |
| 1 Beer Deposit Single | 0.05 |
| 1 Club Tails Bahama Ma | 3.49 |
| 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| 1 Four Loko USA 24oz | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| SubTotal | 16.74 |
| State Tax | 0.99 |
| Local/City Tax | 0.16 |
| Total | 17.89 |
| Received | |
| American Express | 17.89 |



```
8/5/25      14:03:01
Reg:3 Cashier:IRA
Receipt    3466415
Type SALE
----------------------------------------
 1 Redds Wicked Apple 2          3.50
 1 Beer Deposit Single           0.05
 1 Redds Wicked Apple 2          3.50
 1 Beer Deposit Single           0.05
----------------------------------------
SubTotal                         7.10
State Tax                        0.42
Local/City Tax                   0.07
Total                            7.59
----------------------------------------
Received
  Debit                          7.59
  Debit
```



**23.5oz CANS**

**2/$4.00**

FOUR LOKO (ANY VARIETY)
AFTER INSTANT REBATE
DISCOUNT AUTOMATICALLY
GIVEN AT REGISTER
OFFER VALID 7/1/25 - 9/1/25

```
8/4/25     14:13:42
Reg:1 Cashier:CORY
Receipt    1562880
Type SALE
------------------------------------
1 Four Loko USA 24oz            3.50
1 Beer Deposit Single           0.05
1 Four Loko Warheads 2          3.50
1 Beer Deposit Single           0.05
------------------------------------
SubTotal                        7.10
State Tax                       0.42
Local/City Tax                  0.07
Total                           7.59
------------------------------------
Received
  American Express              7.59
```



```
1 Club Tails Margarita         3.00
1 Beer Deposit Single          0.05
1 Club Tails Sex On Th         3.00
1 Beer Deposit Single          0.05
1 Club Tails Bahama Ma         3.49
1 Beer Deposit Single          0.05
1 Blue Moon Belgian Wh         3.50
1 Beer Deposit Single          0.05
1 Four Loko USA 24oz           3.50
1 Beer Deposit Single          0.05
---------------------------------------
SubTotal                      16.74
State Tax                      0.99
Local/City Tax                 0.16
Total                         17.89
---------------------------------------
Received
  American Express            17.89
```

8



8/15/25    10:50:24
Reg:1 Cashier:JAMES
Receipt    1538693
Type SALE
```
 1 Caseys New Orleans K          1.50
 1 Caseys New Orleans K          1.50
 1 Caseys Chocolate Cov          2.50
 1 Caseys Chocolate Cov          2.50
 1 Nerds Clusters Very           5.99
 1 Nerds Clusters Very           5.99
 1 Reeses Peanut Butter          3.19
 1 Reeses Peanut Butter          1.00
 4 Sierra Nevada Hazy L          3.50
 4 Beer Deposit Single           0.05
```
```
SubTotal                        38.37
State Tax                        2.11
Local/City Tax                   0.35
Total                           40.83
```
```
Received
  Debit                         40.83
  Debit
```



```
1 Blue Moon Belgian Wh              4.29
1 Leinenkugel Summer S              4.29
1 Kona Big Wave 25oz C              3.25
1 Golden Road Mango Ca             3.25
1 Blue Diamond Blueber             1.99
----------------------------------------
                                   17.07
SubTotal                            0.83
State Tax                           0.30
Local/City Tax                     18.20
Total
----------------------------------------
Received
  MasterCard                       18.20
```




```
8/15/25    10:50:24
Reg:1 Cashier:JAMES
Receipt    1538693
Type SALE
----------------------------------
 1 Caseys New Orleans K        1.50
 1 Caseys New Orleans K        1.50
 1 Caseys Chocolate Cov        2.50
 1 Casays Chocolate Cov        2.50
 1 Nerds Clusters Very         5.99
 1 Nerds Clusters Very         5.99
 1 Reeses Peanut Butter        3.19
 1 Reeses Peanut Butter        1.00
 4 Sierra Nevada Hazy L.       3.50
 4 Beer Deposit Single         0.05
----------------------------------
SubTotal                      38.37
State Tax                      2.11
Local/City Tax                 0.35
Total                         40.83
----------------------------------
Received
 Debit                        40.83
```



```
Casey's# 3244
3750 111TH ST
URBANDALE, IA 50322
Register 1

8/19/25    18:17:32
Reg:1 Cashier:TRACI
Receipt   1330330
Type SALE
-----------------------------------
   2 Blue Moon Belgian Wh      3.50
   2 Beer Deposit Single       0.05
   1 Blue Moon Belgian Wh      4.29
   1 Beer Deposit Single       0.05
-----------------------------------
SubTotal                      11.44
State Tax                      0.68
Local/City Tax                 0.11
Total                         12.23
-----------------------------------
Received
  Debit                       12.23
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022003244
Terminal : 00999004
DeviceID : 1
Approval : 391893
Date/Time: 2025/08/19 18:17:29
Batch    : 20250819929
```



Casey's# 2297
108 8TH ST
WEST DES MOINES, IA 50265
Register 1

8/19/25    17:43:35
Reg:1 Cashier:LEWIS
Receipt    1385666
Type SALE
--------------------------------
1 Club Tails Sex On Th          3.00
1 Beer Deposit Single           0.05
1 Club Tails Bahama Ma          3.00
1 Beer Deposit Single           0.05
1 Club Tails Bahama Ma          3.49
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh          3.50
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh          3.50
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh   VOID
1 Beer Deposit Single    VOID
--------------------------------
SubTotal                       16.74
State Tax                       0.99
Local/City Tax                  0.16
Total                          17.89
--------------------------------
Received
  Debit                        17.89
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022002297
Terminal : 00999004
DeviceID : 1

13

15.    Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise.

16.    None of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on.

17.    The advertisements expressly state that rebates will be given at the register.

18.    Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin.

19.    Defendant's competitor stores have similar advertised discounts on merchandise but provide the advertised discounts to all customers.  For example, at Competitor 1:

14

| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRY LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|---|---|---|
|  | Tax | $0.58 |
|  | Total | $9.14 |

| American Express: | $9.14 |
|---|---|
| Change | $0.00 |



| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRY LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|---|---|---|
|  | Tax | $0.58 |
|  | Total | $9.14 |

| American Express: | $9.14 |
|---|---|
| Change | $0.00 |





```
--------------------------------------
Store #1056    8/19/2025    7:19:11 PM
Register # 2  Trans #  3009020
--------------------------------------
Tax Description           Qty   Amount
---  ----------------      ---   ------
T  BIG BUDDY FTN                 $1.59
T  BUSCH LT 25OZ CN         2    $5.98
   BEER DEPOSIT EA          1    $0.10
T  REESES PNTBTR CUP BIG KN      $3.99
   MM 4843 BUSCH 25OZ 2 FOR     -$2.00
                              ----------
                Sub Total       $9.66
                      Tax       $0.67
                    Total      $10.33
                              ----------
                   Debit:      $10.33
                   Change       $0.00

Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001056306
Approval : 059563
Trace Number: 27743

Sale

USD$ 10.33
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000
ARC: 00
ARQC: 98F82CEDCR8BD231
```

16



Store #1050      8/19/2025      6:24:23 PM
Register # 4  Trans #  2593119

| Tax Description | Qty | Amount |
| --- | --- | --- |
| T  REDDS WICKED 24OZ CN | 2 | $7.38 |
| BEER DEPOSIT EA | 1 | $0.10 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |

|  | Sub Total | $4.48 |
| --- | --- | --- |
|  | Tax | $0.30 |
|  | Total | $4.78 |
|  | Debit: | $4.78 |
|  | Change | $0.00 |

Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001050606
Approval : 824989
Trace Number: 948599

Sale

USD$ 4.78
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000

17

20. And, at Competitor 2:

| Description | Qty | Price | Amount |
|---|---|---|---|
| REDDS WCKD APL | 2 | 4.39 | 8.78 |
| BEER DEP SINGL | 1 | 0.10 | |
| BUSCH LT 250Z C | 2 | 3.59 | 7.18 |
| BEER DEP SINGL | 1 | 0.10 | |
| $2 OFF BUSCH FAM 250 | | | -$2.00 |
| $3 OFF 2 SIMPLY/TOPO | | | -$3.00 |
| You Saved | | | -$5.00 |
| Sub Total | | | 11.16 |
| Wireless Fee | | | $0.00 |
| Tax | | | 0.77 |
| Total | | | $11.93 |

SALE

American Express: $11.93

Change $0.00

| Description | Qty | Price | Amount |
|---|---|---|---|
| REDDS WCKD APL | 2 | 4.39 | 8.78 |
| BEER DEP SINGL | 1 | 0.10 | |
| BUSCH LT 250Z C | 2 | 3.59 | 7.18 |
| BEER DEP SINGL | 1 | 0.10 | |
| $2 OFF BUSCH FAM 250 | | | -$2.00 |
| $3 OFF 2 SIMPLY/TOPO | | | -$3.00 |
| You Saved | | | -$5.00 |
| Sub Total | | | 11.16 |
| Wireless Fee | | | $0.00 |
| Tax | | | 0.77 |
| Total | | | $11.93 |

SALE

American Express: $11.93

Change $0.00







```
Dealer#
8/19/2025          6:03:56 PM
515-225-0607

Description      Qty   Price    Amount
REDDS WCXD APL    2    4.39      8.78
 BEER DEP SINGL   1    0.10
BUSCH LT 25OZ C   2    3.59      7.18
 BEER DEP SINGL   1    0.10
$2 OFF BUSCH FAM 250           -$2.00
$3 OFF 2 SIMPLY/TOPO           -$3.00
      You Saved                -$5.00
         Sub Total             11.16
       Wireless Fee            $0.00
            Tax                 0.77
          Total              $11.93
SALE
                      Visa:   $11.93
Change                         $0.00

SALE
Visa
Card Num : (R) XXXXXXXXXXXX4913
Contactless
```

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action pursuant to Iowa Rules of Civil Procedure 1.261

*et. seq.* on behalf of himself and the following classes of consumers:

> All persons who, from August 28, 2023 to the present, purchased
> merchandise from one of Defendant's stores subject to an advertised discount
> who did not receive the discount at the point of sale (the "Nationwide Class")

> All citizens of the State of Iowa who, from August 28, 2023 to the present,
> purchased merchandise from one of Defendant's stores in Iowa subject to an
> advertised discount who did not receive the discount at the point of sale (the
> "Iowa Class" and, with the Nationwide Class, the "Classes")

22.     Excluded from the Class are the Defendant, any parent companies,

subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-

conspirators, all governmental entities, and any judge, justice, or judicial officer presiding

over this matter.

23.     This action is brought and may be properly maintained as a class action. The

members of the Classes are easily ascertainable from Defendant's records.

24.     *Numerosity.* The Classes are so numerous that joinder of all members is

impracticable. While the exact number of absent Class members is unknown to Plaintiff

at this time, it is ascertainable by appropriate discovery and Plaintiff is informed and

believe, based upon the nature of trade and commerce involved that the proposed Classes

may include hundreds or thousands of members, thus satisfying the requirement of Rule

1.261(1).

25.    The members in the proposed Classes are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class members in a single action will provide substantial benefits to the parties and Court.

26.    *Questions of law and fact common* to Plaintiff and the Classes include, but are not limited to, the following:

      (a)    Whether Defendant's in-store advertisements were false, deceptive, and/or misleading;

      (b)    Whether Defendant had knowledge that its advertisements were false, deceptive, and/or misleading;

      (c)    Whether Defendant continued to disseminate its representations knowing they were false, deceptive, and/or misleading;

      (d)    Whether Defendant's misrepresentations were likely to deceive a reasonable consumer;

      (e)    Whether Defendant's conduct violated Iowa law, including Iowa Code Chapter 714H; and

      (f)    whether Plaintiff and the members of the Classes are entitled to damages as a result of Defendant's conduct.

27.    *Fair and Efficient Adjudication of a Controversy.* A class action satisfies the requirement of Rules 1.262(2)(b), because a class action will permit the fair and efficient adjudication of the controversy. Plaintiff satisfies the criteria enumerated in Rule 1.263 for determining this issue, inter alia as follows:

      a. First, joint and common interests exist among members of the Classes because Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Classes. Identical statutory violations and

21

business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action. Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct and they were all mislead by Defendant's advertising and all overpaid for merchandise at Defendant's stores. Moreover, the prosecution of separate actions by members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant per Rule 1.263(1)(b). Finally, the common questions predominate over any individual questions per the criteria in Rule 1.263(1)(e).

b. Moreover, absent a class action, most members of the Classes would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law in satisfaction of the criteria in Rule 1.263(1)(f),(g),(m). Absent a class action, members of the Classes will continue to suffer harm and Defendant's misconduct will proceed without remedy.

c. There are no unusual management difficulties that would preclude class treatment. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it

conserves the resources of the courts and the litigants, and promotes

consistency and efficiency of adjudication

d. Finally, there are no other known actions brought by the proposed members

of the Classes that are not representative parties and thus they have no

apparent substantial interest in individually controlling the prosecution of a

separate action.

28.    *Adequate Representation.*  In accordance with Rule 1.262(2)(c) and 1.263(2),

Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained

counsel with substantial experience in consumer class actions and complex litigation.

Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of

the Classes, and have the financial resources to do so.  Moreover, neither Plaintiff nor their

counsel have any interests adverse to those of the members of the Classes.

29.    Class treatment is superior to other options for resolution of the controversy

because the relief sought for each member of the Classes is small such that, absent

representative litigation, it would be infeasible for members of the Classes to redress the

wrongs done to them.

30.    As a result of the foregoing, class treatment is appropriate.

## CLAIMS FOR RELIEF

## COUNT I: FRAUD BY OMISSION

31.    Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

32.    Defendant offered advertised discounts on merchandise that were not applied at the point of sale.

33.    Reasonable consumers would have considered the advertised discounts to be important in making their purchases.

34.    Plaintiff and the members of the Classes justifiably relied on Defendant's advertised discounts to their financial detriment.

35.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes suffered actual damages.

36.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT II: UNJUST ENRICHMENT

37.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

38.    Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the misleadingly-advertised merchandise. Defendant knowingly and willingly accepted and enjoyed these benefits.

39.    Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied.  As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

40.    Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

41.    Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant plus interest thereon.

42.    Plaintiff and the members of the Classes seek restitution, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT III: FRAUDULENT MISREPRESENTATION

43.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

44.    Defendants falsely represented to Plaintiff and the members of the Classes that their purchases would be subject to the advertised discounts.

45.    Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise.

46.    Defendant knew that its advertisements were false.  Nevertheless, Defendant allowed its advertisements to intentionally mislead consumers, such as Plaintiff and the members of the Classes.

47.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment.  Given the deceptive manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

48. As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

49. Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT IV

### Negligent Misrepresentation Against Defendants on Behalf of the Class

50. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51. Defendant had a duty to Plaintiff and the members of the Classes to exercise reasonable and ordinary care in the advertising of its merchandise.

52. Defendant breached its duty to Plaintiff and the members of the Classes by advertising certain discounts but not applying those discounts at the point of sale.

53. Defendant knew or should have known that its advertisements were misleading to reasonable consumers.

54. Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment. Given the negligent manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

55. As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

56. Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

26

## COUNT VII: VIOLATION OF IOWA CODE CHAPTER
## 714H

57.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

58.    Plaintiff is a resident of the State of Iowa.

59.    Defendant is a "person" within the meaning of Iowa Code § 714.16(j).

60.    The advertised merchandise is "merchandise" within the meaning of Iowa Code § 714.16(i).

61.    There was a sale of merchandise from Defendant to Plaintiff and members of the Classes.

62.    Defendant's deceptive advertising to Plaintiff and the members of the Classes constitute unfair and deceptive acts and practices under Iowa law.

63.    Pursuant to Iowa law, Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the advertising and sale of its merchandise.

64.    Defendant violated this statutory prohibition against engaging in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of the merchandise. Iowa Code § 714H.3.

65.    Specifically, Defendant advertised certain discounts on merchandise but did not apply those discounts at the point of sale.

27

66.     A reasonable consumer would have considered Defendant's advertisements material in deciding whether to purchase the merchandise.

67.     Defendant intended for Plaintiff and the members of the Classes to rely on its advertising.

68.     Plaintiff and the members of the Class were actually deceived by Defendant's advertisements.

69.     Defendant's conduct with respect to its advertisements was unfair because it was substantially injurious to consumers, not outweighed by the benefits to consumers, and could not have been reasonably avoided by consumers.

70.     Plaintiff and the members of the Classes were unaware of, and did not have reasonable means of discovering, the material facts that Defendant had misrepresented and failed to disclose.

71.     As a direct and proximate result of Defendant's unfair and deceptive conduct, Plaintiff and the members of the Classes sustained damages.

72.     Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the advertised merchandise.  Defendant knowingly and willingly accepted and enjoyed these benefits.

73.     Pursuant to Iowa Code § 714H.5, Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's violations of the Iowa Consumer Frauds Act.

74.     As required by Iowa law, the Iowa Attorney General has approved this suit as a class action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as to each and every count, including:

A.      An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Classes, and requiring Defendant to bear the costs of class notice;

B.      An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of Iowa law, plus pre- and post-judgment interest thereon;

C.      An order requiring Defendant to disgorge or return all monies, revenues, profits, and taxes obtained by means of any wrongful or unlawful act or practice;

D.      An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

E.      An order awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiff and the members of the Classes; and

F.      An order providing for all other equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email: goplerud@sagwlaw.com

/s/ Brian O. Marty
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASSES***

*Pro hac vice forthcoming

30

SEP 09 2025



**Computershare Entity Solutions, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

September 10, 2025

Casey's Marketing Company
Lindsey Corbin
Casey's Retail Company
One S.E. Convenience Blvd.
Ankeny IA 50021

# SERVICE OF PROCESS NOTICE

Item: 2025-1790

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Casey's Marketing Company |
| 2. | **Title of Action:** | Kit Mason, individually and on behalf of a class of similarly situated individuals vs. Casey's Retail Company, et al. |
| 3. | **Document(s) Served:** | Original Notice<br>Class Action Petition And Jury Demand |
| 4. | **Court/Agency:** | Polk County District Court |
| 5. | **State Served:** | Iowa |
| 6. | **Case Number:** | N/A |
| 7. | **Case Type:** | Fraud |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 09/09/2025 |
| 10. | **Date to Client:** | Wednesday 09/10/2025 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Monday 09/29/2025 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | J. Barton Goplerud<br>West Des Moines, IA<br>515-223-4567 | |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 161 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>Defendant. | CASE NO. _____<br><br><br>ORIGINAL NOTICE |

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are J. Barton Goplerud and Brian O. Marty of the law firm of Shindler, Anderson, Goplerud & Weese, P.C., whose address is 5015 Grand Ridge Drive #100, West Des Moines, Iowa 50265, whose phone number is 515-223-4567, and whose fax number is 515-223-8887.

Iowa is a state which utilizes electronic filing in all counties. General rules and information on electronic filing are contained Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI. You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements. If you do not file your appearance, motion to answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the Petition.

CLERK OF COURT
500 Mulberry Street, Room 212
Des Moines, IA 50309

*NOTE: The attorney who is expected to represent the Defendant(s) should be promptly advised by Defendant(s) of this Original Notice.*

1

*If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your District ADA Coordinator at 515-561-5818. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).*

**Iowa Judicial Branch**

*Case No.* **CVCV069792**

*County* **Polk**

*Case Title* **KIT MASON VS CASEYS GENERAL STORES ET AL**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **08/28/2025 11:45:02 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk          County
**/s/ Andrea Hernandez**

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | **CASE NO. _____** |
| Plaintiff, | |
| v. | **CLASS ACTION PETITION AND JURY DEMAND** |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | |
| Defendant. | |

1.     Plaintiff Kit Mason ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings this Class Action Petition against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Casey's" or "Defendant"), for its practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.  Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel and as to all other matters, upon information and belief. Plaintiff's allegations are plausible and will substantiated after a reasonable opportunity for discovery.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is an individual who at all material times resided in Allerton, Wayne County, Iowa.

3.      Defendant Casey's Retail Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

4.      Defendant Casey's General Stores, Inc. is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

5.      Defendant Casey's Marketing Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

6.      Plaintiff's and the putative Class Members' damages in the above-captioned matter exceed the amount necessary to maintain this action in the Iowa District Court for Polk County and exceed the jurisdictional requirements set forth in the Iowa Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

7.      Defendant operates a chain of convenience stores primarily in the Midwest, with more than 2,500 stores in sixteen states.

8.      On July 10, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Humeston, Iowa advertised in-store as follows:

2



9.    His receipt from the subject transaction is as follows:

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25    11:40:58
Reg:1 Cashier:MARY
Receipt    1156249
Type SALE
--------------------------------
  1 Four Loko USA 24oz        3.50
  1 Beer Deposit Single       0.05
  1 Four Loko USA 24oz        3.50
  1 Beer Deposit Single       0.05
--------------------------------
SubTotal                      7.10
State Tax                     0.42
Local/City Tax                0.07
Total                         7.59
--------------------------------
Received
  MasterCard                  7.59
  MasterCard
```

10.    Plaintiff did not receive the advertised discount for his purchase and was

harmed as a result.

3

11.    Also on July 20, 2025, Plaintiff purchased certain merchandise at

Defendant's convenience store in Corydon, Iowa advertised in-store as follows:



12.    His receipt from the subject transaction is as follows:

```
Casey's# 4294
200 EAST JEFFERSON ST
CORYDON, IA 50060
Register 2

7/10/25    10:49:00
Reg:2 Cashier:MELISSA
Receipt    2296895
Type SALE
-----------------------------------------
 1 Smirnoff Smash Red W          3.50
 1 Beer Deposit Single           0.05
 1 Smirnoff Smash Red W          3.50
 1 Beer Deposit Single           0.05
-----------------------------------------
SubTotal                         7.10
State Tax                        0.42
Local/City Tax                   0.07
Total                            7.59
-----------------------------------------
Received
   MasterCard                    7.59
   MasterCard
```

13.    Plaintiff did not receive the advertised discount for his purchase and was

harmed as a result.

14.    Further investigation showed similar advertised discounts at various of

Defendant's stores in Iowa and Nebraska that were not applied at the point of sale.  For

example:



| | | | | |
|---|---|---|---|---|
| 1 Smirnoff Ice Pink Le | 2.50 | | 1 Club Tails Margarita | 3.00 |
| 1 Wine/Hard Liq Deposi | 0.05 | | 1 Beer Deposit Single | 0.05 |
| 1 Smirnoff Ice Pink Le | 2.50 | | 1 Club Tails Sex On Th | 3.00 |
| 1 Wine/Hard Liq Deposi | 0.05 | | 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 4.29 | | 1 Club Tails Bahama Ma | 3.49 |
| 1 Beer Deposit Single | 0.05 | | 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 | | 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 | | 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 | | 1 Four Loko USA 24oz | 3.50 |
| 1 Beer Deposit Single | 0.05 | | 1 Beer Deposit Single | 0.05 |
| SubTotal | 16.54 | | SubTotal | 16.74 |
| State Tax | 0.98 | | State Tax | 0.99 |
| Local/City Tax | 0.16 | | Local/City Tax | 0.16 |
| Total | 17.68 | | Total | 17.89 |
| Received | | | Received | |
| American Express | 17.68 | | American Express | 17.89 |

5



```
8/5/25        14:03:01
Reg:3 Cashier:IRA
Receipt    3466415
Type SALE
---------------------------------
  1 Redds Wicked Apple 2          3.50
  1 Beer Deposit Single           0.05
  1 Redds Wicked Apple 2          3.50
  1 Beer Deposit Single           0.05
---------------------------------
SubTotal                          7.10
State Tax                         0.42
Local/City Tax                    0.07
Total                             7.59
---------------------------------
Received
  Debit                           7.59
  Debit
```



```
8/4/25      14:13:42
Reg:1 Cashier:CORY
Receipt   1562880
Type SALE
-------------------------------------
 1 Four Loko USA 24oz              3.50
 1 Beer Deposit Single            0.05
 1 Four Loko Warheads 2           3.50
 1 Beer Deposit Single            0.05
-------------------------------------
SubTotal                          7.10
State Tax                         0.42
Local/City Tax                    0.07
Total                             7.59
-------------------------------------
Received
  American Express                7.59
```



```
----------------------------------------
1 Club Tails Margarita              3.00
1 Beer Deposit Single               0.05
1 Club Tails Sex On Th              3.00
1 Beer Deposit Single               0.05
1 Club Tails Bahama Ma              3.49
1 Beer Deposit Single               0.05
1 Blue Moon Belgian Wh              3.50
1 Beer Deposit Single               0.05
1 Four Loko USA 24oz                3.50
1 Beer Deposit Single               0.06
----------------------------------------
SubTotal                           16.74
State Tax                           0.99
Local/City Tax                      0.16
Total                              17.89
----------------------------------------
Received
  American Express                 17.89
```

8



```
8/15/25    10:50:24
Reg:1 Cashier:JAMES
Receipt   1538693  .
Type SALE
------------------------------------
 1 Caseys New Orleans K        1.50
 1 Caseys New Orleans K        1.50
 1 Caseys Chocolate Cov        2.50
 1 Casøys Chocolate Cov        2.50
 1 Nerds Clusters Very         5.99
 1 Nerds Clusters Very         5.99
 1 Reeses Peanut Butter        3.19
 1 Reeses Peanut Butter        1.00
 4 Sierra Nevada Hazy L        3.50
 4 Beer Deposit Single         0.05
------------------------------------
SubTotal                      38.37
State Tax                      2.11
Local/City Tax                 0.35
Total                         40.83
------------------------------------
Received
  Debit                       40.83
  Debit
```

9



```
1 Blue Moon Belgian Wh          4.29
1 Leinenkugel Summer S          4.29
1 Kona Big Wave 25oz C          3.25
1 Golden Road Mango Ca          3.25
1 Blue Diamond Blueber          1.99
-----------------------------------
SubTotal                       17.07
State Tax                       0.83
Local/City Tax                  0.30
Total                          18.20
-----------------------------------
Received
  MasterCard                   18.20
```

10




```
8/15/25    10:50:24
Reg:1 Cashier:JAMES
Receipt    1538693  .
Type SALE
-----------------------------------
 1 Caseys New Orleans K       1.50
 1 Caseys New Orleans K       1.50
 1 Caseys Chocolate Cov       2.50
 1 Caseys Chocolate Cov       2.50
 1 Nerds Clusters Very        5.99
 1 Nerds Clusters Very        5.99
 1 Reeses Peanut Butter       3.19
 1 Reeses Peanut Butter       1.00
 4 Sierra Nevada Hazy L       3.50
 4 Beer Deposit Single        0.05
-----------------------------------
SubTotal                     38.37
State Tax                     2.11
Local/City Tax                0.35
Total                        40.83
-----------------------------------
Received
  Debit                      40.83
```



Casey's# 3244
3750 111TH ST
URBANDALE, IA 50322
Register 1

8/19/25   18:17:32
Reg:1 Cashier:TRACI
Receipt   1330330
Type SALE
--------------------------------------
2 Blue Moon Belgian Wh        3.50
2 Beer Deposit Single         0.05
1 Blue Moon Belgian Wh        4.29
1 Beer Deposit Single         0.05
--------------------------------------
SubTotal                     11.44
State Tax                     0.68
Local/City Tax                0.11
Total                        12.23
--------------------------------------
Received
  Debit                      12.23
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022003244
Terminal : 00999004
DeviceID : 1
Approval : 391893
Date/Time: 2025/08/19 18:17:29
Batch    : 20250819929
--------------------------------------



```
Casey's# 2297
108 8TH ST
WEST DES MOINES, IA 50265
Register 1

8/19/25    17:43:35
Reg:1 Cashier:LEWIS
Receipt    1385666
Type SALE
----------------------------------------
 1 Club Tails Sex On Th          3.00
 1 Beer Deposit Single           0.05
 1 Club Tails Bahama Ma          3.00
 1 Beer Deposit Single           0.05
 1 Club Tails Bahama Ma          3.49
 1 Beer Deposit Single           0.05
 1 Blue Moon Belgian Wh          3.50
 1 Beer Deposit Single           0.05
 1 Blue Moon Belgian Wh          3.50
 1 Beer Deposit Single           0.05
 1 Blue Moon Belgian Wh   VOID
 1 Beer Deposit Single    VOID
----------------------------------------
SubTotal                        16.74
State Tax                        0.99
Local/City Tax                   0.16
Total                           17.89
----------------------------------------
Received
  Debit                         17.89
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022002297
Terminal : 00999004
DeviceID : 1
```

13

15.    Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise.

16.    None of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on.

17.    The advertisements expressly state that rebates will be given at the register.

18.    Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin.

19.    Defendant's competitor stores have similar advertised discounts on merchandise but provide the advertised discounts to all customers.  For example, at Competitor 1:

14

| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | | $0.10 |
| T SIMPLY SPIKED STRBRY LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|---|---|---|
| | Tax | $0.58 |
| | Total | $9.14 |

| American Express: | $9.14 |
|---|---|
| Change | $0.00 |



| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRY LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|---|---|---|
| | Tax | $0.58 |
| | Total | $9.14 |

| American Express: | $9.14 |
|---|---|
| Change | $0.00 |





```
--------------------------------------
Store #1056    8/19/2025    7:19:11 PM
Register # 2  Trans #  3009020
--------------------------------------
Tax Description           Qty    Amount
--- ------------------    ---    ------
T  BIG BUDDY FTN                  $1.59
T  BUSCH LT 25OZ CN          2    $5.98
   BEER DEPOSIT EA           1    $0.10
T  REESES PNTBTR CUP BIG KN       $3.99
   MM 4843 BUSCH 25OZ 2 FOR      -$2.00
                              ----------
                 Sub Total        $9.66
                       Tax        $0.67
                     Total       $10.33
                              ----------
                    Debit:       $10.33
                    Change        $0.00
Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001056306
Approval : 059563
Trace Number: 27743

Sale

USD$ 10.33
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000
ARC: 00
ARQC: 98F82CEDCR8BD231
```

16



```
--------------------------------------------
Store #1050    8/19/2025    6:24:23 PM
Register # 4   Trans #  2593119
--------------------------------------------
Tax Description            Qty   Amount
--- --------------------    ---  --------

T  REDDS WICKED 24OZ CN      2   $7.38
   BEER DEPOSIT EA           1   $0.10
   9521-SIMPLY REDDS WICKED     -$3.00
                                ----------
                   Sub Total     $4.48
                         Tax     $0.30
                       Total     $4.78
                                ----------
                      Debit:     $4.78
                      Change     $0.00
```

Debit
Card Num : (P) XXXXXXXXXXXXX4913
Contactless
Terminal : RA1094001050606
Approval : 824989
Trace Number: 948599

Sale

USD$ 4.78
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000

17

20.    And, at Competitor 2:

| Description | Qty | Price | Amount |
|---|---|---|---|
| REDDS WCKD APL | 2 | 4.39 | 8.78 |
| BEER DEP SINGL | 1 | 0.10 | |
| BUSCH LT 25OZ C | 2 | 3.59 | 7.18 |
| BEER DEP SINGL | 1 | 0.10 | |
| $2 OFF BUSCH FAM 250 | | | -$2.00 |
| $3 OFF 2 SIMPLY/TOPO | | | -$3.00 |
| You Saved | | | -$5.00 |
| Sub Total | | | 11.16 |
| Wireless Fee | | | $0.00 |
| Tax | | | 0.77 |
| Total | | | $11.93 |

SALE

American Express:    $11.93

Change    $0.00

| Description | Qty | Price | Amount |
|---|---|---|---|
| REDDS WCKD APL | 2 | 4.39 | 8.78 |
| BEER DEP SINGL | 1 | 0.10 | |
| BUSCH LT 25OZ C | 2 | 3.59 | 7.18 |
| BEER DEP SINGL | 1 | 0.10 | |
| $2 OFF BUSCH FAM 250 | | | -$2.00 |
| $3 OFF 2 SIMPLY/TOPO | | | -$3.00 |
| You Saved | | | -$5.00 |
| Sub Total | | | 11.16 |
| Wireless Fee | | | $0.00 |
| Tax | | | 0.77 |
| Total | | | $11.93 |

SALE

American Express:    $11.93

Change    $0.00



**SAVE $2 INSTANTLY**

on the purchase of two (2) 25 oz. cans of Busch® Family products.

*Purchase price of beer must exceed $0.00; excluding sales tax.

OFFER VALID IN IOWA ONLY. SEE REVERSE SIDE FOR DETAILS





**24oz CANS**

**$3 OFF**

WHEN YOU BUY (2) 24oz CANS OF SIMPLY SPIKED, TOPO CHICO HARD SELTZER OR REDD'S (ANY VARIETY)

DISCOUNT AUTOMATICALLY GIVEN AT REGISTER OFFER VALID 6/30/25 - 9/3/25.



```
Dealer#
8/19/2025           6:03:56 PM
515-225-0607

Description     Qty   Price    Amount
REDDS WCKD APL    2   4.39      8.78
  BEER DEP SINGL  1    0.10
BUSCH LT 250Z C   2   3.59      7.18
  BEER DEP SINGL  1    0.10
$2 OFF BUSCH FAM 250          -$2.00
$3 OFF 2 SIMPLY/TOPO          -$3.00
       You Saved             -$5.00
          Sub Total          11.16
        Wireless Fee         $0.00
             Tax              0.77
           Total            $11.93
SALE
                   Visa:    $11.93
Change                       $0.00

SALE
Visa
Card Num : (R) XXXXXXXXXXXX4913
Contactless
```

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action pursuant to Iowa Rules of Civil Procedure 1.261

*et. seq.* on behalf of himself and the following classes of consumers:

> All persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount who did not receive the discount at the point of sale (the "Nationwide Class")

> All citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount who did not receive the discount at the point of sale (the "Iowa Class" and, with the Nationwide Class, the "Classes")

22.    Excluded from the Class are the Defendant, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

23.    This action is brought and may be properly maintained as a class action. The members of the Classes are easily ascertainable from Defendant's records.

24.    *Numerosity.* The Classes are so numerous that joinder of all members is impracticable. While the exact number of absent Class members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery and Plaintiff is informed and believe, based upon the nature of trade and commerce involved that the proposed Classes may include hundreds or thousands of members, thus satisfying the requirement of Rule 1.261(1).

25.    The members in the proposed Classes are so numerous that individual joinder

of all members is impracticable, and the disposition of the claims of the Class members in

a single action will provide substantial benefits to the parties and Court.

26.    *Questions of law and fact common* to Plaintiff and the Classes include, but

are not limited to, the following:

(a)    Whether Defendant's in-store advertisements were false, deceptive, and/or misleading;

(b)    Whether Defendant had knowledge that its advertisements were false, deceptive, and/or misleading;

(c)    Whether Defendant continued to disseminate its representations knowing they were false, deceptive, and/or misleading;

(d)    Whether Defendant's misrepresentations were likely to deceive a reasonable consumer;

(e)    Whether Defendant's conduct violated Iowa law, including Iowa Code Chapter 714H; and

(f)    whether Plaintiff and the members of the Classes are entitled to damages as a result of Defendant's conduct.

27.    *Fair and Efficient Adjudication of a Controversy.*  A class action satisfies the

requirement of Rules 1.262(2)(b), because a class action will permit the fair and efficient

adjudication of the controversy.  Plaintiff satisfies the criteria enumerated in Rule 1.263

for determining this issue, inter alia as follows:

a. First, joint and common interests exist among members of the Classes

because Defendant engaged in a common course of conduct giving rise to

the legal rights sought to be enforced by Plaintiff individually and on behalf

of the other members of the Classes.   Identical statutory violations and

21

business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action. Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct and they were all mislead by Defendant's advertising and all overpaid for merchandise at Defendant's stores. Moreover, the prosecution of separate actions by members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant per Rule 1.263(1)(b). Finally, the common questions predominate over any individual questions per the criteria in Rule 1.263(1)(e).

b. Moreover, absent a class action, most members of the Classes would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law in satisfaction of the criteria in Rule 1.263(1)(f),(g),(m). Absent a class action, members of the Classes will continue to suffer harm and Defendant's misconduct will proceed without remedy.

c. There are no unusual management difficulties that would preclude class treatment. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it

22

conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication

d. Finally, there are no other known actions brought by the proposed members of the Classes that are not representative parties and thus they have no apparent substantial interest in individually controlling the prosecution of a separate action.

28.    *Adequate Representation.* In accordance with Rule 1.262(2)(c) and 1.263(2), Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in consumer class actions and complex litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so. Moreover, neither Plaintiff nor their counsel have any interests adverse to those of the members of the Classes.

29.    Class treatment is superior to other options for resolution of the controversy because the relief sought for each member of the Classes is small such that, absent representative litigation, it would be infeasible for members of the Classes to redress the wrongs done to them.

30.    As a result of the foregoing, class treatment is appropriate.

### CLAIMS FOR RELIEF

### COUNT I: FRAUD BY OMISSION

31.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

23

32.     Defendant offered advertised discounts on merchandise that were not applied at the point of sale.

33.     Reasonable consumers would have considered the advertised discounts to be important in making their purchases.

34.     Plaintiff and the members of the Classes justifiably relied on Defendant's advertised discounts to their financial detriment.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes suffered actual damages.

36.     Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under the law.

### COUNT II: UNJUST ENRICHMENT

37.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

38.     Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the misleadingly-advertised merchandise. Defendant knowingly and willingly accepted and enjoyed these benefits.

39.     Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied.  As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

40.    Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

41.    Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant plus interest thereon.

42.    Plaintiff and the members of the Classes seek restitution, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT III: FRAUDULENT MISREPRESENTATION

43.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

44.    Defendants falsely represented to Plaintiff and the members of the Classes that their purchases would be subject to the advertised discounts.

45.    Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise.

46.    Defendant knew that its advertisements were false. Nevertheless, Defendant allowed its advertisements to intentionally mislead consumers, such as Plaintiff and the members of the Classes.

47.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment. Given the deceptive manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

25

48.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

49.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT IV

### Negligent Misrepresentation Against Defendants on Behalf of the Class

50.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51.    Defendant had a duty to Plaintiff and the members of the Classes to exercise reasonable and ordinary care in the advertising of its merchandise.

52.    Defendant breached its duty to Plaintiff and the members of the Classes by advertising certain discounts but not applying those discounts at the point of sale.

53.    Defendant knew or should have known that its advertisements were misleading to reasonable consumers.

54.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment. Given the negligent manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

55.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

56.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

26

## COUNT VII: VIOLATION OF IOWA CODE CHAPTER
## 714H

57.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

58.     Plaintiff is a resident of the State of Iowa.

59.     Defendant is a "person" within the meaning of Iowa Code § 714.16(j).

60.     The advertised merchandise is "merchandise" within the meaning of Iowa Code § 714.16(i).

61.     There was a sale of merchandise from Defendant to Plaintiff and members of the Classes.

62.     Defendant's deceptive advertising to Plaintiff and the members of the Classes constitute unfair and deceptive acts and practices under Iowa law.

63.     Pursuant to Iowa law, Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the advertising and sale of its merchandise.

64.     Defendant violated this statutory prohibition against engaging in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of the merchandise.  Iowa Code § 714H.3.

65.     Specifically, Defendant advertised certain discounts on merchandise but did not apply those discounts at the point of sale.

66.    A reasonable consumer would have considered Defendant's advertisements material in deciding whether to purchase the merchandise.

67.    Defendant intended for Plaintiff and the members of the Classes to rely on its advertising.

68.    Plaintiff and the members of the Class were actually deceived by Defendant's advertisements.

69.    Defendant's conduct with respect to its advertisements was unfair because it was substantially injurious to consumers, not outweighed by the benefits to consumers, and could not have been reasonably avoided by consumers.

70.    Plaintiff and the members of the Classes were unaware of, and did not have reasonable means of discovering, the material facts that Defendant had misrepresented and failed to disclose.

71.    As a direct and proximate result of Defendant's unfair and deceptive conduct, Plaintiff and the members of the Classes sustained damages.

72.    Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the advertised merchandise.  Defendant knowingly and willingly accepted and enjoyed these benefits.

73.    Pursuant to Iowa Code § 714H.5, Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's violations of the Iowa Consumer Frauds Act.

74.    As required by Iowa law, the Iowa Attorney General has approved this suit as a class action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as to each and every count, including:

A.     An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Classes, and requiring Defendant to bear the costs of class notice;

B.     An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of Iowa law, plus pre- and post-judgment interest thereon;

C.     An order requiring Defendant to disgorge or return all monies, revenues, profits, and taxes obtained by means of any wrongful or unlawful act or practice;

D.     An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

E.     An order awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiff and the members of the Classes; and

F.     An order providing for all other equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email: goplerud@sagwlaw.com

/s/ Brian O. Marty
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASSES***

*Pro hac vice forthcoming

30

SEP 09 2025



**Computershare Entity Solutions, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

September 10, 2025

Casey's Retail Company
Lindsey Corbin
Casey's Retail Company
One S.E. Convenience Blvd.
Ankeny IA 50021

# SERVICE OF PROCESS NOTICE

Item: 2025-1789

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| 1. | Entity Served: | Casey's Retail Company | |
|---|---|---|---|
| 2. | Title of Action: | Kit Mason, individually and on behalf of a class of similarly situated individuals vs. Casey's Retail Company, et al. | |
| 3. | Document(s) Served: | Original Notice<br>Class Action Petition And Jury Demand | |
| 4. | Court/Agency: | Polk County District Court | |
| 5. | State Served: | Iowa | |
| 6. | Case Number: | N/A | |
| 7. | Case Type: | Fraud | |
| 8. | Method of Service: | Hand Delivered | |
| 9. | Date Received: | Tuesday 09/09/2025 | |
| 10. | Date to Client: | Wednesday 09/10/2025 | |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 20<br>Monday 09/29/2025 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | J. Barton Goplerud<br>West Des Moines, IA<br>515-223-4567 | |
| 13. | Shipped To Client By: | Email Only with PDF Link | |
| 14. | Tracking Number: | | |
| 15. | Handled By: | 161 | |
| 16. | Notes: | None. | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 | www.cgsregisteredagent.com

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | CASE NO. _____ |
| Plaintiff, | ORIGINAL NOTICE |
| v. | |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | |
| Defendant. | |

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

You are hereby notified that there is now on file in the office of the Clerk of the above court a Petition in the above-entitled action, a copy of which is attached hereto (along with copies of any documents filed with it). The Plaintiff's attorneys are J. Barton Goplerud and Brian O. Marty of the law firm of Shindler, Anderson, Goplerud & Weese, P.C., whose address is 5015 Grand Ridge Drive #100, West Des Moines, Iowa 50265, whose phone number is 515-223-4567, and whose fax number is 515-223-8887.

Iowa is a state which utilizes electronic filing in all counties. General rules and information on electronic filing are contained Iowa Court Rules Chapter 16. Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI. You must serve a motion or answer within 20 days after service of this Original Notice upon you by using the Iowa Judicial Branch Electronic Document Management System (EDMS) at www.iowacourts.state.ia.us/efile, unless you obtain from the court an exemption from electronic filing requirements. If you do not file your appearance, motion to answer within 20 days from the date you are served with this Original Notice, judgment by default will be rendered against you for the relief demanded in the Petition.

CLERK OF COURT
500 Mulberry Street, Room 212
Des Moines, IA 50309

*NOTE: The attorney who is expected to represent the Defendant(s) should be promptly advised by Defendant(s) of this Original Notice.*

1

*If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your District ADA Coordinator at 515-561-5818. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).*

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **CVCV069792** |
| *County* | **Polk** |

*Case Title*   KIT MASON VS CASEYS GENERAL STORES ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **08/28/2025 11:45:02 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk      County
**/s/ Andrea Hernandez**

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>  Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>  Defendant. | CASE NO. _____<br><br><br>**CLASS ACTION PETITION AND JURY DEMAND** |

1.      Plaintiff Kit Mason ("Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, brings this Class Action Petition against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Casey's" or "Defendant"), for its practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.  Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel and as to all other matters, upon information and belief. Plaintiff's allegations are plausible and will substantiated after a reasonable opportunity for discovery.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an individual who at all material times resided in Allerton, Wayne County, Iowa.

3.      Defendant Casey's Retail Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

4.      Defendant Casey's General Stores, Inc. is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

5.      Defendant Casey's Marketing Company is an Iowa corporation with its headquarters and principal place of business in Ankeny, Polk County, Iowa.

6.      Plaintiff's and the putative Class Members' damages in the above-captioned matter exceed the amount necessary to maintain this action in the Iowa District Court for Polk County and exceed the jurisdictional requirements set forth in the Iowa Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

7.      Defendant operates a chain of convenience stores primarily in the Midwest, with more than 2,500 stores in sixteen states.

8.      On July 10, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Humeston, Iowa advertised in-store as follows:



9.    His receipt from the subject transaction is as follows:

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25    11:40:58
Reg:1 Cashier:MARY
Receipt    1156249
Type SALE
---------------------------------
1 Four Loko USA 24oz        3.50
1 Beer Deposit Single       0.05
1 Four Loko USA 24oz        3.50
1 Beer Deposit Single       0.05
---------------------------------
SubTotal                    7.10
State Tax                   0.42
Local/City Tax              0.07
Total                       7.59
---------------------------------
Received
   MasterCard               7.59
   MasterCard
```

10.    Plaintiff did not receive the advertised discount for his purchase and was

harmed as a result.

3

11.    Also on July 20, 2025, Plaintiff purchased certain merchandise at Defendant's convenience store in Corydon, Iowa advertised in-store as follows:



12.    His receipt from the subject transaction is as follows:

```
Casey's# 4294
200 EAST JEFFERSON ST
CORYDON, IA 50060
Register 2

7/10/25    10:49:00
Reg:2 Cashier:MELISSA
Receipt    2296895
Type SALE
---------------------------------
  1 Smirnoff Smash Red W        3.50
  1 Beer Deposit Single         0.05
  1 Smirnoff Smash Red W        3.50
  1 Beer Deposit Single         0.05
---------------------------------
SubTotal                        7.10
State Tax                       0.42
Local/City Tax                  0.07
Total                           7.59
---------------------------------
Received
   MasterCard                   7.59
   MasterCard
```

13.    Plaintiff did not receive the advertised discount for his purchase and was harmed as a result.

14.    Further investigation showed similar advertised discounts at various of Defendant's stores in Iowa and Nebraska that were not applied at the point of sale. For example:



| | |
|---|---|
| 1 Smirnoff Ice Pink Le | 2.50 |
| 1 Wine/Hard Liq Deposi | 0.05 |
| 1 Smirnoff Ice Pink Le | 2.50 |
| 1 Wine/Hard Liq Deposi | 0.05 |
| 1 Blue Moon Belgian Wh | 4.29 |
| 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| SubTotal | 16.54 |
| State Tax | 0.98 |
| Local/City Tax | 0.16 |
| Total | 17.68 |
| Received | |
| American Express | 17.68 |

| | |
|---|---|
| 1 Club Tails Margarita | 3.00 |
| 1 Beer Deposit Single | 0.05 |
| 1 Club Tails Sex On Th | 3.00 |
| 1 Beer Deposit Single | 0.05 |
| 1 Club Tails Bahama Ma | 3.49 |
| 1 Beer Deposit Single | 0.05 |
| 1 Blue Moon Belgian Wh | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| 1 Four Loko USA 24oz | 3.50 |
| 1 Beer Deposit Single | 0.05 |
| SubTotal | 16.74 |
| State Tax | 0.99 |
| Local/City Tax | 0.16 |
| Total | 17.89 |
| Received | |
| American Express | 17.89 |



```
8/5/25      14:03:01
Reg:3 Cashier:IRA
Receipt   3456415
Type SALE
---------------------------------
  1 Redds Wicked Apple 2          3.50
  1 Beer Deposit Single           0.05
  1 Redds Wicked Apple 2          3.50
  1 Beer Deposit Single           0.05
---------------------------------
SubTotal                          7.10
State Tax                         0.42
Local/City Tax                    0.07
Total                             7.59
---------------------------------
Received
  Debit                           7.59
  Debit
```



8/4/25    14:13:42
Reg:1 Cashier:CORY
Receipt  1562880
Type SALE
-------------------------------------
1 Four Loko USA 24oz            3.50
1 Beer Deposit Single           0.05
1 Four Loko Warheads 2          3.50
1 Beer Deposit Single           0.05
-------------------------------------
SubTotal                        7.10
State Tax                       0.42
Local/City Tax                  0.07
Total                           7.59
-------------------------------------
Received
  American Express              7.59

7



```
------------------------------------------
1 Club Tails Margarita          3.00
1 Beer Deposit Single           0.05
1 Club Tails Sex On Th          3.00
1 Beer Deposit Single           0.05
1 Club Tails Bahama Ma          3.49
1 Beer Deposit Single           0.05
1 Blue Moon Belgian Wh          3.50
1 Beer Deposit Single           0.05
1 Four Loko USA 24oz            3.50
1 Beer Deposit Single           0.05
------------------------------------------
SubTotal                       16.74
State Tax                       0.99
Local/City Tax                  0.16
Total                          17.89
------------------------------------------
Received
  American Express             17.89
```

8



```
8/15/25    10:50:24
Reg:1 Cashier:JAMES
Receipt    1538693  .
Type SALE
-------------------------------------
 1 Caseys New Orleans K          1.50
 1 Caseys New Orleans K          1.50
 1 Caseys Chocolate Cov          2.50
 1 Caseys Chocolate Cov          2.50
 1 Nerds Clusters Very           5.99
 1 Nerds Clusters Very           5.99
 1 Reeses Peanut Butter          3.19
 1 Reeses Peanut Butter          1.00
 4 Sierra Nevada Hazy L          3.50
 4 Beer Deposit Single           0.05
-------------------------------------
SubTotal                        38.37
State Tax                        2.11
Local/City Tax                   0.35
Total                           40.83
-------------------------------------
Received
  Debit                         40.83
  Debit
```



```
1 Blue Moon Belgian Wh          4.29
1 Leinenkugel Summer S          4.29
1 Kona Big Wave 25oz C          3.25
1 Golden Road Mango Ca          3.25
1 Blue Diamond Blueber          1.99

SubTotal                       17.07
State Tax                       0.83
Local/City Tax                  0.30
Total                          18.20

Received
  MasterCard                   18.20
```




```
8/15/25    10:50:24
Reg:1 Cashier:JAMES
Receipt    1538693   .
Type SALE
------------------------------------
 1 Caseys New Orleans K        1.50
 1 Caseys New Orleans K        1.50
 1 Caseys Chocolate Cov        2.50
 1 Caseys Chocolate Cov        2.50
 1 Nerds Clusters Very         5.99
 1 Nerds Clusters Very         5.99
 1 Reeses Peanut Butter        3.19
 1 Reeses Peanut Butter        1.00
 4 Sierra Nevada Hazy L        3.50
 4 Beer Deposit Single         0.05
------------------------------------
SubTotal                      38.37
State Tax                      2.11
Local/City Tax                 0.35
Total                         40.83
------------------------------------
Received
  Debit                       40.83
```

11



Casey's# 3244
3750 111TH ST
URBANDALE, IA 50322
Register 1

8/19/25    18:17:32
Reg:1 Cashier:TRACI
Receipt   1330330
Type SALE
------------------------------------
 2 Blue Moon Belgian Wh        3.50
 2 Beer Deposit Single         0.05
 1 Blue Moon Belgian Wh        4.29
 1 Beer Deposit Single         0.05
------------------------------------
SubTotal                      11.44
State Tax                      0.68
Local/City Tax                 0.11
Total                         12.23
------------------------------------
Received
  Debit                       12.23
Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022003244
Terminal : 00999004
DeviceID : 1
Approval : 391893
Date/Time: 2025/08/19 18:17:29
Batch    : 20250819929



```
Casey's# 2297
108 8TH ST
WEST DES MOINES, IA 50265
Register 1

8/19/25    17:43:35
Reg:1 Cashier:LEWIS
Receipt   1385666
Type SALE
-------------------------------------
  1 Club Tails Sex On Th        3.00
  1 Beer Deposit Single         0.05
  1 Club Tails Bahama Ma        3.00
  1 Beer Deposit Single         0.05
  1 Club Tails Bahama Ma        3.49
  1 Beer Deposit Single         0.05
  1 Blue Moon Belgian Wh        3.50
  1 Beer Deposit Single         0.05
  1 Blue Moon Belgian Wh        3.50
  1 Beer Deposit Single         0.05
  1 Blue Moon Belgian Wh  VOID
  1 Beer Deposit Single   VOID
-------------------------------------
SubTotal                       16.74
State Tax                       0.99
Local/City Tax                  0.16
Total                          17.89
-------------------------------------
Received
  Debit                        17.89
  Debit
Contactless
Tran Type: Sale
Response : APPROVED
Card Num : XXXXXXXXXXXX4913
Merchant : 134000022002297
Terminal : 00999004
DeviceID : 1
```

15.    Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise.

16.    None of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on.

17.    The advertisements expressly state that rebates will be given at the register.

18.    Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin.

19.    Defendant's competitor stores have similar advertised discounts on merchandise but provide the advertised discounts to all customers.  For example, at Competitor 1:

| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRY LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|  | Tax | $0.58 |
|  | Total | $9.14 |

|  | American Express: | $9.14 |
|  | Change | $0.00 |



| Tax Description | Qty | Amount |
|---|---|---|
| T BUSCH LT 25OZ CN | 2 | $5.98 |
| BEER DEPOSIT EA | 1 | $0.10 |
| T SIMPLY SPIKED STRBRY LMN | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| T SIMPLY SPIKED BOLD CHERR | | $3.69 |
| BEER DEPOSIT EA | 1 | $0.05 |
| 9521-SIMPLY REDDS WICKED | | -$3.00 |
| MM 4843 BUSCH 25OZ 2 FOR | | -$2.00 |

|  | Sub Total | $8.56 |
|  | Tax | $0.58 |
|  | Total | $9.14 |

|  | American Express: | $9.14 |
|  | Change | $0.00 |



15



```
------------------------------------------
Store #1056    8/19/2025    7:19:11 PM
Register # 2  Trans #  3009020
------------------------------------------
Tax Description              Qty   Amount
--- ---------------------    ---   ------
T  BIG BUDDY FTN                    $1.59
T  BUSCH LT 25OZ CN            2    $5.98
   BEER DEPOSIT EA             1    $0.10
T  REESES PNTBTR CUP BIG KN         $3.99
   MM 4843 BUSCH 25OZ 2 FOR        -$2.00
                             ------------
                Sub Total          $9.66
                      Tax          $0.67
                    Total         $10.33
                             ------------
                    Debit:        $10.33
                   Change          $0.00

Debit
Card Num : (P) XXXXXXXXXXXX4913
Contactless
Terminal : RA1094001056306
Approval : 059563
Trace Number: 27743

Sale

USD$ 10.33
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000
ARC: 00
ARQC: 98F82CEDCR8BD231
```

16



```
-- ------------------------------------
Store #1050    8/19/2025    6:24:23 PM
Register # 4  Trans # 2593119
-- ------------------------------------
Tax Description           Qty   Amount
--- ----------------------   --   -------

T  REDDS WICKED 24OZ CN      2   $7.38
   BEER DEPOSIT EA           1   $0.10
   9521-SIMPLY REDDS WICKED     -$3.00
                                ---------
                Sub Total       $4.48
                      Tax       $0.30
                    Total       $4.78
                                ---------
                   Debit:       $4.78
                   Change       $0.00

Debit
Card Num : (P) XXXXXXXXXXXXX4913
Contactless
Terminal : RA1094001050606
Approval : 824989
Trace Number: 948599

Sale

USD$ 4.78
US DEBIT
Mode: Issuer
AID: A0000000980840
TVR: 0000000000
IAD: XXXXXXXXXXXXXX
TSI: 0000
```

20.    And, at Competitor 2:



| Description | Qty | Price | Amount |
|---|---|---|---|
| REDOS WCKD APL | 2 | 4.39 | 8.78 |
| BEER DEP SINGL | 1 | 0.10 | |
| BUSCH LT 25OZ C | 2 | 3.59 | 7.18 |
| BEER DEP SINGL | 1 | 0.10 | |
| $2 OFF BUSCH FAM 25O | | | -$2.00 |
| $3 OFF 2 SIMPLY/TOPO | | | -$3.00 |
| You Saved | | | -$5.00 |
| Sub Total | | | 11.16 |
| Wireless Fee | | | $0.00 |
| Tax | | | 0.77 |
| Total | | | $11.93 |

SALE
American Express:    $11.93
Change                      $0.00



| Description | Qty | Price | Amount |
|---|---|---|---|
| REDOS WCKD APL | 2 | 4.39 | 8.78 |
| BEER DEP SINGL | 1 | 0.10 | |
| BUSCH LT 25OZ C | 2 | 3.59 | 7.18 |
| BEER DEP SINGL | 1 | 0.10 | |
| $2 OFF BUSCH FAM 25O | | | -$2.00 |
| $3 OFF 2 SIMPLY/TOPO | | | -$3.00 |
| You Saved | | | -$5.00 |
| Sub Total | | | 11.16 |
| Wireless Fee | | | $0.00 |
| Tax | | | 0.77 |
| Total | | | $11.93 |

SALE
American Express:    $11.93
Change                      $0.00





```
Dealer#
8/19/2025            6:03:56 PM
515-225-0607

Description      Qty    Price     Amount
REDDS WCKD APL     2     4.39      8.78
  BEER DEP SINGL   1     0.10
BUSCH LT 25OZ C    2     3.59      7.18
  BEER DEP SINGL   1     0.10
$2 OFF BUSCH FAM 250              -$2.00
$3 OFF 2 SIMPLY/TOPO             -$3.00
        You Saved                 -$5.00
            Sub Total             11.16
          Wireless Fee            $0.00
              Tax                  0.77
             Total               $11.93
SALE
                       Visa:     $11.93
Change                           $0.00

SALE
Visa
Card Num : (R) XXXXXXXXXXXX4913
Contactless
```

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action pursuant to Iowa Rules of Civil Procedure 1.261

*et. seq.* on behalf of himself and the following classes of consumers:

All persons who, from August 28, 2023 to the present, purchased
merchandise from one of Defendant's stores subject to an advertised discount
who did not receive the discount at the point of sale (the "Nationwide Class")

All citizens of the State of Iowa who, from August 28, 2023 to the present,
purchased merchandise from one of Defendant's stores in Iowa subject to an
advertised discount who did not receive the discount at the point of sale (the
"Iowa Class" and, with the Nationwide Class, the "Classes")

22.    Excluded from the Class are the Defendant, any parent companies,

subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-

conspirators, all governmental entities, and any judge, justice, or judicial officer presiding

over this matter.

23.    This action is brought and may be properly maintained as a class action. The

members of the Classes are easily ascertainable from Defendant's records.

24.    *Numerosity.* The Classes are so numerous that joinder of all members is

impracticable. While the exact number of absent Class members is unknown to Plaintiff

at this time, it is ascertainable by appropriate discovery and Plaintiff is informed and

believe, based upon the nature of trade and commerce involved that the proposed Classes

may include hundreds or thousands of members, thus satisfying the requirement of Rule

1.261(1).

25.    The members in the proposed Classes are so numerous that individual joinder

of all members is impracticable, and the disposition of the claims of the Class members in

a single action will provide substantial benefits to the parties and Court.

26.    *Questions of law and fact common* to Plaintiff and the Classes include, but

are not limited to, the following:

(a)    Whether Defendant's in-store advertisements were false, deceptive, and/or misleading;

(b)    Whether Defendant had knowledge that its advertisements were false, deceptive, and/or misleading;

(c)    Whether Defendant continued to disseminate its representations knowing they were false, deceptive, and/or misleading;

(d)    Whether Defendant's misrepresentations were likely to deceive a reasonable consumer;

(e)    Whether Defendant's conduct violated Iowa law, including Iowa Code Chapter 714H; and

(f)    whether Plaintiff and the members of the Classes are entitled to damages as a result of Defendant's conduct.

27.    *Fair and Efficient Adjudication of a Controversy.* A class action satisfies the

requirement of Rules 1.262(2)(b), because a class action will permit the fair and efficient

adjudication of the controversy. Plaintiff satisfies the criteria enumerated in Rule 1.263

for determining this issue, inter alia as follows:

a. First, joint and common interests exist among members of the Classes

because Defendant engaged in a common course of conduct giving rise to

the legal rights sought to be enforced by Plaintiff individually and on behalf

of the other members of the Classes.  Identical statutory violations and

21

business practices and harms are involved. Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action. Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct and they were all mislead by Defendant's advertising and all overpaid for merchandise at Defendant's stores. Moreover, the prosecution of separate actions by members of the Classes would create the risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant per Rule 1.263(1)(b). Finally, the common questions predominate over any individual questions per the criteria in Rule 1.263(1)(e).

b. Moreover, absent a class action, most members of the Classes would likely find the cost of litigating their claims to be prohibitive, and will have no effective remedy at law in satisfaction of the criteria in Rule 1.263(1)(f),(g),(m). Absent a class action, members of the Classes will continue to suffer harm and Defendant's misconduct will proceed without remedy.

c. There are no unusual management difficulties that would preclude class treatment. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it

conserves the resources of the courts and the litigants, and promotes

consistency and efficiency of adjudication

d. Finally, there are no other known actions brought by the proposed members

of the Classes that are not representative parties and thus they have no

apparent substantial interest in individually controlling the prosecution of a

separate action.

28.    *Adequate Representation.* In accordance with Rule 1.262(2)(c) and 1.263(2),

Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained

counsel with substantial experience in consumer class actions and complex litigation.

Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of

the Classes, and have the financial resources to do so. Moreover, neither Plaintiff nor their

counsel have any interests adverse to those of the members of the Classes.

29.    Class treatment is superior to other options for resolution of the controversy

because the relief sought for each member of the Classes is small such that, absent

representative litigation, it would be infeasible for members of the Classes to redress the

wrongs done to them.

30.    As a result of the foregoing, class treatment is appropriate.

## CLAIMS FOR RELIEF

### COUNT I: FRAUD BY OMISSION

31.    Plaintiff incorporates by reference and realleges each and every allegation

contained above, as though fully set forth herein.

32.    Defendant offered advertised discounts on merchandise that were not applied at the point of sale.

33.    Reasonable consumers would have considered the advertised discounts to be important in making their purchases.

34.    Plaintiff and the members of the Classes justifiably relied on Defendant's advertised discounts to their financial detriment.

35.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes suffered actual damages.

36.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT II: UNJUST ENRICHMENT

37.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

38.    Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the misleadingly-advertised merchandise. Defendant knowingly and willingly accepted and enjoyed these benefits.

39.    Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied.  As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.

40.     Defendant's acceptance and retention of these benefits under the circumstances alleged herein make it inequitable for Defendant to retain the benefits without payment of the value to Plaintiff and the members of the Classes.

41.     Plaintiff and the members of the Classes are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant plus interest thereon.

42.     Plaintiff and the members of the Classes seek restitution, attorneys' fees, costs, and any other just and proper relief available under the law.

## COUNT III: FRAUDULENT MISREPRESENTATION

43.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

44.     Defendants falsely represented to Plaintiff and the members of the Classes that their purchases would be subject to the advertised discounts.

45.     Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise.

46.     Defendant knew that its advertisements were false.  Nevertheless, Defendant allowed its advertisements to intentionally mislead consumers, such as Plaintiff and the members of the Classes.

47.     Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment.  Given the deceptive manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

25

48.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

49.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

## COUNT IV

**Negligent Misrepresentation Against Defendants on Behalf of the Class**

50.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

51.    Defendant had a duty to Plaintiff and the members of the Classes to exercise reasonable and ordinary care in the advertising of its merchandise.

52.    Defendant breached its duty to Plaintiff and the members of the Classes by advertising certain discounts but not applying those discounts at the point of sale.

53.    Defendant knew or should have known that its advertisements were misleading to reasonable consumers.

54.    Plaintiff and the members of the Classes did in fact rely on these misrepresentations and purchased the advertised merchandise to their detriment. Given the negligent manner in which Defendant advertised the merchandise, Plaintiff and the members of the Classes' reliance on Defendant's misrepresentations was justifiable.

55.    As a direct and proximate result of Defendant's conduct, Plaintiff and the members of the Classes have suffered actual damages.

56.    Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available under law.

26

## COUNT VII: VIOLATION OF IOWA CODE CHAPTER 714H

57.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

58.    Plaintiff is a resident of the State of Iowa.

59.    Defendant is a "person" within the meaning of Iowa Code § 714.16(j).

60.    The advertised merchandise is "merchandise" within the meaning of Iowa Code § 714.16(i).

61.    There was a sale of merchandise from Defendant to Plaintiff and members of the Classes.

62.    Defendant's deceptive advertising to Plaintiff and the members of the Classes constitute unfair and deceptive acts and practices under Iowa law.

63.    Pursuant to Iowa law, Defendant had a statutory duty to refrain from unfair or deceptive acts or practices in the advertising and sale of its merchandise.

64.    Defendant violated this statutory prohibition against engaging in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of the merchandise. Iowa Code § 714H.3.

65.    Specifically, Defendant advertised certain discounts on merchandise but did not apply those discounts at the point of sale.

66.     A reasonable consumer would have considered Defendant's advertisements material in deciding whether to purchase the merchandise.

67.     Defendant intended for Plaintiff and the members of the Classes to rely on its advertising.

68.     Plaintiff and the members of the Class were actually deceived by Defendant's advertisements.

69.     Defendant's conduct with respect to its advertisements was unfair because it was substantially injurious to consumers, not outweighed by the benefits to consumers, and could not have been reasonably avoided by consumers.

70.     Plaintiff and the members of the Classes were unaware of, and did not have reasonable means of discovering, the material facts that Defendant had misrepresented and failed to disclose.

71.     As a direct and proximate result of Defendant's unfair and deceptive conduct, Plaintiff and the members of the Classes sustained damages.

72.     Substantial benefits have been conferred on Defendant by Plaintiff and the members of the Classes through the purchase of the advertised merchandise. Defendant knowingly and willingly accepted and enjoyed these benefits.

73.     Pursuant to Iowa Code § 714H.5, Plaintiff and the members of the Classes seek actual damages, attorneys' fees, costs, and any other just and proper relief available thereunder for Defendant's violations of the Iowa Consumer Frauds Act.

74.     As required by Iowa law, the Iowa Attorney General has approved this suit as a class action.

28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as to each and every count, including:

A.      An order declaring this action to be a proper class action, appointing Plaintiff and his counsel to represent the Classes, and requiring Defendant to bear the costs of class notice;

B.      An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of Iowa law, plus pre- and post-judgment interest thereon;

C.      An order requiring Defendant to disgorge or return all monies, revenues, profits, and taxes obtained by means of any wrongful or unlawful act or practice;

D.      An order requiring Defendant to pay all actual and statutory damages permitted under the counts alleged herein;

E.      An order awarding attorneys' fees and costs, including the costs of pre-suit investigation, to Plaintiff and the members of the Classes; and

F.      An order providing for all other equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email: goplerud@sagwlaw.com

/s/ Brian O. Marty
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa  50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:        marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE
PROPOSED CLASSES***

*Pro hac vice forthcoming

30

SEP 09 2025

E-FILED 2025 SEP 10 6:44 AM POLK - CLERK OF DISTRICT COURT

# AFFIDAVIT OF SERVICE

STATE OF IOWA )
                   )       Case No: _CVCV069792_
COUNTY OF POLK )     Date Received: _9 / 8 / 25_

I, being first duly sworn, depose and say that I received and served:

| | |
|---|---|
| _X_ Original Notice | _____ Application for Hearing of |
| _X_ Petition |            Temporary Issues |
| _X_ Jury Demand | _____ Summons |
| _____ Subpoena Duces Tecum | _____ Complaint |
| _____ Petition for Dissolution of Marriage | _____ Notice to Quit |
| _____ Family Law Case Requirements Order | _____ Notice of Nonpayment |
| _____ Order: Pretrial Conf / Discovery |            of Rent and Intention to |
| _____ Subpoena |            Terminate Rental |
| _____ Notice of Past Due Rent |            Agreement |
| _____ Notice of Termination of Tenancy | _____ Appearance and Answer |
| _____ Confidential Information Form | _____ Notice Non-judicial |
| _____ Verification of Account |            Foreclosure |
| _____ Order Re: Mediation of Temporary Matters | _____ Demand Letter |
|            and Setting Hearing | _____ Exhibit _____ |
| _____ Notice of Forfeiture of Real Estate Contract | _____ Other _____ |
| _____ Order | _____ |
| _____ Application for Rule to Show Cause | _____ |
| _____ Rule to Show Cause / Order for Hearing | _____ Attachments |

Person Served: _Casey's General Stores, Inc_

Date Served: _9-9-25_ , _2:00_ A.M./P.M.

_3106 Ingersoll Ave Des Moines_
     (Address)

Manner of Service
_____ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
_X_ Corporation/State Official

_United Agent Group Inc_
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Juliet Gratias_

Subscribed and sworn to me by Juliet Gratias
this ____ day of _Sept_ , 2025

Service Fee: _75_

_____
Notary Public for the State of Iowa

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2026w

E-FILED 2025 SEP 10 6:44 AM POLK - CLERK OF DISTRICT COURT

**AFFIDAVIT OF SERVICE**

STATE OF IOWA )
)  Case No: _C V C V 0 6 9 7 9 2_
COUNTY OF POLK )  Date Received: _9 / 8 / 2 5_

I, being first duly sworn, depose and say that I received and served:

| | | |
|---|---|---|
| X | Original Notice | _____ Application for Hearing of |
| X | Petition | Temporary Issues |
| X | Jury Demand | _____ Summons |
| _____ | Subpoena Duces Tecum | _____ Complaint |
| _____ | Petition for Dissolution of Marriage | _____ Notice to Quit |
| _____ | Family Law Case Requirements Order | _____ Notice of Nonpayment |
| _____ | Order: Pretrial Conf / Discovery | of Rent and Intention to |
| _____ | Subpoena | Terminate Rental |
| _____ | Notice of Past Due Rent | Agreement |
| _____ | Notice of Termination of Tenancy | _____ Appearance and Answer |
| _____ | Confidential Information Form | _____ Notice Non-judicial |
| _____ | Verification of Account | Foreclosure |
| _____ | Order Re: Mediation of Temporary Matters | _____ Demand Letter |
| | and Setting Hearing | _____ Exhibit _____ |
| _____ | Notice of Forfeiture of Real Estate Contract | _____ Other _____ |
| _____ | Order | _____ |
| _____ | Application for Rule to Show Cause | |
| _____ | Rule to Show Cause / Order for Hearing | _____ Attachments |

Person Served: _Carey's Marketing Company_

Date Served: _9-9-25_ / _7:00_ A.M. (P.M.)

_300 Ingersoll Ave   Dsm, Ia_
(Address)

Manner of Service
_____ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
__X__ Corporation/State Official

_United Agent Group Inc_
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Juliet Gratias_

Subscribed and sworn to me by Juliet Gratias
this _10_ day of _Sept_, 2025

_____
Notary Public for the State of Iowa

Service Fee: _____

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2026

E-FILED  2025 SEP 10 6:44 AM POLK - CLERK OF DISTRICT COURT

**AFFIDAVIT OF SERVICE**

STATE OF IOWA    )
                 )        Case No: CVCV 069792
COUNTY OF POLK  )         Date Received: 9/ 8 25

I, being first duly sworn, depose and say that I received and served:

| | |
|---|---|
| ✓ Original Notice | _____ Application for Hearing of |
| X Petition | Temporary Issues |
| ✓ Jury Demand | _____ Summons |
| X Subpoena Duces Tecum | _____ Complaint |
| _____ Petition for Dissolution of Marriage | _____ Notice to Quit |
| _____ Family Law Case Requirements Order | _____ Notice of Nonpayment |
| _____ Order: Pretrial Conf / Discovery | of Rent and Intention to |
| _____ Subpoena | Terminate Rental |
| _____ Notice of Past Due Rent | Agreement |
| _____ Notice of Termination of Tenancy | _____ Appearance and Answer |
| _____ Confidential Information Form | _____ Notice Non-judicial |
| _____ Verification of Account | Foreclosure |
| _____ Order Re: Mediation of Temporary Matters | _____ Demand Letter |
| and Setting Hearing | _____ Exhibit _____ |
| _____ Notice of Forfeiture of Real Estate Contract | _____ Other _____ |
| _____ Order | _____ |
| _____ Application for Rule to Show Cause | _____ |
| _____ Rule to Show Cause / Order for Hearing | _____ Attachments |

Person Served: Casey's Retail Company

Date Served: 9-9-25 / 2:00 A.M./P.M.

3106 Ingersoll Ave. Dsm. Ia
(Address)

Manner of Service
_____ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
✓ Corporation/State Official

C/o United Agent Group Inc
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

Juliet Gratias

Subscribed and sworn to me by Juliet Gratias
this 10 day of Sept, 2025

Service Fee:_____

Notary Public for the State of Iowa

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2026w

E-FILED  2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>       Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>       Defendant. | **CASE NO. CVCV069792** |

## PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

### I.    INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

On August 8, 2025, Plaintiff Kit Masson ("Plaintiff") filed a Class Action Petition ("Petition") against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Defendant") concerning its deceptive practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.

The Petition includes claims for Fraud by Omission (I), Unjust Enrichment (II), Fraudulent Misrepresentation (III), Negligent Misrepresentation (IV), and Violation of Iowa Code Chapter 714H (V).

On September 9, 2025, each Defendant was served with the Petition.

As explained in detail in the Petition, Defendant operates a chain of convenience stores with approximately 2,500 stores located in sixteen states. *See generally*, Petition. In the summer of 2025, Plaintiff was harmed because he did not receive advertised discounts for certain

E-FILED 2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

merchandise, namely cans containing drinks and other snack items, he purchased at Defendant's stores located in Iowa and Nebraska. *Id.*

The Petition includes photos of Defendant's advertisements and Plaintiff's receipts – which reflect that Plaintiff failed to receive what was promised. For instance, Defendant advertised two drink cans for $6.00 but charged Plaintiff $3.50 per can at the register. *Id.* at ¶¶ 8-12.

Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise. *Id.* at ¶ 15. However, none of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on. *Id.* at ¶ 16. Defendant's advertisements expressly state that rebates will be given at the register. *Id.* at ¶ 17.

Defendant's competitors, who represent savings on items similarly like Defendant, do not then overcharge their customers at the register in the same manner. Petition at ¶¶ 19-20.

Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin. *Id.* at ¶ 18.

Plaintiff brings this action on behalf of:

All persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount who did not receive the discount at the point of sale (the "Nationwide Class")

All citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount who did not receive the discount at the point of sale (the "Iowa Class" and, with the Nationwide Class, the "Classes")

*Id.* at ¶ 18.

E-FILED 2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

As a result of Defendant's deceptive and unfair practices, Plaintiff, in addition to the relief sought in the Petition, seeks a temporary injunction to require Defendant to (1) prohibit it from not applying the advertised discounts; and (2) prohibit it from collecting taxes on the amount that should have been discounted.

## II.    LEGAL STANDARD

Iowa Rules of Civil Procedure authorizes that a temporary injunction is permissible under any of these circumstances:

> **1.1502(1)** When the petition, supported by affidavit, shows the plaintiff is entitled to relief which includes restraining the commission or continuance of some act which would greatly or irreparably injure the plaintiff.

> **1.1502(2)** Where, during the litigation, it appears that a party is doing, procuring or suffering to be done, or threatens or is about to do, an act violating the other party's right respecting the subject of the action and tending to make the judgment ineffectual.

> **1.1502(3)** In any case specially authorized by statute.

Iowa R. Civ. P. 1.1502. "Generally, the issuance of an injunction invokes the equitable powers of the court and courts apply equitable principles." *Max 100 L.C. v. Iowa Realty Co.*, 621 N.W.2d 178, 181 (Iowa 2001) (internal citations omitted).

A temporary injunction is generally granted where a party demonstrates a "likelihood of success on the merits" and considers "the circumstances confronting the parties and balance the harm that a temporary injunction may prevent against the harm that may result from its issuance." *Id.* at 181.  (internal citation omitted).

## III.    ARGUMENT

A temporary injunction is necessary to avoid continued irreparable harm to the Plaintiff and putative class.

E-FILED  2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

**A. The Harm Which is Ongoing is Well Documented in the Petition.**

Defendant deceptively advertises products at its stores with prices that do not match and/or correspond with what it is actually charging at the register. Plaintiff relied on Defendant's representation and paid more money for items than he expected pursuant to Defendants promises. For example, Plaintiff relied on drink can representations stating two for $6.00 but at the register paid $3.50 per can. Petition at ¶¶ 8-12. The discrepancy is profound as illustrated by Plaintiff's receipt (showing Plaintiff was charged $3.50 instead of $3.00 which was promised on Defendant's signage):

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25   11:40:58
Reg:1 Cashier:MARY
Receipt   1156249
Type SALE
-------------------------------------------
 1 Four Loko USA 24oz          3.50
 1 Beer Deposit Single         0.05
 1 Four Loko USA 24oz          3.50
 1 Beer Deposit Single         0.05
-------------------------------------------
SubTotal                       7.10
State Tax                      0.42
Local/City Tax                 0.07
Total                          7.59
-------------------------------------------
Received
  MasterCard                   7.59
  MasterCard
```

A temporary injunction here will prevent Plaintiff and putative class members from paying more money than they intended and/or bargained for as a result of Defendant's conduct.

**B. Plaintiff Will Succeed on the Merits.**

Plaintiff's claims of Fraud by Omission (I), Unjust Enrichment (II), Fraudulent Misrepresentation (III), Negligent Misrepresentation (IV), and Violation of Iowa Code Chapter 714H (V) are cognizable and will succeed on the merits.

E-FILED 2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

At this stage, Plaintiff need only needs to make a "showing of the *likelihood* of success." *PIC USA v. N. Carolina Farm P'ship*, 672 N.W.2d 718, 723 (Iowa 2003) (emphasis in original).

Plaintiff has pled ample and detailed facts proving the elements to these causes of action. For example, Plaintiffs have provided facts illustrating Defendant's fraud (*see* Petition at ¶ 32: "Defendant offered advertised discounts on merchandise that were not applied at the point of sale"); deception (*see* Petition at ¶ 45: "Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise."); and unjust enriching (*see* Petition at ¶ 39: "Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.") has occurred by-way-of Defendant's advertisements as compared to copies of Plaintiff's purchase receipts. *See* Petition at ¶¶ 8-12; *Max 100 L.C.*, 621 N.W.2d at 181 (noting that a temporary injunction is warranted if a party can show "likelihood of success on the merits").

Defendant cannot refute Plaintiff's statutory claim brought under Iowa Code § 714H.3 that it engaged in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of its items. Importantly, "[i]njunctive relief is at the center of CFA civil actions." *State ex rel. Att'y Gen. of Iowa v.*

E-FILED  2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

*Autor*, 991 N.W.2d 159, 165 (Iowa 2023); *Max 100 L.C.*, 621 N.W.2d at 181 (noting "the legislature may impose a duty to grant an injunction by specifying conditions in a statute.").

The Petition also includes facts explaining how Defendant's competitors, who represent savings on items similarly like Defendant, do not then overcharge their customers at the register in the same manner (and the Petition at ¶¶ 19-20 includes receipts to that effect). This additional fact bolsters the Petition's chance at being upheld and ultimately successful.

At bottom, Defendant's actions have, and continue to, cost consumers money which amounts to a "an act causing great or irreparable harm" and which necessitates an injunction like the one sought here. *PIC USA v. N. Carolina Farm P'ship*, 672 N.W.2d 718, 723 (Iowa 2003) (citing Iowa R. Civ. P. 1.1502(1)).

### C.  Any Balance of Harms Favors the Plaintiff.

Defendant's actions left unchecked will continue to hurt other similar customers. Customers will have money taken as a result of Defendant's deceptive advertising and sales practices.

Defendant can cure much of its conduct by editing language it provides on its signage and/or ensuring that its register clerks honor those promises. These injunctive modifications are not overly arduous, expensive, or hard to implement for Defendant and they would prevent more harm from occurring.  *Max 100 L.C.*, 621 N.W.2d at 181 (citation omitted) ("consider the circumstances confronting the parties and balance the harm that a temporary injunction may prevent against the harm that may result from its issuance.").

E-FILED  2025 SEP 17 2:53 PM POLK - CLERK OF DISTRICT COURT

Without an injunction, unsuspecting customers will continue to rely on Defendant's advertisements and purchase items at Defendant's stores which are then priced higher at the register.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiff requests an order for a temporary injunction (1) prohibiting Defendant from not applying the advertised discounts at the register as promised; and (2) prohibiting Defendant from collecting taxes on the amount that should have been discounted.

/s/ J. Barton Goplerud

**J. Barton Goplerud, AT0002983**
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:  goplerud@sagwlaw.com
         marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com
*ATTORNEYS FOR PLAINTIFF AND THE*
*PROPOSED CLASSES*
*Pro hac vice forthcoming