# EXHIBIT A

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>Defendant. | **CASE NO. CVCV069792** |

## **PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

### I.   INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

On August 8, 2025, Plaintiff Kit Masson ("Plaintiff") filed a Class Action Petition ("Petition") against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Defendant") concerning its deceptive practice of advertising in-store discounts on merchandise to relying customers while failing to apply those discounts at the point of sale.

The Petition includes claims for Fraud by Omission (I), Unjust Enrichment (II), Fraudulent Misrepresentation (III), Negligent Misrepresentation (IV), and Violation of Iowa Code Chapter 714H (V).

On September 9, 2025, each Defendant was served with the Petition.

As explained in detail in the Petition, Defendant operates a chain of convenience stores with approximately 2,500 stores located in sixteen states. *See generally*, Petition. In the summer of 2025, Plaintiff was harmed because he did not receive advertised discounts for certain

merchandise, namely cans containing drinks and other snack items, he purchased at Defendant's stores located in Iowa and Nebraska. *Id*.

The Petition includes photos of Defendant's advertisements and Plaintiff's receipts – which reflect that Plaintiff failed to receive what was promised. For instance, Defendant advertised two drink cans for $6.00 but charged Plaintiff $3.50 per can at the register. *Id.* at ¶¶ 8-12.

Defendant offers a rewards program, called "Casey's Rewards," where members receive certain discounts and accumulate points that can be used to purchase merchandise. *Id.* at ¶ 15. However, none of the foregoing in-store advertisements disclosed that any conditions, such as membership in the Casey's Rewards program, were necessary for the consumer to receive the promised advertised discounts which Plaintiff and class members relied on. *Id.* at ¶ 16. Defendant's advertisements expressly state that rebates will be given at the register. *Id.* at ¶ 17.

Defendant's competitors, who represent savings on items similarly like Defendant, do not then overcharge their customers at the register in the same manner. Petition at ¶¶ 19-20.

Upon information and belief, similar misleading in-store advertisements were present across Defendant's network of stores, including but limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin. *Id.* at ¶ 18.

Plaintiff brings this action on behalf of:

All persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount who did not receive the discount at the point of sale (the "Nationwide Class")

All citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount who did not receive the discount at the point of sale (the "Iowa Class" and, with the Nationwide Class, the "Classes")

*Id.* at ¶ 18.

2

As a result of Defendant's deceptive and unfair practices, Plaintiff, in addition to the relief sought in the Petition, seeks a temporary injunction to require Defendant to (1) prohibit it from not applying the advertised discounts; and (2) prohibit it from collecting taxes on the amount that should have been discounted.

## II.     LEGAL STANDARD

Iowa Rules of Civil Procedure authorizes that a temporary injunction is permissible under any of these circumstances:

> **1.1502(1)** When the petition, supported by affidavit, shows the plaintiff is entitled to relief which includes restraining the commission or continuance of some act which would greatly or irreparably injure the plaintiff.
>
> **1.1502(2)** Where, during the litigation, it appears that a party is doing, procuring or suffering to be done, or threatens or is about to do, an act violating the other party's right respecting the subject of the action and tending to make the judgment ineffectual.
>
> **1.1502(3)** In any case specially authorized by statute.

Iowa R. Civ. P. 1.1502. "Generally, the issuance of an injunction invokes the equitable powers of the court and courts apply equitable principles." *Max 100 L.C. v. Iowa Realty Co.*, 621 N.W.2d 178, 181 (Iowa 2001) (internal citations omitted).

A temporary injunction is generally granted where a party demonstrates a "likelihood of success on the merits" and considers "the circumstances confronting the parties and balance the harm that a temporary injunction may prevent against the harm that may result from its issuance." *Id*. at 181.  (internal citation omitted).

## III.    ARGUMENT

A temporary injunction is necessary to avoid continued irreparable harm to the Plaintiff and putative class.

3

### A. The Harm Which is Ongoing is Well Documented in the Petition.

Defendant deceptively advertises products at its stores with prices that do not match and/or correspond with what it is actually charging at the register. Plaintiff relied on Defendant's representation and paid more money for items than he expected pursuant to Defendants promises. For example, Plaintiff relied on drink can representations stating two for $6.00 but at the register paid $3.50 per can. Petition at ¶¶ 8-12. The discrepancy is profound as illustrated by Plaintiff's receipt (showing Plaintiff was charged $3.50 instead of $3.00 which was promised on Defendant's signage):

```
Casey's# 1125
207 S FRONT ST
HUMESTON, IA 50123
Register 1

7/10/25    11:40:58
Reg:1 Cashier:MARV
Receipt    1156249
Type SALE
-----------------------------------
 1 Four Loko USA 24oz         3.50
 1 Beer Deposit Single        0.05
 1 Four Loko USA 24oz         3.50
 1 Beer Deposit Single        0.05
-----------------------------------
SubTotal                      7.10
State Tax                     0.42
Local/City Tax                0.07
Total                         7.59
-----------------------------------
Received
   MasterCard                 7.59
  MasterCard
```

A temporary injunction here will prevent Plaintiff and putative class members from paying more money than they intended and/or bargained for as a result of Defendant's conduct.

### B. Plaintiff Will Succeed on the Merits.

Plaintiff's claims of Fraud by Omission (I), Unjust Enrichment (II), Fraudulent Misrepresentation (III), Negligent Misrepresentation (IV), and Violation of Iowa Code Chapter 714H (V) are cognizable and will succeed on the merits.

4

At this stage, Plaintiff need only needs to make a "showing of the *likelihood* of success." *PIC USA v. N. Carolina Farm P'ship*, 672 N.W.2d 718, 723 (Iowa 2003) (emphasis in original).

Plaintiff has pled ample and detailed facts proving the elements to these causes of action. For example, Plaintiffs have provided facts illustrating Defendant's fraud (*see* Petition at ¶ 32: "Defendant offered advertised discounts on merchandise that were not applied at the point of sale"); deception (*see* Petition at ¶ 45: "Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff and the members of the Classes to purchase the advertised merchandise."); and unjust enriching (*see* Petition at ¶ 39: "Defendant either knew or should have known that the payments rendered by Plaintiff were given and received with the expectation that advertised discounts would be applied. As such, it would be inequitable for Defendant to retain the benefit of the payments under these circumstances.") has occurred by-way-of Defendant's advertisements as compared to copies of Plaintiff's purchase receipts. *See* Petition at ¶¶ 8-12; *Max 100 L.C.*, 621 N.W.2d at 181 (noting that a temporary injunction is warranted if a party can show "likelihood of success on the merits").

Defendant cannot refute Plaintiff's statutory claim brought under Iowa Code § 714H.3 that it engaged in unlawful acts and practices by, *inter alia*, misrepresenting and omitting material facts with the "intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission" in connection with the advertising and sale of its items. Importantly, "[i]njunctive relief is at the center of CFA civil actions." *State ex rel. Att'y Gen. of Iowa v.*

5

*Autor*, 991 N.W.2d 159, 165 (Iowa 2023); *Max 100 L.C.*, 621 N.W.2d at 181 (noting "the legislature may impose a duty to grant an injunction by specifying conditions in a statute.").

The Petition also includes facts explaining how Defendant's competitors, who represent savings on items similarly like Defendant, do not then overcharge their customers at the register in the same manner (and the Petition at ¶¶ 19-20 includes receipts to that effect). This additional fact bolsters the Petition's chance at being upheld and ultimately successful.

At bottom, Defendant's actions have, and continue to, cost consumers money which amounts to a "an act causing great or irreparable harm" and which necessitates an injunction like the one sought here. *PIC USA v. N. Carolina Farm P'ship*, 672 N.W.2d 718, 723 (Iowa 2003) (citing Iowa R. Civ. P. 1.1502(1)).

**C. Any Balance of Harms Favors the Plaintiff.**

Defendant's actions left unchecked will continue to hurt other similar customers. Customers will have money taken as a result of Defendant's deceptive advertising and sales practices.

Defendant can cure much of its conduct by editing language it provides on its signage and/or ensuring that its register clerks honor those promises. These injunctive modifications are not overly arduous, expensive, or hard to implement for Defendant and they would prevent more harm from occurring. *Max 100 L.C.*, 621 N.W.2d at 181 (citation omitted) ("consider the circumstances confronting the parties and balance the harm that a temporary injunction may prevent against the harm that may result from its issuance.").

6

Without an injunction, unsuspecting customers will continue to rely on Defendant's advertisements and purchase items at Defendant's stores which are then priced higher at the register.

### IV.    CONCLUSION

For the reasons set forth herein, Plaintiff requests an order for a temporary injunction (1) prohibiting Defendant from not applying the advertised discounts at the register as promised; and (2) prohibiting Defendant from collecting taxes on the amount that should have been discounted.

/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:    (515) 223-8887
Email:  goplerud@sagwlaw.com
            marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com
***ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES***
*Pro hac vice forthcoming