IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>Defendant. | Case No. 4:25-cv-00361-SMR-SBJ<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION** |

Defendants slyly avoid telling this Court if: 1) they have made changes to honor discounts without collecting sales tax on the discount, and 2) did so before removing this case to federal court.

**1. Plaintiff Has Shown Likelihood of Irreparable Harm.**

Defendants suggest that because the Iowa state court preliminary injunction standard is only "roughly" the same as the federal standard Plaintiff's motion should be denied. *See* Docket 7 at P.2 and Note 2. They make the argument by omitting the sentence before the language they quote undercutting the point: "As a practical matter, application of federal rather than Iowa law to the question before this court will not be 'outcome determinative . …'" *Curtis 1000, Inc. v. Youngblade*, 878 F. Supp 1224, 1244 (N.D. Iowa 1995). When arguing irreparable harm,[1] Defendants focus all their attention on Plaintiff's individual damages and ignore the harm that

---

[1] Defendants virtually concede the balancing of 1) likelihood of success on the merits, 2) the balance of equities, and 3) the public interest in two sentences on Page 8 suggesting $40 damages overrides all.

even they acknowledge. First, neither Plaintiff nor class members can be sure that any discount Defendants offer will actually be honored on these or any other products absent an injunction. Second, when Plaintiff brings an action "on behalf of themselves and all others similarly situated, it is appropriate for the Court to consider the threat of irreparable harm to the putative class members." *Russo v. NCS Pearson, Inc.*, 462 F. Supp. 2d 981, 990–91 (D. Minn. 2006) (citing cases). Here, neither Plaintiff nor the class members are assured of ever getting taxes wrongfully collected back from Defendants or remitted by Iowa taxing authorities absent an injunction preventing the collection of taxes for unapplied discounts. Third, it is likely that a small minority of class members cannot be "identified through reasonable effort" and thus will never be made whole for their losses. Although Plaintiff expects that most of the class members can be identified by examining Defendants' records including credit/debit card records and rewards program records, for that small population of class members (e.g., cash payors who are not rewards members) they have no adequate remedy at law. This constitutes irreparable harm necessitating the requested injunction. *See Sleep No. Corp. v. Young*, 33 F.4th 1012, 1018 (8th Cir. 2022) (a plaintiff "is not required to prove with certainty the threat of irreparable harm, but it must prove that irreparable injury is likely in the absence of an injunction.").

*Lawson v. DoorDash, Inc.*, on which Defendants relies in support of their 'irreparable harm' argument, is easily distinguishable. There, the plaintiff brought an individual action for damages and equitable relief for the defendant's alleged misrepresentations regarding delivery fees. The court denied his requested injunction because (i) he lacked standing, given that he was unlikely to be deceived by the defendant's representations in the future, and (ii) his individual injury could be remedied by an award of damages. *Lawson v. DoorDash, Inc.*, 658 F. Supp. 3d 707, 711-15 (W.D. Mo. 2023). These issues are absent here because Plaintiff may not get back

wrongfully collected taxes and neither he nor the putative class members can trust an offered discount will be honored absent the TRO.

Defendants' failure to address if they have taken actions to honor discounts and not collect taxes on discounts is further muddied by their procedural posture recitation. Lest there be any mistake, the injunctive motion was filed over a week before this case was removed. However, Defendants take pains to point to the date this Court docketed the motion in federal court. Docket 7 at pp. 3-4. Since it is likely that Defendants took action to apply offered discounts and not improperly collect taxes on discounted amounts prior to removal, there is a distinct possibility that Defendants do not want to 1) suggest that the TRO terms are known and have been implemented, and/or 2) credit Plaintiff's Complaint as the genesis for making the changes.

2. **Plaintiff's Motion is Specific and Notifies Defendants of the Deceptive Conduct.**

Contrary to Defendants' suggestions, Plaintiff's Motion and Petition explain in detail what the requested injunction here will entail and how Defendants may comply with it.

The Petition explains that deceptive representations were made regarding the following items (and the Petition provides photos of representations, and related receipts, as well): cans of LOKO USA, Smirnoff Smash, Blue Moon Belgian, Leinenkugel, Redds Wicked Ale, Club Tails, Sierra Nevada, and packages of Nerds. Petition at ¶¶ 8-20. The prices which unassuming customers pay for these items are much higher at the point of sale than what the representations promise. *See id*. (showing Defendants represented drinks to cost $6.00 (for two cans) but actually charged Plaintiff $3.50 per can at the point of sale—a 50 cent per can, or 16%, overcharging).

Next, the Petition explains that the deceptive advertisements associated with the items were made in Defendants' stores located in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin and

were made "in store" since at least July 2025. *Id*. at ¶¶ 8-18. Receipts included in the Petition include the exact dates of purchase (in July and August) and provide store locations and a unique store-related number presumably associated with that specific store location. *Id*. at ¶ 12.

Defendants, without any factual basis, claim that the representations related to the items Plaintiff purchased "have already expired." *See* Def. Opp. Br. p. 9. By volunteering this evidence, which will be further probed in discovery, Defendants essentially acknowledge that they know exactly which representations are at issue here and are due to be enjoined from further deceptive use—which further belies their argument that the Motion is vague. *See Smithfield Packaged Meats Sales Corp. v. Dietz & Watson, Inc.*, 452 F. Supp. 3d 843, 865 (S.D. Iowa 2020), *modified in part*, No. 120CV00005RGECFB, 2020 WL 5579177 (S.D. Iowa July 24, 2020), and *modified,* No. 120CV00005RGECFB, 2021 WL 2627454 (S.D. Iowa Apr. 23, 2021) ("Smithfield's requested injunction is appropriately tailored…Unless Conrad is enjoined from working with the customers whose program terms he retained, Conrad would be free to use the program terms to advantage Dietz."); *Helzberg's Diamond Shops, Inc. v. Valley W. Des Moines Shopping Ctr., Inc*., 564 F.2d 816, 820 (8th Cir. 1977) (affirming injunction because "[a]lthough the order does not spell out the steps which Valley West is to take, it does provide Valley West with explicit notice that it is not to allow the opening or operation of a fourth full line jewelry store in the Valley West Mall.").

Pursuant to Fed. R. Civ. P. 65, the allegations here are specific and describe in reasonable detail the deceptive acts which need to be further prevented. The allegations adequately put Defendants on notice as to these matters. There is no guesswork here for Defendants to apply their own advertised discounts and not collect taxes on discounted amounts. *Cf. Calvin Klein Cosms. Corp. v. Parfums de Coeur, Ltd*., 824 F.2d 665, 669 (8th Cir. 1987) (noting injunction was too broad and required "Parfums to guess").

Defendants' final two arguments, that an injunction will result in rush of "pedestrian disputes" and that an injunction is not warranted here because it resembles the relief offered within the context of an ICFA claim, *see* Def. Opp. Br. p. 10-11, are easily dispatched. First, and as set forth above, an injunction here will be narrowly tailored to the misrepresentations related to Defendants' own advertisements. Defendants can comply by not advertising a discount or honoring the terms of the discount it chooses to display. Second, Defendants' reliance on *Daniels v. Woodbury County, Iowa* is misguided because *Daniels* only advised in dicta that an injunction is not necessary where a controlling law exists because there was no "clear idea of what conduct" was asked to be "prohibited" there and the courts also lacked the power to create standards. Daniels v. Woodbury Cnty., Iowa, 742 F.2d 1128, 1134-35 (8th Cir. 1984). Following one's own discount language "is [not] ambiguous, and subject to numerous, distinct, and varied good-faith interpretations of its terms."

## 2.  Defendants Can Provide The Court With Bond Information.

Pursuant to Fed. R. Civ. P. 65(c), the Court may "issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  There is no bond requirement for past damages. Even assuming, *arguendo*, that there were such a requirement, Defendants can calculate and request an appropriate amount for a bond. *See Ohlensehlen v. Univ. of Iowa*, 509 F. Supp. 3d 1085, 1105 (S.D. Iowa 2020) ("At the direction of the Court, Defendants submitted evidence of their anticipated financial expenditures … which Defendants acknowledge will still be a cost they must bear even if the swimming and diving programs are eliminated.").  This amount should be easily calculable by Defendants and, interestingly, should mirror the future class-wide damages sought by Plaintiff.

/s/ J. Barton Goplerud
**J. Barton Goplerud, AT0002983**
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD &
WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:    (515) 223-4567
Facsimile:     (515) 223-8887
Email:  goplerud@sagwlaw.com
             marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com
*ATTORNEYS FOR PLAINTIFF AND THE*
*PROPOSED CLASSES*
*Pro hac vice forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ J. Barton Goplerud