# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>   *Plaintiff*,<br><br> v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>   *Defendants*. | Case No. 4:25-cv-00361-SMR-SBJ<br><br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS** |

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................... 1

II.     BACKGROUND ........................................................................................................ 1

III.    LEGAL STANDARD ................................................................................................ 4

IV.     ARGUMENT .............................................................................................................. 5

        A.  This Court Should Dismiss Plaintiff's Fraud-Based Claims ....................................5

            1.  Plaintiff Failed to Plead the Allegedly Fraudulent Statements with Sufficient
                Particularity ....................................................................................................6

            2.  Plaintiff's Fraud Claims Also Fail Because Plaintiff Did Not Adequately Plead
                Materiality .......................................................................................................7

            3.  Plaintiff's Fraud by Omission and Fraudulent Misrepresentation Claims Fail
                Because Plaintiff Did Not Adequately Plead Intent ...............................................9

        B.  Plaintiff's Negligent Misrepresentation Claim Fails Because Defendants Are
            Not in the Business or Profession of Supplying Information for the Guidance of
            Others ............................................................................................................10

        C.  Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law ...............................11

        D.  Plaintiff's Class Allegations Also Fail.....................................................................12

            1.  Plaintiff Proposes Improper Fail-Safe Classes ....................................................13

            2.  A Nationwide Class Cannot Be Certified on Any of Plaintiff's Claims..............15

                a.  A Nationwide Class Cannot Be Certified on Plaintiff's Unjust Enrichment,
                    Fraud, or Negligent Misrepresentation Claims Because Multiple Conflicting
                    State Laws Would Apply...................................................................................16

                b.  A Nationwide Class Cannot Be Certified on the Plaintiff's ICFA Claim
                    Because ICFA Does Not Apply Nationwide ...................................................20

V.      CONCLUSION..................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Adam v. CHW Grp., Inc.*,
   No. 21-cv-19, 2021 WL 7285905 (N.D. Iowa Sept. 9, 2021) ................................ 13, 15

*Am. Online, Inc. v. Nat'l Health Care Discount, Inc.*,
   121 F. Supp. 2d 1255 (N.D. Iowa 2000) ................................................................... 17

*In re Amla Litig.*,
   282 F. Supp. 3d 751 (S.D.N.Y. 2017) ...................................................................... 19

*Anderson v. Zimbelman*,
   842 N.W.2d 852 (N.D. 2014) ................................................................................... 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 4

*Bagelmann v. First Nat'l Bank*,
   823 N.W.2d 18 (Iowa 2012) ............................................................................... 10, 20

*Balentine v. Union Mortg. Co.*,
   No. 91-C-8213, 1994 WL 34256 (N.D. Ill. Feb. 2, 1994) ....................................... 19

*Bechtel v. Fitness Equipment Servs., LLC*,
   339 F.R.D. 462 (S.D. Ohio 2021) ............................................................................ 19

*Behm v. City of Cedar Rapids*,
   922 N.W.2d 524 (Iowa 2019) .................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................... 4

*Boucher v. First Am. Title Ins. Co.*,
   No. C10-199, 2011 WL 1655598 (W.D. Wash. May 2, 2011) ................................. 15

*Brazil v. Dell Inc.*,
   585 F. Supp. 2d 1158 (N.D. Cal. 2008) ................................................................... 15

*In re Bridgestone/Firestone, Inc.*,
   288 F.3d 1012 (7th Cir. 2002) ................................................................................. 21

*Brown v. N. Cent. F.S. Inc.*,
   987 F. Supp. 1150 (N.D. Iowa 1997) ..................................................................... 6, 7

*Buffalo Seafood House LLC v. Republic Servs., Inc.*,
   No. 7:22-cv-1242, 2024 WL 4608308 (D.S.C. Oct. 28, 2024) ................................ 18

*Camey v. Force Factor, LLC*,
   No. 14-14717, 2016 WL 10998440 (D. Mass. May 16, 2016) ............................ 17, 18

*Cleveland v. Whirlpool Corp.*,
   550 F. Supp. 3d 660 (D. Minn. 2021) ...................................................................12

*Com. Prop., Inv. V. Quality Inns*,
   61 F.3d 639 (8th Cir. 1995) ...................................................................................6

*Donelson v. Ameriprise Fin. Servs., Inc.*,
   999 F.3d 1080 (8th Cir. 2021) ....................................................................... *passim*

*Drobnak v. Andersen Corp.*,
   561 F.3d 778 (8th Cir. 2009) .........................................................................11, 12

*E-Shops Corp. v. U.S. Bank Nat. Ass'n*,
   678 F.3d 659 (8th Cir. 2012) ...................................................................................6

*Elson v. Black*,
   56 F.4th 1002 (5th Cir. 2023) .................................................................................18

*Endress v. Iowa Dep't of Hum. Servs.*,
   944 N.W.2d 71 (Iowa 2020) ...................................................................................11

*Ford v. TD Ameritrade Holding Corp.*,
   995 F.3d 616 (8th Cir. 2021) ...........................................................................13, 14

*Gianino v. Alacer Corp.*,
   846 F. Supp. 2d 1096 (C.D. Cal. 2012) .................................................................19

*Golden v. Oahe Enters., Inc.*,
   295 N.W.2d 160 (S.D. 1980) ..................................................................................20

*Grove v. Principal Mut. Life Ins. Co.*,
   14 F. Supp. 2d 1101 (S.D. Iowa 1998) ..................................................................18

*Hale v. Emerson Elec. Co.*,
   942 F.3d 401 (8th Cir. 2019) ...........................................................................16, 22

*Huck v. Wyeth, Inc.*,
   850 N.W.2d 353 (Iowa 2014) .................................................................................10

*Hughes v. Ester C Co.*,
   317 F.R.D. 333 (E.D.N.Y. 2016) ............................................................................19

*Hunter v. Page Cnty.*,
   102 F.4th 853 (8th Cir. 2024) ...................................................................................4

*Iowa Waste Sys., Inc. v. Buchanan Cnty.*,
   617 N.W.2d 23 (Iowa Ct. App. 2000) ....................................................................11

*Jahnke v. Deere & Co.*,
   912 N.W.2d 136 (Iowa 2018) ............................................................20

*Johannessohn v. Polaris Indus. Inc.*,
   450 F. Supp. 3d 931 (D. Minn. 2020), *aff'd*, 9 F.4th 981 (8th Cir. 2021) ..............................21

*Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*,
   211 F.R.D. 228 (S.D.N.Y. 2002) ......................................................19

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
   No. 4:12-cv-221, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) ................................14

*Malone v. Hines*,
   822 S.W.2d 394 (Ark. Ct. App. 1992) ..............................................20

*Mantiply v. Mantiply*,
   951 So.2d 638 (Alaska 2006) ..........................................................20

*In re Marriage of Cutler*,
   588 N.W.2d 425 (Iowa 1999) ............................................................9

*McLeodUSA Telecomms. Servs., Inc. v. Qwest Corp.*,
   469 F. Supp. 2d 677 (N.D. Iowa 2007) ............................................10

*Miramontes v. Ralph Lauren Corp.*,
   No. 22-cv-04192, 2023 WL 3293424 (S.D.N.Y. May 5, 2023) ................................20

*Moeller v. Samsung Electrs. Am., Inc.*,
   623 F. Supp. 3d 978 (S.D. Iowa 2022) ..............................................4

*Mohsen v. Veridian Credit Union*,
   733 F. Supp. 3d 754 (N.D. Iowa 2024) ..............................................4

*Nuss v. Cent. Iowa Binding Corp.*,
   284 F. Supp. 2d 1187 (S.D. Iowa 2003) ..........................................6, 7

*Orduno v. Pietrzak*,
   932 F.3d 710 (8th Cir. 2019) ......................................................13, 15

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ..................................................................21

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) ....................................................17, 18, 20

*Pitts v. Farm Bureau Life Ins. Co.*,
   818 N.W.2d 91 (Iowa 2012) ............................................................10

*Poehl v. Countrywide Home Loans, Inc.*,
   528 F.3d 1093 (8th Cir. 2008) ........................................................................1

*Rapp v. Green Tree Serv., LLC*,
   302 F.R.D. 505 (D. Minn. 2014)......................................................................18

*Rossley v. Drake Univ.*,
   336 F. Supp.3d 959 (S.D. Iowa 2018) ............................................................1

*S. Cnty., Inc. v. First W. Loan Co.*,
   871 S.W.2d 325 (Ark. 1994)............................................................................20

*Schaller Tel. Co. v. Golden Sky Sys., Inc.*,
   298 F.3d 736 (8th Cir. 2002) ..........................................................................2

*Smith v. Peterson*,
   282 N.W.2d 761 (Iowa Ct. App. 1979)........................................................7, 9

*Spread Enters., Inc. v. First Data Merch. Servs. Corp.*,
   298 F.R.D. 54 (E.D.N.Y. 2014) ......................................................................15

*Spreitzer v. Hawkeye State Bank*,
   779 N.W.2d 726 (Iowa 2009) ...................................................................5, 7, 9

*Sprint Commc'ns Co., L.P. v. Aventure Commc'ns Tech., LLC*,
   No. 4:07-cv-00194, 2015 WL 13723189 (S.D. Iowa Apr. 8, 2015).........................2

*In re St. Jude Med., Inc.*,
   425 F.3d 1116 (8th Cir. 2005) ........................................................................21

*State ex rel. Miller v. Vertrue, Inc.*,
   834 N.W.2d 12 (Iowa 2013) .........................................................................8, 9

*Talley v. Gen. Motors, LLC*,
   No. 1:20-cv-01137, 2021 WL 7209448 (D. Del. Nov. 26, 2021)...........................18

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)........................................................................................4

*Thompson v. Jiffy Lube Int'l, Inc.*,
   250 F.R.D. 607 (D. Kan. 2008)........................................................................18

*Thompson v. Vintage Stock, Inc.*,
   No. 4:23-cv-00042, 2024 WL 492052 (E.D. Mo. Feb. 8, 2024), *amended on
   other grounds*, 2024 WL 1636705 (E.D. Mo. Apr. 16, 2024)................................15

*United States ex rel. Joshi v. St. Luke's Hosp., Inc.*,
   441 F.3d 552 (8th Cir. 2006) ..........................................................................6

*Valspar Refinish, Inc. v. Gaylord's, Inc.*,
    764 N.W.2d 359 (Minn. 2009) ............................................................................. 20

*Walters v. Vitamin Shoppe Indus., Inc.*,
    No. 3:14-cv-1173, 2018 WL 2424132 (D. Or. May 8, 2018) ................................ 19

*Watkins v. City of St. Louis*,
    102 F.4th 947 (8th Cir. 2024) ................................................................................ 8

*Webb v. Exxon Mobil Corp.*,
    856 F.3d 1150 (8th Cir. 2017) ............................................................................. 16

*Wheeler v. Subaru of Am., Inc.*,
    451 F. Supp. 3d 1034 (D. Minn. 2020) ................................................................ 12

*Wright v. Brooke Grp. Ltd.*,
    652 N.W.2d 159 (Iowa 2002) ........................................................................ 2, 5, 7

*Young v. Neurobrands, LLC*,
    No. 18-cv-05907, 2020 WL 11762212 (N.D. Cal. Oct. 15, 2020) ....................... 19

**Statutes, Rules & Regulations**

Federal Rule of Civil Procedure 9 ........................................................................ *passim*

Federal Rule of Civil Procedure 12 ...................................................................... *passim*

Federal Rule of Civil Procedure 23 ...................................................................... 4, 16

Federal Rule of Civil Procedure 81 ............................................................................. 4

Iowa Code Chapter 714H ..................................................................................... *passim*

Minnesota Consumer Fraud Act ................................................................................ 21

**Other Authorities**

1 *McLaughlin on Class Actions* § 5:46 (21st ed. 2024) ........................................ 17, 21

Restatement (Second) of Conflict of Laws (1971) ................................................ 17, 18

Restatement (Second) of Torts (1977) ......................................................................... 10

*Wright & Miller's Federal Practice & Procedure* (3d ed. 1998) ................................. 5

## I.    INTRODUCTION

Plaintiff Kit Mason alleges that he was overcharged by a total of $4 when he purchased canned alcoholic beverages from two Iowa Casey's stores on July 10 and 20, 2025. The crux of his complaint is that the alcoholic beverages were on sale, but he was charged the full retail price. Rather than do what a reasonable consumer would do, which is return to the store to seek clarification or a refund, he filed this putative nationwide class action lawsuit.

But this case is anything but a nationwide class action.

Plaintiff's individual and class claims all fail because he has not alleged sufficient information to sustain his fraud-based claims; his vague, conclusory, and unsupported allegations flunk Rule 9's pleading standard. Nor has Plaintiff alleged the required elements of negligent misrepresentation and unjust enrichment. And Plaintiff's class definitions do not fare any better; his class definitions are impermissible fail-safe classes that should and must be stricken. The Court should dismiss Plaintiff's Petition in its entirety.

## II.    BACKGROUND

On August 28, 2025, Plaintiff filed this putative nationwide class action lawsuit in the Iowa District Court for Polk County. (*See generally* ECF No. 1-1 ("Pet.").) In his Petition, Plaintiff alleges that Defendants "operate[] a chain of convenience stores primarily in the Midwest, with more than 2,500 stores in sixteen states." (Pet. ¶ 7[1].) He further alleges that he purchased "certain merchandise" (canned alcoholic beverages) on two occasions from two Iowa Casey's stores but did not receive the advertised discount for that merchandise. (*Id.* ¶¶ 8–13.) Based on the images embedded in the Petition, Plaintiff appears to allege that he was overcharged a total of $4 across

---

[1] For purposes of this motion, Plaintiff's pleaded allegations are presumed true. *See Rossley v. Drake Univ.*, 336 F. Supp.3d 959, 964 (S.D. Iowa 2018); *see also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008).

both purchases. Plaintiff does not allege anything else about those purchases. (*See generally id.*) Instead, Plaintiff merely asserts that Defendants have a uniform "practice" of failing to apply advertised promotional discounts at the point of sale. (*Id*. ¶¶ 1, 14–18.)

Plaintiff's resulting legal claims are for (1) fraud by omission[2]; (2) unjust enrichment; (3) fraudulent misrepresentation; (4) negligent misrepresentation; and (5) violation of Iowa Code chapter 714H, the Iowa Consumer Fraud Act ("ICFA"). (*Id*. at 23–28.) Plaintiff purports to bring these claims on behalf of himself and two putative classes: (1) "[a]ll citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount who did not receive the discount at the point of sale" (the "Iowa Class"); and (2) "[a]ll persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount who did not receive the discount at the point of sale" (the "Nationwide Class"). (*Id*. ¶ 21.)

Plaintiff's class claims appear to arise from a so-called "investigation" consisting of eight purchases that resulted in nine purported instances[3] in which Defendants allegedly failed to apply advertised discounts. (*See id*. ¶ 14.) For each instance of an alleged overcharge, Plaintiff included a photo of an alleged promotion and a clipped excerpt of a receipt for the alleged purchase of items that were allegedly the subject of that promotion. (*See id*.) There is no purchaser identified for any of the "investigation" purchases, and many of the receipt excerpts are missing the date of the

---

[2] Iowa courts refer to this claim as "fraudulent nondisclosure." *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002) ("Iowa law recognizes a cause of action for fraudulent misrepresentation based on nondisclosure of material facts."); *see also Sprint Commc'ns Co., L.P. v. Aventure Commc'ns Tech., LLC*, No. 4:07-cv-00194, 2015 WL 13723189, at *42 (S.D. Iowa Apr. 8, 2015); *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 174 (Iowa 2002). Nevertheless, for purposes of this Brief, Defendants refer to the claim as "fraud by omission" as pleaded.

[3] One receipt for $40.83 appears on page 9 of the Petition underneath a photo of a "Mix & Match 2/$7" promotion and again on page 11 underneath a photo of a "NERDS & SweeTARTS Bag Candy 2/$5" promotion. (Pet. at 9, 11.)

purchase and/or location of the store. The purchases appear to be for items such as Four Loko and Smirnoff Ice canned alcoholic beverages, Nerds bagged candy, and Blue Moon canned beer. (*Id.*) Plaintiff alleges that "similar misleading in-store advertisements were present across Defendant's network of stores, including but limited [sic][4] to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin." (*Id.* ¶ 18.) Beyond this conclusory statement, Plaintiff provides no further allegations whatsoever regarding these "similar" advertisements.

Plaintiff further alleges that all "advertisements expressly state that rebates will be given at the register," (*id.* ¶ 17), but there is considerable variation among the promotions identified in the Petition. Some of them require the purchase of two qualifying items, while others require the purchase of three. (*Id.* ¶¶ 8–14.) The selected promotions vary in terms of the number of qualifying items to which they apply (*i.e.*, one promotion applied to "any variety" of Smirnoff Ice canned beverages, another applied only to Blue Moon and Leinenkugel's canned beer, and yet another allowed the customer to "mix and match" several different types of canned beer to qualify for the promotion price). (*Id.*) The discount amount differs, too, ranging from $1.00 to $7.00. (*Id.*) The promotions had different durations, with some promotions running for less than three weeks and others running for months. (*Id.*) And although the Petition seeks damages for alleged overcharges occurring as far back as August 23, 2023, (*id.* ¶ 21), none of the promotions identified in the Petition is dated prior to June 30, 2025. (*Id.* ¶¶ 8–14.)

---

[4] Defendants presume that Plaintiff intended to plead his claims as "including but *not* limited to" the listed states. Defendants proceed with this Brief accordingly.

### III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[5] "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Additionally, claims sounding in fraud, including Plaintiff's ICFA, fraud by omission, and fraudulent misrepresentation claims, are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Moeller v. Samsung Electrs. Am., Inc.*, 623 F. Supp. 3d 978, 986 (S.D. Iowa 2022); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007); *see also Mohsen v. Veridian Credit Union*, 733 F. Supp. 3d 754, 773 (N.D. Iowa 2024) ("ICFA claims are subject to Fed. R. Civ. P. 9(b)'s heightened pleading standard . . . ."). Under Rule 9(b), Plaintiff "must state *with particularity* the circumstances constituting fraud or mistake." *Mohsen*, 733 F. Supp. 3d at 773 (emphasis added); *see also Moeller*, 623 F. Supp. 3d at 986–87 (stating that Rule 9(b) requires the party to state the "who, what, when, where and how of [its] Iowa Consumer Fraud Act claim").

Finally, Rule 23(d)(1)(D) authorizes courts to "require that the pleadings be amended to eliminate allegations about representation of absent persons[.]" Fed. R. Civ. P. 23(d)(1)(D). The Eighth Circuit has likewise approved striking class-action allegations under Rule 12(f) where "it

---

[5] Because this case was properly and timely removed from Iowa state court, the federal pleading standard applies. *Hunter v. Page Cnty.*, 102 F.4th 853, 874 (8th Cir. 2024) ("[M]atters removed to federal court are governed by the current federal pleading standard."); *see* Fed. R. Civ. P. 81(c)(1).

is 'apparent from the pleadings that the class cannot be certified.'" *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021) (quoting 5C *Wright & Miller's Federal Practice & Procedure* § 1380 (3d ed. 1998)).

## IV.    ARGUMENT

Plaintiff fails to sufficiently plead his fraud-based claims pursuant to the requirements of Rules 9(b) and 12(b)(6), and he fails to plead the necessary elements with respect to his negligent misrepresentation and unjust enrichment claims. Therefore, this Court should dismiss Plaintiff's Petition in its entirety.

To the extent that any of Plaintiff's individual claims survive, Plaintiff's class claims should be dismissed because Plaintiff has pleaded improper fail-safe classes. Alternatively, this Court should dismiss Plaintiff's claims purportedly stated on behalf of the Nationwide Class, which fail because of the various state laws they implicate.

### A.    This Court Should Dismiss Plaintiff's Fraud-Based Claims

While Plaintiff's fraud by omission, fraudulent misrepresentation, and ICFA claims are distinct, they all require defendant to have made the fraudulent representation or concealment of a material fact. *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 174 (Iowa 2002) (fraud by omission); *Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 735 (Iowa 2009) (fraudulent misrepresentation); Iowa Code § 714H.3(1) (ICFA). Plaintiff's fraud-based claims fail for two reasons: first, Plaintiff failed to plead the allegedly fraudulent statements with particularity with respect to the "investigation" purchases or any alleged "similar misleading in-store advertisements"; and second, Plaintiff failed to sufficiently plead the necessary element of materiality with respect to all purchases and promotions. For these reasons, this Court should dismiss Plaintiff's fraud by omission, fraudulent misrepresentation, and ICFA claims.

### 1.    Plaintiff Failed to Plead the Allegedly Fraudulent Statements with Sufficient Particularity

Plaintiff's fraud-based claims fail because Plaintiff failed to plead with sufficient particularity the alleged fraudulent statements at issue with respect to the so-called "investigation" and any unspecified "similar misleading in-store advertisements." (*Id.* ¶¶ 14, 18.) As stated above, Rule 9(b) requires a party "alleging fraud or mistake" to "state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). To satisfy this requirement, a plaintiff alleging a fraud claim must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nuss v. Cent. Iowa Binding Corp.*, 284 F. Supp. 2d 1187, 1193 (S.D. Iowa 2003) (quoting *Brown v. N. Cent. F.S. Inc.*, 987 F. Supp. 1150, 1155 (N.D. Iowa 1997)). This "requires more than . . . conclusory and generalized allegations." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006); *see also Com. Prop., Inv. V. Quality Inns*, 61 F.3d 639, 644 (8th Cir. 1995) ("[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.").

First, Plaintiff fails to sufficiently plead the "who, what, when, where, and how surrounding the alleged fraud" with respect to his so-called "investigation," and those claims thereby fail to meet the Rule 9(b) standard. *See E-Shops Corp. v. U.S. Bank Nat. Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012) (internal quotation omitted). For each of the eight purchases made pursuant to the "investigation," Plaintiff fails to identify the purchaser (*i.e.*, the person to whom the allegedly fraudulent representation was made), and, for many of them, Plaintiff also fails to identify the location of the purchase (*i.e.*, where the allegedly fraudulent representation was made), and/or the date and time of the purchase (*i.e.*, when the allegedly fraudulent misrepresentation was made). (Pet. ¶ 14.) In the absence of pleading these critical details, Plaintiff falls short of Rule 9(b)'s

heightened pleading requirement with respect to the so-called "investigation." *Nuss*, 284 F. Supp. 2d at 1193 (quoting *Brown*, 987 F. Supp. at 1155).

Moreover, Plaintiff's claims predicated on "similar misleading in-store advertisements" fare even worse. (Pet. ¶ 16.) In addition to suffering the same pleading infirmities as the so-called "investigation" (*i.e.*, failing to identify the person to whom, where, or when the representation was made), this allegation contains no information about the *content* of any allegedly fraudulent representations. Without a more specific allegation from Plaintiff, Defendants and the Court are left to guess which promotion or promotions Plaintiff believes are at issue.

Rule 9(b) prohibits Plaintiff from proceeding with his fraud claims based on a guess or an assumption that Defendants may have made unidentified fraudulent statements of some sort at some time between August 28, 2023, and the present at any one or more of their thousands of stores. This is not a sufficiently particularized allegation; it is a fishing expedition.

This Court should dismiss the fraud-based claims related to the "investigation" purchases and any alleged "similar misleading in-store advertisements" for failure to meet the pleading standards set forth in Rule 9(b).

### 2. Plaintiff's Fraud Claims Also Fail Because Plaintiff Did Not Adequately Plead Materiality

A common element among all of Plaintiff's fraud-based claims is that the representation at issue must be material. *Wright*, 652 N.W.2d at 174 (fraud by omission); *Spreitzer*, 779 N.W.2d at 735 (fraudulent misrepresentation); Iowa Code § 714H.3(1) (ICFA). With respect to fraud by omission and fraudulent misrepresentation claims, "[m]ateriality has been found where a fact influences a person to enter into a transaction, where it deceives him or induces him to act, or where the transaction would not have occurred without it." *Smith v. Peterson*, 282 N.W.2d 761, 765 (Iowa Ct. App. 1979) (collecting cases). Similarly, with respect to ICFA claims, a statement

of fact is only material if both it creates a "misleading impression . . . involv[ing] information that is important to consumers" *and* is therefore "likely to affect their choice of, or conduct regarding, a product." *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 34 (Iowa 2013) (citation modified). In other words, for a fact to be "material" for purposes of a fraud by omission, fraudulent misrepresentation, or ICFA claim, the fact must *both* be important to *and* have actually impacted a person's purchasing decision.

However, with respect to his fraudulent misrepresentation claim, Plaintiff does not plead that any of Defendants' statements were material. (Pet. ¶¶ 43–49.) With respect to his fraud by omission claim, Plaintiff merely alleges that "[r]easonable consumers *would have* considered the advertised discounts to be important in making their purchases." (*Id.* ¶ 33 (emphasis added).) Similarly, with respect to his ICFA claim, Plaintiff alleges that "[a] reasonable customer *would have* considered Defendant's advertisements material in deciding whether to purchase the merchandise." (*Id.* ¶ 66 (emphasis added).)

These materiality allegations suffer from two deficiencies. First, Plaintiff does not say that *he* considered the advertised discounts to be important or material; instead, he generically alleges that "reasonable consumers" purportedly consider them so. (*Id.*) This conclusory allegation is entitled to no weight. *See Watkins v. City of St. Louis*, 102 F.4th 947, 953 (8th Cir. 2024) ("Conclusory assertions that are unsupported by facts will not satisfy [the Rule 12(b)(6)] pleading standard."). Second, even if this Court finds that Plaintiff himself may be deemed to fall under the umbrella of the alleged "reasonable consumers" who considered the advertised discounts to be important or material, Plaintiff does not allege that *his* purchasing decisions were affected in fact by the representations; and the qualifying phrase "would have" in pleaded allegations likewise indicates that no other specific purchaser's purchasing decision is claimed to have been affected

in fact. *See Smith*, 282 N.W.2d at 765; *Vertrue*, 834 N.W.2d at 34. The omission of pleaded facts to establish this critical element is fatal to Plaintiff's fraud-based claims.

Because Plaintiff failed to sufficiently plead the element of materiality, this Court should dismiss Plaintiff's fraud-based claims.

> ### 3.    Plaintiff's Fraud by Omission and Fraudulent Misrepresentation Claims Fail Because Plaintiff Did Not Adequately Plead Intent

Finally, to properly allege fraud by omission and fraudulent misrepresentation claims, the plaintiff must plead that the defendant intended to deceive the plaintiff. *In re Marriage of Cutler*, 588 N.W.2d 425, 430 (Iowa 1999) (fraud by omission); *Spreitzer*, 779 N.W.2d at 735 (fraudulent misrepresentation). Plaintiff did not do so.

Plaintiff does not allege any intent on the part of Defendants in the Factual Allegations of his Petition. Moreover, Plaintiff does not plead intent at all with respect to his fraud by omission claim; he omits that element entirely. (Pet. ¶¶ 31–36.) With respect to his fraudulent misrepresentation claim, Plaintiff alleges that "Defendant intentionally and knowingly made . . . misrepresentations" and that "Defendant *allowed* its advertisements to intentionally mislead consumers." (*Id.* ¶¶ 45–46 (emphasis added)). Elsewhere, Plaintiff claims that "Defendant intended for Plaintiff and the members of the Classes to rely on its advertising," (*id.* ¶ 67), but Plaintiff noticeably stops short of claiming that Defendants intended to deceive Plaintiff. For this reason, this Court should dismiss Plaintiff's fraud by omission and fraudulent misrepresentation claims.

**B.    Plaintiff's Negligent Misrepresentation Claim Fails Because Defendants Are Not in the Business or Profession of Supplying Information for the Guidance of Others**

In addition to the failure to sufficiently plead his fraud-based claims, Plaintiff also fails to sufficiently plead his negligent misrepresentation claim. The elements of a claim for negligent misrepresentation are:

> (1) the defendant was in the business or profession of supplying information to others; (2) the defendant intended to supply information to the plaintiff or knew that the recipient intended to supply it to the plaintiff; (3) the information was false; (4) the defendant knew or reasonably should have known that the information was false; (5) the plaintiff reasonably relied on the information in the transaction that the defendant intended the information to influence; (6) and the false information was the proximate cause of damage to the plaintiff.

*McLeodUSA Telecomms. Servs., Inc. v. Qwest Corp.*, 469 F. Supp. 2d 677, 692 (N.D. Iowa 2007) (internal quotation omitted); *see also Bagelmann v. First Nat'l Bank*, 823 N.W.2d 18, 30 (Iowa 2012) (citing Restatement (Second) of Torts § 552, at 126–27 (1977)). Plaintiff's bare recitation of some of these elements both is conclusory and fails as a matter of law, particularly because Defendants are not in the business or profession of supplying information for the guidance of others as that element is defined in the case law.

"[T]he tort of negligent misrepresentation *does not apply to sellers of products* but rather is limited to those in the business or profession of supplying information for the guidance of others." *Huck v. Wyeth, Inc.*, 850 N.W.2d 353, 371 (Iowa 2014) (emphasis added) (citing *Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91, 111 (Iowa 2012)). "Federal courts applying Iowa law likewise hold the tort of negligent misrepresentation does not apply to sellers of products . . . ." *Id.* at 372 (citing federal cases).

Here, it is undisputed that Defendants are "sellers of products" and simply are not in the business or profession of supplying information in an advisory capacity for the guidance of others. Plaintiff concedes as much in his Petition, alleging that Defendants "operate[] a chain of

convenience stores" and predicating his claims on allegedly wrongful conduct involving the sale of products. (*See* Pet. ¶¶ 7–14.) Accordingly, the Court should dismiss Plaintiff's claim for negligent misrepresentation.

### C.    Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law

Next, Plaintiff fails to plead a proper claim for unjust enrichment because his unjust enrichment claim is foreclosed by the presence of his fraud claims. The elements of unjust enrichment are: "(1) enrichment of the defendant, (2) at the expense of the plaintiff, (3) under circumstances that make it unjust for the defendant to retain the benefit." *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 80 (Iowa 2020) (quoting *Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 577 (Iowa 2019)). Unjust enrichment is an equitable remedy, *see Iowa Waste Sys., Inc. v. Buchanan Cnty.*, 617 N.W.2d 23, 30 (Iowa Ct. App. 2000), and a district court properly dismisses a claim for such equitable relief where an "adequate legal remedy exists." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009).

A plaintiff cannot plead unjust enrichment where he has an adequate remedy at law. In *Drobnak*, the plaintiffs brought a lawsuit against a window manufacturer on behalf of themselves and a putative class of purchasers of the defendant's windows. *Id.* at 780. The plaintiffs alleged that the defendant's windows were defective and asserted claims for "violations of Minnesota's version of the Uniform Commercial Code, various fraud-based claims, and an equitable cause of action for unjust enrichment." *Id.* at 781. The district court dismissed the plaintiffs' fraud-based claims for failure to satisfy Rule 9(b)'s pleading standards and dismissed their U.C.C.-based claims for failure to provide the statutorily required notice. *Id.* at 782. The Eighth Circuit affirmed the dismissal of the fraud claims and U.C.C. claims. *Id.* at 784–86. The Eighth Circuit also upheld the dismissal of the plaintiffs' unjust enrichment claim, noting that it arose from the same facts as their fraud and U.C.C. claims and holding that "plaintiffs would have had an adequate legal remedy

against [the defendant] if they had adhered to the statutory notice and Rule 9(b) pleading requirements." *Id.* at 787. In other words, because the plaintiffs would have had an adequate remedy at law if they had properly pleaded their fraud and U.C.C. claims, the court would not allow the plaintiffs to assert an unjust enrichment claim to function merely as a backstop for their pleading failures. *Id.*; *see also Cleveland v. Whirlpool Corp.*, 550 F. Supp. 3d 660, 671 (D. Minn. 2021) ("Indeed, because the existence of an adequate legal remedy bars unjust enrichment recovery, such claims will be dismissed *even if* the claims giving rise to the legal remedy were inadequately pled."); *Wheeler v. Subaru of Am., Inc.*, 451 F. Supp. 3d 1034, 1039–40 (D. Minn. 2020) (same).

Like the plaintiffs in *Drobnak*, Plaintiff's unjust enrichment claim arises from the same set of facts as Plaintiff's fraud-based claims, Plaintiff failed to sufficiently plead his fraud-based claims, and Plaintiff would have had an adequate legal remedy had he sufficiently pleaded them. *Drobnak*, 561 F.3d at 787. Accordingly, Plaintiff's unjust enrichment claim fails, and this Court should dismiss it.

### D.    Plaintiff's Class Allegations Also Fail

As outlined above, all of Plaintiff's claims fail to meet the pleading standards set forth in Rule 12(b)(6) and Rule 9(b), and this Court should dismiss Plaintiff's Petition in its entirety.

However, to the extent any of Plaintiff's claims survive, independent of the failures of Plaintiff's individual claims on the merits, Plaintiff's attempted *class* claims separately fail as well. Because it is "apparent from the pleadings that the class cannot be certified," the Court should exercise its "liberal discretion to strike pleadings under Rule 12(f)" by striking Plaintiff's class allegations as described below. *Donelson*, 999 F.3d at 1091–92 (citation omitted) (reversing district court for failing to strike improper class allegations). Failing to do so would prejudice Defendants

by requiring them to mount "a defense against claims that ultimately cannot be sustained." *Id.* at 1092 (citation omitted).

### 1. Plaintiff Proposes Improper Fail-Safe Classes

First, *all* Plaintiff's class claims fail because the proposed classes "incorporate[] . . . contested elements of liability" into their definitions and are thus impermissible "[f]ail-safe class[es]." *Ford v. TD Ameritrade Holding Corp.*, 995 F.3d 616, 624 (8th Cir. 2021).

A fail-safe class definition is one that assumes its own conclusion on the merits. In a fail-safe class definition, if a person has a valid claim on the merits, they are included in the class, but if they don't have a valid claim, they are excluded. *See id.* Such class definitions are prohibited because they "require a court to rule on the merits of the claim . . . in order to tell who was included in the class." *Adam v. CHW Grp., Inc.*, No. 21-cv-19, 2021 WL 7285905, at *10 (N.D. Iowa Sept. 9, 2021) (citation modified and internal citation omitted). That would improperly "allow putative class members to seek a remedy but not be bound by an adverse judgment—either those class members win or, by virtue of losing, they are not in the class and are not bound." *Orduno v. Pietrzak*, 932 F.3d 710, 716 (8th Cir. 2019) (citation modified and internal citation omitted). Moreover, a "fail-safe class is also unmanageable . . . because the court cannot know to whom notice should be sent." *Id.* at 717.

Here, Plaintiff proposes two fail-safe classes:

<u>Nationwide Class</u>: "All persons who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores subject to an advertised discount ***who did not receive the discount at the point of sale***[.]"

<u>Iowa Class</u>: "All citizens of the State of Iowa who, from August 28, 2023 to the present, purchased merchandise from one of Defendant's stores in Iowa subject to an advertised discount ***who did not receive the discount at the point of sale***[.]"

(Pet. ¶ 21 (emphases added).) By defining the proposed classes as including "[a]ll persons" nationwide and "[a]ll citizens of the State of Iowa" "who did not receive the discount at the point

13

of sale," (*id.*), Plaintiff improperly "incorporates . . . contested elements of liability" into his class definitions. *Ford*, 995 F.3d at 624. Indeed, only those individuals who purportedly have "a valid claim on the merits" are included in these definitions. *Id.*

The case of *Oom v. Michaels Cos. Inc.* is instructive. *See* No. 1:16-cv-257, 2017 WL 3048540 (W.D. Mich. July 19, 2017). There, the plaintiffs brought a class action lawsuit, alleging that they "paid for custom-framing" from a Michaels store yet "received lesser-value framing that damaged their art." *Id.* at *1. They proposed two classes—a "Nationwide Class" and a "Michigan Class" of persons "who purchased custom framing products . . . and who did not receive [the custom-framing products in question]." *Id.* The federal district court concluded that these class definitions were impermissible "fail-safe" classes. *Id.* at *7. Because the proposed classes included "not just customers who ordered [custom framing]" but rather "anyone who paid for [custom framing *and* did not receive [it]," they consisted only of customers who were "entitled to relief." *Id.* at *5. Since nothing could be done to remedy this "fail-safe problem," the court struck the plaintiffs' class allegations. *Id.* (reasoning that "removing the requirement that a member did not receive [custom framing] would remedy the fail-safe problem" but "render the class over-inclusive" by covering "all individuals who purchased [the framing], even if they received [it]").

So too here. Like the fatally flawed class definitions in *Oom*, Plaintiff's proposed classes do not merely consist of "customers who [purchased merchandise subject to an advertised discount]" but rather "anyone who paid for [merchandise subject to an advertised discount] *and* did not receive" the discount. *See id.* Allowing these classes to proceed would require the Court "to engage in an improper merits evaluation" of each class member's allegations "to determine who is in the class," rendering "class treatment . . . inappropriate and unmanageable." *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-cv-221, 2013 WL 275568, at *4 (E.D. Mo. Jan.

24, 2013) (citation omitted); *cf. Brazil v. Dell Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008) (holding that proposed class consisting of persons who purchased products that were "falsely advertised as discounted" was an improper fail-safe class); *Boucher v. First Am. Title Ins. Co.*, No. C10-199, 2011 WL 1655598, at *5 (W.D. Wash. May 2, 2011) ("Only those customers who did not receive the 'fully and correctly discounted price' are members of the class."); *Spread Enters., Inc. v. First Data Merch. Servs. Corp.*, 298 F.R.D. 54, 69–70 (E.D.N.Y. 2014) (finding certification impermissible where the proposed classes consisted of members who "were charged excessive fees" because class membership hinged on a determination that the defendants "overcharg[ed]" plaintiffs).

That is the very definition of the "fail-safe" problem. *See Orduno*, 932 F.3d at 716–17. And like *Oom*, this problem cannot be fixed. "[R]emoving the requirement that a [customer did not receive the discount at the point of sale]" would "render the class over-inclusive: it would include all [customers who purchased merchandise subject to an advertised discount], even if they received" the discount. 2017 WL 3048540, at *5.

Improper fail-safe class definitions can and should be remedied at the pleadings stage. Under *Donelson*, courts are "not required . . . to wait until" the class-certification stage "to address fail-safe classes." *Thompson v. Vintage Stock, Inc.*, No. 4:23-cv-00042, 2024 WL 492052, at *9 (E.D. Mo. Feb. 8, 2024), *amended on other grounds*, 2024 WL 1636705 (E.D. Mo. Apr. 16, 2024). If a pleading proposes a fail-safe class, the Court may strike the class allegations. *See id.* at * 9– 10; *Adam*, 2021 WL 7285905, at *10–11. Because irreparable fail-safe classes are precisely what Plaintiff proposes here, the Court should strike all of Plaintiff's class allegations.

### 2.    A Nationwide Class Cannot Be Certified on Any of Plaintiff's Claims

Plaintiff does not specifically plead which states comprise his Nationwide Class, and the Petition is unclear. Plaintiff alleges that "Defendant[s] operate[] a chain of convenience stores . . .

in sixteen states." (Pet. ¶ 7.) But the so-called "investigation" related to alleged transactions in only two states (Iowa and Nebraska, although none of the receipt excerpts contain any overt indication that the purchase occurred at a location in Nebraska), (*id.* ¶ 14), and Plaintiff further alleges that "similar misleading in-store advertisements were present across Defendant's network of stores, including but [not][6] limited to those in Iowa, Nebraska, Minnesota, Missouri, and Wisconsin," singling out those five specific states for unstated reasons. (*Id.* ¶ 18.) However, for purposes of this Brief, Defendants assume that Plaintiff intended for his Nationwide Class claims to apply to all states in which it operates.[7]

Plaintiff's failure to specify which states comprise his Nationwide Class are just the start of the problems with his Nationwide Class claims. If the Court does not dismiss Plaintiff's claims on the merits or strike Plaintiff's class allegations as impermissibly fail-safe, the Court should at least strike Plaintiff's *nationwide* class allegations.

> **a.    A Nationwide Class Cannot Be Certified on Plaintiff's Unjust Enrichment, Fraud, or Negligent Misrepresentation Claims Because Multiple Conflicting State Laws Would Apply**

In a putative nationwide class action, predominance and superiority under Rule 23(b)(3) are lacking if "proceeding as a class action . . . would potentially invite the application of multiple conflicting state laws." *Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1157 (8th Cir. 2017); *see also Hale v. Emerson Elec. Co.*, 942 F.3d 401, 404 (8th Cir. 2019). Because it is evident from the face of the complaint that a nationwide class of unjust enrichment, negligent misrepresentation, and fraud claimants would require the "application of multiple conflicting state laws," the Court can

---

[6] *See supra* footnote 4.

[7] Today, Casey's has stores in the following nineteen states: Alabama, Arkansas, Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, Oklahoma, South Dakota, Tennessee, Texas, and Wisconsin. *About Us*, Casey's, https://www.caseys.com/about-us.

and should strike the nationwide class allegations for those claims at the pleading stage. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946–49 (6th Cir. 2011) (affirming dismissal of putative nationwide class allegations on these grounds); *see also Donelson*, 999 F.3d at 1092 (favorably citing *Pilgrim*).

Starting with unjust enrichment, multiple states' laws would apply to Plaintiff's nationwide claims because, "[i]n the consumer protection context, the law applicable to unjust enrichment claims ordinarily is the law of the state where [the] defendant allegedly made material misrepresentations to each putative class member." 1 *McLaughlin on Class Actions* § 5:46 (21st ed. 2024); *see also Pilgrim*, 660 F.3d at 946 ("[T]he State with the strongest interest in regulating [consumer protection and unjust enrichment claims] is the State where the consumers . . . are harmed by it."); *Am. Online, Inc. v. Nat'l Health Care Discount, Inc.*, 121 F. Supp. 2d 1255, 1270 (N.D. Iowa 2000) (applying law of state where economic injury was allegedly sustained to unjust enrichment claim). Indeed, "there is broad agreement among the federal courts that multistate classes pursuing unjust enrichment claims must do so under the laws of *each state* involved." *Camey v. Force Factor, LLC*, No. 14-14717, 2016 WL 10998440, at *6 (D. Mass. May 16, 2016) (emphasis added). After all, "[n]o putative class member nor any defendant could reasonably expect the . . . unjust enrichment laws of one state to govern sales that took place in another." *Id.*; *see also* Restatement (Second) of Conflict of Laws § 221 cmt. d (1971) (noting that the "place where the benefit or enrichment was received" will "usually be" the contact "of greatest importance . . . where the claim to restitution does not stem from any relationship between the parties").

Because "the laws of the 50 states differ substantially on many questions" related to unjust enrichment, Plaintiff's unjust enrichment claim is not "amenable to national or even to multistate

class treatment." *Rapp v. Green Tree Serv., LLC*, 302 F.R.D. 505, 519 (D. Minn. 2014). These material variations in state law mean that "legal questions individual to class members would substantially predominate over legal questions common to the class." *Id.* For that reason, "courts have long held that the laws of unjust enrichment are not appropriate for nationwide class action treatment." *Buffalo Seafood House LLC v. Republic Servs., Inc.*, No. 7:22-cv-1242, 2024 WL 4608308, at *64 (D.S.C. Oct. 28, 2024); *see also Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 626 (D. Kan. 2008) ("[F]ederal courts have generally refused to certify a nationwide class based upon a theory of unjust enrichment."). And they have routinely done so at the pleading stage. *See, e.g.*, *Elson v. Black*, 56 F.4th 1002, 1005–08 (5th Cir. 2023) (affirming dismissal of putative nationwide class allegations based on state consumer-protection violations and unjust enrichment because it was "clear from the face of the pleadings" that "variations in state law . . . swamp any common issues and defeat predominance"); *Pilgrim*, 660 F.3d at 946–49 (affirming dismissal of putative nationwide unjust enrichment and consumer-protection claims because the "laws of the potential class members' home States will govern their claims" and because those laws "var[ied] in material ways"); *Camey*, 2016 WL 10998440, at *7–9 (striking putative nationwide unjust enrichment allegations); *Talley v. Gen. Motors, LLC*, No. 1:20-cv-01137, 2021 WL 7209448, at *9–10 (D. Del. Nov. 26, 2021) (same).

This rationale likewise dooms Plaintiff's putative nationwide class allegations of negligent misrepresentation and fraud. "For claims of fraud or misrepresentation, Iowa [typically] applies the law of the state where the false representations were made and received." *Grove v. Principal Mut. Life Ins. Co.*, 14 F. Supp. 2d 1101, 1106 (S.D. Iowa 1998) (quoting Restatement (Second) of Conflict of Laws § 148(1) (1971)) (citation modified). Thus, Plaintiff's claims would implicate multiple states' laws—and those laws differ.

Given these variations, courts across the country have held that negligent misrepresentation claims are not amenable to nationwide class certification. *See, e.g.*, *Hughes v. Ester C Co.*, 317 F.R.D. 333, 352 (E.D.N.Y. 2016) (refusing to certify nationwide class due to "sufficiently significant variations between the laws of the fifty states" on negligent misrepresentation, including "that not every State recognizes the tort of negligent misrepresentation, and some states only recognize it under certain circumstances"); *In re Amla Litig.*, 282 F. Supp. 3d 751, 762 (S.D.N.Y. 2017) ("[S]tate laws regarding negligent misrepresentation differ drastically."); *Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1102 (C.D. Cal. 2012) (declining to certify nationwide classes based on negligent misrepresentation due to "material" differences among states' laws); *Bechtel v. Fitness Equipment Servs., LLC*, 339 F.R.D. 462, 481 (S.D. Ohio 2021) (same).

The same is true for fraud claims. *See, e.g.*, *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) ("The elements of fraud vary greatly from state to state, with respect to elements including mitigation, causation, damages, reliance, and the duty to disclose[,]" rendering nationwide class certification for fraud claims "inappropriate."); *Young v. Neurobrands, LLC*, No. 18-cv-05907, 2020 WL 11762212, at *9 (N.D. Cal. Oct. 15, 2020) (observing that "material differences exist between the laws of different states with regard to Plaintiffs' common law claim[] for fraud"); *Balentine v. Union Mortg. Co.*, No. 91-C-8213, 1994 WL 34256, at *5 (N.D. Ill. Feb. 2, 1994) (concluding that nationwide class allegations of fraud were "not manageable because of the myriad of state laws that would have to be considered"); *Walters v. Vitamin Shoppe Indus., Inc.*, No. 3:14-cv-1173, 2018 WL 2424132, at *8 (D. Or. May 8, 2018) (striking nationwide class allegations of fraud because "state law on fraud varies materially").

Here, Plaintiff's putative nationwide class would sweep in claims by Defendants' customers in Alabama (where "unconscionable conduct" is an element of an unjust enrichment

claim) as well as Arkansas (where "unjust enrichment does not require the performance of any wrongful act by the one enriched"). *Compare Mantiply v. Mantiply*, 951 So.2d 638, 654–55 (Alaska 2006), *with Malone v. Hines*, 822 S.W.2d 394, 398 (Ark. Ct. App. 1992). It would further encompass claims by Defendants' customers in Arkansas (which does not recognize negligent misrepresentation) as well as Minnesota (which does). *Compare S. Cnty., Inc. v. First W. Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994), *with Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009). And the class would also cover claims by Defendants' customers in South Dakota (where fraud need only be established by a preponderance of the evidence) as well as North Dakota (where clear and convincing evidence is required). *Compare Golden v. Oahe Enters., Inc.*, 295 N.W.2d 160, 164 n.2 (S.D. 1980), *with Anderson v. Zimbelman*, 842 N.W.2d 852, 857 (N.D. 2014). Such variability is the "central defect" in Plaintiff's nationwide class theory, and no amount of discovery can cure it. *Pilgrim*, 660 F.3d at 949.

Because Plaintiff's claims implicate many different states' laws and are fraught with idiosyncrasies that vary from state to state, this Court should strike Plaintiff's nationwide class allegations of unjust enrichment, negligent misrepresentation, and fraud now.

### b.    A Nationwide Class Cannot Be Certified on the Plaintiff's ICFA Claim Because ICFA Does Not Apply Nationwide

Plaintiff's ICFA claim is unsuitable for nationwide class certification for three reasons.

*First*, ICFA does not apply extraterritorially. As the Iowa Supreme Court has repeatedly affirmed, "[i]t is a well-settled presumption that state statutes lack extraterritorial reach unless the legislature clearly expresses otherwise." *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018). By its own terms, ICFA lacks any clear, express indication that it was intended to apply outside Iowa. *See* Iowa Code §§ 714H.1–.8; *see also Miramontes v. Ralph Lauren Corp.*, No. 22-cv-04192, 2023 WL 3293424, at *7 (S.D.N.Y. May 5, 2023) (observing that the various state consumer fraud

statutes in question, which included Iowa's, did not "contain[] express language indicating that [they were] intended to apply to transactions that neither took place in the state nor involved a citizen of the state"). Accordingly, Plaintiff cannot rebut the presumption that this statute does not apply extraterritorially, and this Court should reject Plaintiff's attempt to create a nationwide ICFA class.

*Second*, applying ICFA to out-of-state conduct would violate constitutional due process principles. For a state law to be applied to out-of-state residents, the state "must have a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the [putative] class . . . in order to ensure that the choice of [that state's] law is not arbitrary or unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821–23 (1985). Here, Iowa has no meaningful "contacts" with out-of-state putative class members who purchased merchandise from Defendants' stores in other states. It would therefore be constitutionally impermissible to apply ICFA to out-of-state putative class members. *See, e.g.*, *Johannessohn v. Polaris Indus. Inc.*, 450 F. Supp. 3d 931, 962–63 (D. Minn. 2020), *aff'd*, 9 F.4th 981 (8th Cir. 2021) (rejecting putative nationwide Minnesota Consumer Fraud Act class on this basis).

*Third*, a nationwide ICFA class would be improper given the multiplicity of state consumer protection laws that would be implicated. As the Eighth Circuit has stated, "[s]tate consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005) (quoting *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002)). Permitting claimants nationwide to proceed under ICFA for out-of-state transactions would flout this instruction. *See* 1 *McLaughlin on Class Actions* § 5:46 (21st ed. 2024) ("The choice of law impediment to multi-state class actions frequently is insuperable in consumer protection cases.

Each state has its own consumer protection law."). Any attempt to raise claims on behalf of customers nationwide would require applying multiple states' consumer-protection regimes. *See, e.g.*, *Hale*, 942 F.3d at 404 (rejecting attempt to apply one state's consumer protection statute to claims by out-of-state residents nationwide where putative "[c]lass members encountered the allegedly misleading advertising, purchased a vacuum, and ultimately were disappointed with its performance, all in their homes states" so that the "consumer protection law of each class member's home state govern[ed] each consumer protection claim"). This cannot be done.

For these reasons, a nationwide consumer protection statute class would be improper. And because these problems are evident from the face of the pleadings, the Court can and should strike Plaintiff's nationwide class allegations at the current procedural moment if the pleaded claims otherwise survive their deficiencies under Rule 12(b)(6) and Rule 9(b) set forth above.

## V.      CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court dismiss Plaintiff's Petition in its entirety. If any claims survive dismissal, the Court should strike the remaining class allegations in their entirety or, alternatively, strike the national class allegations.

Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company respectfully request to be heard at oral argument on this Motion.


Dated October 22, 2025                     **FAEGRE DRINKER BIDDLE & REATH LLP**

                                           */s/ Nick Klinefeldt*
                                           Nicholas A. Klinefeldt, AT0008771
                                           David Yoshimura, AT0012422
                                           Carolyn A. Gunkel, AT0008944
                                           Emily R. O'Brien, AT0015757
                                           801 Grand Avenue, 33rd Floor
                                           Des Moines, IA, 50309
                                           Telephone: (515) 248-9000
                                           Fax: (515) 248-9010

Email: *nick.klinefeldt@faegredrinker.com*
*david.yoshimura@faegredrinker.com*
*carolyn.gunkel@faegredrinker.com*
*emily.obrien@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS
CASEY'S RETAIL COMPANY, CASEY'S
GENERAL STORES, INC., AND CASEY'S
MARKETING COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2025, a true copy of the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system with a copy sent via electronic notice to all counsel of record.

*/s/ Elizabeth Collins*