IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>*Defendants*. | Case No. 4:25-cv-00361-SMR-SBJ<br><br>**DEFENDANTS' RESISTANCE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT** |

Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7(e), respectfully request that this Court deny Plaintiff's Request for Oral Argument (ECF No. 13).

Rule 65, which governs preliminary injunctions, does not specifically require that the Court hold a hearing on a party's request for a preliminary injunction. Fed. R. Civ. P. 65. Instead, "[t]he decision to hold an evidentiary hearing falls squarely within the Court's discretion and becomes necessary only when written submissions reveal genuine controversies over material facts that demand credibility determinations." *Choreo, LLC v. Lors*, 777 F. Supp. 3d 947, 957 (S.D. Iowa 2025) (citing *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 744 (8th Cir. 2002)).

In his Request for Oral Argument, Plaintiff does not identify any facts or issues that he believes are not sufficiently addressed in the papers; rather, the entire basis of his request appears to be his observation "oral argument [in state court] would have been set without specifically requesting it." (ECF No. 13 at 1.) This case is not in state court.

1

This Court need not hold a hearing before it denies Plaintiff's Motion for Temporary Injunction. (ECF No. 3). As stated in Defendants' Resistance to Plaintiff's Motion for Temporary Injunction, (ECF No. 7), Plaintiff does not credibly argue that he and the putative class are under any threat of irreparable harm, because he has not articulated—and cannot articulate—why money damages would not be adequate compensation for his alleged damage. (*Id.* at 6–8.) Based on Plaintiff's Petition, there is no evidence or argument that Plaintiff could present to the Court at a hearing that would alter that fact. Moreover, Plaintiff's request for an injunction does not comport with Rule 65, as the text of Plaintiff's proposed injunction is impermissibly vague and Plaintiff has failed to either propose a sufficient bond amount pursuant to Rule 65 or provide Defendants or the Court with sufficient information to calculate the appropriate amount for a bond on their own. (*Id.* at 8–12.)

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Request for Oral Argument and deny Plaintiff's Request for Temporary Injunction without a hearing.

Dated October 23, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nicholas A. Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
Carolyn A. Gunkel, AT0008944
Emily R. O'Brien, AT0015757
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
       *david.yoshimura@faegredrinker.com*
       *carolyn.gunkel@faegredrinker.com*
       *emily.obrien@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS**
**CASEY'S RETAIL COMPANY, CASEY'S**

**GENERAL STORES, INC., AND CASEY'S MARKETING COMPANY**

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was served upon all parties of record through the Court's CM/ECF electronic filing system.

*/s/ Elizabeth Collins*