# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>*Defendants*. | Case No. 4:25-cv-00361-SMR-SBJ<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE CLASS ALLEGATIONS** |

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  LEGAL STANDARDS .................................................................................................... 1

III. ARGUMENT .................................................................................................................... 1

   A.  Plaintiff's Resistance Does Not Remedy His Failure to Plead Necessary Elements of His Fraud-Based Claims .............................................................................. 3

     1. The Resistance Confirms the Petition's Failure to Allege Materiality ............................... 3

     2. The Resistance Confirms the Petition's Failure to Allege Intent ....................................... 5

     3. The Resistance Confirms the Petition's Failure to Satisfy Rule 9(b) ................................ 6

   B.  Plaintiff Cannot Avoid Dismissal of His Negligent Misrepresentation Claim by Mischaracterizing Iowa Law .................................................................................. 8

   C.  Plaintiff's Unjust Enrichment Claim Fails Under Iowa Law and Therefore Cannot Simply Be Pleaded in the Alternative ................................................................. 10

   D.  Plaintiff's Resistance Fails to Save His Improper Class Claims ........................................ 11

     1. Plaintiff's Arguments Regarding Fail-Safe Classes Demonstrate Why His Class Definitions Are Impermissible ............................................................................. 11

     2. Plaintiff's Resistance Fails to Sufficiently Defend the Nationwide Class Claims ........... 12

IV.  CONCLUSION .............................................................................................................. 14

**I.      INTRODUCTION**

Plaintiff's Resistance to Defendants' Motion to Dismiss and Strike Class Allegations aptly demonstrates why this case should be dismissed in its entirety. (*See* ECF No. 20 ("Resistance" or "Res.").) The Resistance variously concedes or fails to address Defendants' arguments, invents facts not pleaded in the Petition, and misstates or misapprehends the governing law. It simply offers no basis for Plaintiff to maintain a multi-count nationwide class action lawsuit when he has only alleged that he was twice personally charged the wrong price for canned alcoholic beverages. The Court should grant Defendants' Motion to Dismiss and Strike Class Allegations in its entirety. (*See* ECF No. 16 ("Motion" or "Mot.").)

**II.     LEGAL STANDARDS**

The Parties agree that Plaintiff's Petition is subject to dismissal if it fails "to 'state a claim to relief that is plausible on its face.'" (*See* Res. at 4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) *See also Iqbal*, 556 U.S. at 678 (holding dismissal is proper when a pleading reflects only the "sheer possibility that a defendant has acted unlawfully"). Plaintiff also concedes for his fraud claims that Rule 9(b) "require[s him] . . . to include the location, time, contents of the representation and who made them, and explain why the statements are fraudulent." (Res. at 5 (citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).) The Parties further agree that the Court may strike class allegations at the pleading stage pursuant to Rule 12(f) "when it is 'apparent from the pleadings that the class cannot be certified . . . .'" (*Id.* at 19 (quoting *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021)).)

**III.    ARGUMENT**

Plaintiff's Resistance does nothing to excuse his failures to plead necessary elements of his fraud claims or to satisfy the Rule 9(b) particularity requirements. It does not remedy the facial

1

legal deficiencies with his negligent misrepresentation claim and unjust enrichment claim. And it does not undermine Defendants' request to strike Plaintiff's improper class pleadings under Rule 12(f). Instead, Plaintiff attempts to introduce new facts to escape dismissal.

It is axiomatic that the "court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim . . . ." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). "[M]atters outside the pleadings" include "any written or oral evidence in support of . . . the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings." *See McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)).

Plaintiff's Resistance directly contravenes these principles and attempts to adduce multiple new factual claims that are neither supported by nor pleaded in the Petition. These un-pleaded allegations include, *inter alia*, (1) that "Defendants failed to apply the advertised discount for *every purchase* by *every purchaser* of discounted goods"; (2) that Plaintiff himself was "the purchaser" who "received" the receipts for the transactions identified in paragraph 14 of the Petition; and (3) that the "signage language" pictured in the Petition directly "impacted [his] decision to purchase" the goods. (Res. at 5, 10–11, 20.) But these and all other newly alleged facts in the Resistance must be disregarded in their entirety.[1] Rather, the present Motion "will succeed or fail

---

[1] Plaintiff attempts to evade his failure to plead these factual allegations by suggesting the court should simply accept them as "inferences." (Res. at 4.) But the law is clear that reasonable inferences must be "drawn from the evidence *without resort to speculation.*" *Janvrin v. Cont'l Res., Inc.*, 934 F.3d 845, 850 (8th Cir. 2019) (emphasis added) (quoting *Schooley v. Orkin Extermination, Co.*, 502 F.3d 759, 764 (8th Cir. 2007)). Here, Plaintiff asks the Court to *speculate* as to possible facts, not to derive reasonable inferences from the allegations in the Petition. This request should be rejected.

based upon the allegations contained in the face of the complaint."[2] *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687–88 (8th Cir. 2003) (quoting *Gibb*, 958 F.2d at 816).

### A. Plaintiff's Resistance Does Not Remedy His Failure to Plead Necessary Elements of His Fraud-Based Claims

Defendants' Motion demonstrates that Plaintiff's fraud-based claims fail because they allege neither (1) a misrepresentation or omission of a material fact, nor (2) that Defendants intended to deceive Plaintiff. Plaintiff's Resistance fails to refute these arguments and further fails to remedy the Petition's failure to satisfy the particularity requirements of Rule 9(b).

#### 1. The Resistance Confirms the Petition's Failure to Allege Materiality

It is undisputed that materiality is a required element of all Plaintiff's fraud-based claims.[3] With respect to materiality, Plaintiff's pleading speaks for itself. He has merely alleged that certain alcoholic beverages were advertised at a certain price and that he paid a higher price when he purchased those items. (*See* ECF No. 1-1 ¶¶ 8–13 ("Petition or Pet.").) Plaintiff alleges that "similar advertised discounts at various of Defendant's stores in Iowa and Nebraska . . . were not applied at the point of sale" and, even more generically, that "similar misleading in-store

---

[2] The Resistance separately seeks to incorporate by reference other improper matters from outside the pleadings in the form of social media posts from Facebook and Reddit—both of which post-date, discuss, and were incited by this very lawsuit. (*See* Res. at 9 n.3.) These sources are not "public records," nor were they "in the public realm" at the time of the Petition. *Cf. Klossner v. IADU Table Mound MHP, LLC*, 565 F. Supp. 3d 1118, 1123 (N.D. Iowa 2021). The Court should disregard them.

[3] Contrary to Plaintiff's mischaracterizations, Defendants have not proposed a "new ICFA materiality law test." (*Compare* Res. at 11, *with* Mot. at 7–8.) Plaintiff has concocted this argument from two pedantic objections: first, to Defendants' use of the Bluebook-compliant "citation modified" explanatory parenthetical, *see* The Bluebook Rule B5.3 (22nd ed.); and second, to Defendants' use of the word "therefore" instead of its synonym "hence"–words that for all practical purposes are interchangeable. (*See* Res. at 11.) But the law set out in the Motion is undisputed and clear: "A misleading impression created by a solicitation is material if it 'involves information that is important to consumers and, hence, likely to affect their choice of, or conduct regarding, a product." *State ex rel. Miller v. Vertrue, Inc.*, 834 N.W.2d 12, 34 (Iowa 2013) (quoting *F.T.C. v. Cyberspace Com LLC*, 453 F.3d 1196, 1201 (9th Cir. 2006)).

advertisements were present across Defendant's network of stores." (*Id.* ¶¶ 14, 18.) But these allegations are legally insufficient to maintain claims based in fraud because they entirely omit any statement regarding materiality. Plaintiff simply does not allege that the advertised sale prices were a factor in his purchase decision. This is fatal.

Plaintiff seemingly recognizes his failure to adequately plead materiality in the Petition because the Resistance puts forth several new (*i.e.*, un-pleaded) allegations in an attempt to rescue the pleading from its deficiencies. None succeeds.

*First*, Plaintiff's Resistance claims for the first time that "Plaintiff . . . was deceived and induced by Defendants' yellow and red representations and would not have purchased the items absent Defendants' statements." (*See* Res. at 10 n.4.) It further claims that he "found [the advertised prices] to be important" and that "[h]e was influenced and enticed by them." (*Id.* at 11–12.) But these claims are simply not pleaded in the Petition. This is why none of the citations in his Resistance identify any allegation that the advertisements were material to his purchase decision. (*Compare id.* at 12, *with* Pet. ¶¶ 1, 16, 32–34, 45, 66 (paragraphs cited as alleged support).) Plaintiff instead resorts to misrepresenting his own pleading to attempt to evade this fatal omission. (*Compare* Res. at 10 n.4 (stating that Paragraph 45 of the Petition pleads that "Plaintiff was induced"), *with* Pet. ¶ 45 ("Defendant intentionally and knowingly made these misrepresentations to induce Plaintiff . . . to purchase the advertised merchandise.").).

*Second*, Plaintiff argues that there are tax implications relevant to Casey's advertised prices. (*See* Res. at 12–13.) But this assertion is a non sequitur and entirely irrelevant to materiality.

*Third*, Plaintiff states in a conclusory fashion that Defendants' "materiality argument . . . sounds more like a summary judgment motion argument which is improper at this stage of this litigation." (*Id.* at 13.) Plaintiff appears to misapprehend the argument: *i.e.*, that Plaintiff has not

4

pleaded facts to plausibly establish a necessary element of his fraud-based claims. This is a quintessential Rule12(b)(6) argument justifying dismissal at this procedural moment. *See, e.g.*, *Dumler v. Wright Med. Tech., Inc.*, No. C17-2033, 2018 WL 576848, at *14–15 (N.D. Iowa Jan. 26, 2018).

Plaintiff failed to sufficiently plead materiality and cannot raise new allegations to remedy this failure. The Court should dismiss Plaintiff's fraud-based claims in their entirety.

### 2. The Resistance Confirms the Petition's Failure to Allege Intent

Plaintiff's fraud claims require him to establish that "the defendant intended to deceive the plaintiff." *Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012) (citation modified); *see also In re Marriage of Cutler*, 588 N.W.2d 425, 430 (Iowa 1999); *Spreitzer v. Hawkeye State Bank*, 779 N.W.2d 726, 735 (Iowa 2009). Plaintiff has failed to plead sufficient intent for any of his fraud claims, and his Resistance does not cure this deficiency.

The Resistance cites to several paragraphs of the Petition, but none of the cited paragraphs pleads an intent to deceive. (*See* Res. at 14 (citing Pet. ¶¶ 34, 46, 68).). Substantively, Plaintiff relies almost exclusively on the following conclusory statement: "Defendant knew that its advertisements were false. Nevertheless, Defendant allowed its advertisements to intentionally mislead consumers . . . ." (*Id.* (citing Pet. ¶ 46).) But this does not factually allege fraudulent intent; it is at best a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," which is *per se* insufficient. *Iqbal*, 556 U.S. at 678 (2009); *see Asbury Square, L.L.C. v. Amoco Oil Co.,* 218 F.R.D. 183, 189 (S.D. Iowa 2003) ("Mere conclusory statements are insufficient . . . .).

The Resistance's discussion of allegations of justifiable reliance or causation are inapt; they concern entirely separate elements than intent for purposes of pleading fraud-based claims. *See, e.g.*, *Dier*, 815 N.W.2d at 7. Likewise, Plaintiff's attempts to state *new* allegations to cure his

5

defects must be rejected. (*See* Res. at 15 (claiming for the first time that "Defendants' representations, which they developed and voluntarily posted in their stores, are deceptive, and they made no effort to correct their deception at the point of sale (or any other time) by offering any refund to Plaintiff").)

The Petition fails to allege that Defendants intended to deceive Plaintiff. The Court should dismiss Plaintiff's fraud-based claims.

### 3. The Resistance Confirms the Petition's Failure to Satisfy Rule 9(b)

Plaintiff concedes that his fraud-based claims must sufficiently plead the "'who, what, when, where, and how' surrounding the alleged fraud." *See E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). (*See also* Res. at 5 ("Federal Rule of Civil Procedure 9(b) and this Circuit require fraud claims to include the location, time, contents of the representation and who made them, and explain why the statements are fraudulent.").) Though Plaintiff argues he has met the heightened pleading standard, examination of the Petition reveals that he has failed to do so with respect to the alleged "investigation" transactions and the even more generic claims of unidentified "similar misleading in-store advertisements."[4] (Pet. ¶¶ 14, 18.)

As to the "investigation" purchases, Plaintiff has failed to identify (1) the "who"—*i.e.*, the purchaser for *any* of the alleged purchases made pursuant to the "investigation"; (2) the "where"—*i.e.*, the location of the purchase for several of the alleged purchases; or (3) the "when"—*i.e.*, the date or time of several of the alleged purchases. The Resistance now insinuates that Plaintiff himself was the purchaser, but the Petition in fact identifies *no* purchaser for the transactions

---

[4] The Petition alleges three categories of transactions: (1) Plaintiff's individual purchases (Pet. ¶¶ 8–13); (2) other purchases related to an undisclosed "investigation (*id.* ¶ 14); and (3) those related to unidentified "similar misleading in-store advertisements" (*id.* ¶ 18). (*See* Mot. at 1–3.)

6

alleged in Paragraph 14. (*Compare* Res. at 5, *with* Pet. ¶¶ 8–14.) Moreover, because the receipt excerpts included in the Petition *omit* the date and time of the alleged purchases, Defendants cannot "reasonably infer the timeframe during which" the unidentified purchaser would have "viewed" the allegedly fraudulent representation. *Cf. Johnson v. Bobcat Co.*, 175 F. Supp. 3d 1130, 1146 (D. Minn. 2016). Further, Plaintiff fails to even *address* in his Resistance the far more deficient claims premised on alleged "similar misleading in-store advertisements." (*See* Res. at 5–10; *see also* Pet. ¶ 18.)[5] Plaintiff simply cannot satisfy the Rule 9(b) pleading standards for such wide-sweeping claims by pointing to fewer than a dozen photographs and corresponding partial receipts.

Permitting such a deficient pleading to stand would defeat "[o]ne of the primary purposes of Rule 9(b)," which is "to ensure that a defendant can adequately respond and prepare a defense to charges of fraud." *Johnson*, 175 F. Supp.3d at 1145 (citing *Greenwood v. Dittmer*, 776 F.2d 785, 789 (8th Cir. 1985)). Based on the Petition, Defendants cannot adequately respond and prepare a defense to Plaintiff's nebulous fraud claims and, accordingly, Defendants' Motion should be granted and the fraud-based claims dismissed in their entirety.

Alternatively, Plaintiff's failure to meet Rule 9(b)'s heightened pleading requirements necessitates, at a minimum, dismissal of Plaintiff's fraud-based claims related to the "investigation" purchases and the generically alleged "similar misleading in-store advertisements," leaving only those claims related to the advertisements in Paragraphs 8 and 11—*i.e.*, the Four Loko and Smirnoff Ice advertisements, effective July 1–September 1, 2025, and July 7–27, 2025, respectively—to proceed.

---

[5] Plaintiff's allegations regarding Defendants' competitors are irrelevant and have no bearing on *Defendants'* alleged conduct. (*Cf.* Res. at 1, 8 & n.2, 10, 17.) And Plaintiff's contention that "Defendants promises were fraudulent and not true" relies on a combination of new conclusory allegations and new arguments unmoored to the actual content of the Petition; it is also irrelevant to the question of particularity under Rule 9(b). (*Id.* at 8–10.)

7

## B.   Plaintiff Cannot Avoid Dismissal of His Negligent Misrepresentation Claim by Mischaracterizing Iowa Law

Plaintiff argues that his negligent misrepresentation claim is well-pleaded because Defendants—as "sellers" of products who "operate[] a chain of convenience stores"—should be deemed to be in the business or profession of supplying information for the guidance of others. (*See* Res. at 15–17; *see also* Pet. ¶¶ 7–14.) This is a gross mischaracterization of the law. Plaintiff additionally invents a so-called "duty to disclose prices" without any supporting authority. (Res. at 15.) Plaintiff's two arguments with respect to his negligent misrepresentation claim fail.

*First*, Plaintiff perplexingly invokes Iowa Admin. Code r. 701-203.1(423), which is an Administrative Code rule regarding sales tax information to be included in advertisements. (*Id.* at 12.) Plaintiff has not stated any claim based on this rule, nor could he. *Cf.* Iowa Code §§ 423.45, .47 (setting forth the exclusive remedies for consumer sales tax disputes). Instead, he newly argues that the cited rule puts Defendants "under a duty to display the sales price declaring if it is either with or without sales tax."[6] (Res. at 15.) To whatever extent Plaintiff cites the rule to suggest that this invented "duty" can independently support a negligent misrepresentation claim, Plaintiff has neither explained how or why such a duty could attach nor cited any supporting authority. The Administrative Code citation is irrelevant and should be disregarded. Plaintiff has "failed to plausibly allege Defendants owed him a duty" that would support a negligent misrepresentation

---

[6] This purported "duty" is not even what the rule requires. Rather, the rule states that when a retailer displays or advertises a price to the public, "the price so marked or advertised shall include only the sales price of such article unless it is stated on the price tag that the price includes tax." IAC 701-203.1(423). In other words, if no statement regarding sales tax is present, tax is presumptively excluded from the price. Plaintiff has stated no claim related to a misrepresentation regarding sales tax, nor is there any allegation of such a misrepresentation. Instead, Plaintiff's new argument only reveals that the alleged advertisements complied fully with the cited rule.

claim, and the claim must be dismissed. *See, e.g.*, *Donnelly v. Des Moines Reg. & Tribune Co., Inc.*, No. 4:25-cv-00150, Order Granting Defendants' Motion to Dismiss at 15 (Nov. 6, 2025).

*Second*, Plaintiff appears to concede that *Huck v. Wyeth, Inc.*, 850 N.W.2d 353 (Iowa 2014) and *Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91 (Iowa 2012) are controlling law, but he distorts their rulings.[7] (*Cf.* Res. at 15–17.) It is black letter law that "the tort of negligent misrepresentation does not apply to sellers of products." *Huck*, 850 N.W.2d at 371–72; *see also Nelson v. DeKalb Swine Breeders, Inc.*, 952 F. Supp. 622, 628 (N.D. Iowa 1996). This principle has been consistently upheld, including in the case Plaintiff incorrectly cites as support for his own position. *See Dinsdale Constr., LLC v. Lumber Specialties, Ltd.*, 888 N.W.2d 644, 649–50 (Iowa 2016). In *Dinsdale*, the Iowa Supreme Court held that "the tort normally only applies to a person in the business of supplying information" and can also in limited circumstances apply "[w]hen a person is in the business, profession, or employment that *both* sells products *and* supplies information for the guidance of others." *Id.* at 651–52 (emphasis added). But Defendants do not "supply[] information for the guidance of others" at all; they are purely "sellers of products" according to the Petition. *See Huck*, 850 N.W.2d at 371. Casey's is a retail store, not a fiduciary. There is no basis to claim negligent misrepresentation here. Plaintiff's claim should be dismissed.

---

[7] Plaintiff claims that *Huck* and *Pitts* are entirely "inapposite" because they were decided at the summary judgment stage after a "full record was developed." (Res. at 17 n.7.) But of course, this is not the law. *See, e.g.*, *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 972 (8th Cir. 1968) ("Although we realize that a summary judgment proceeding presents different considerations than does a motion to dismiss, we think the same rationale can be applied in disposing of litigation on a motion to dismiss where well-pleaded allegations are not sufficient to base a claim upon which relief can be granted."). *Huck* and *Pitts* are directly applicable and bar Plaintiff's claim.

### C. Plaintiff's Unjust Enrichment Claim Fails Under Iowa Law and Therefore Cannot Simply Be Pleaded in the Alternative

Nothing in Plaintiff's Resistance identifies any legal distinction between this case and the well-settled law "that a claim for unjust enrichment must be dismissed if applicable federal or state regulation provides a compensation mechanism to the plaintiff." *Iowa Network Servs., Inc. v. Qwest Corp.*, 385 F. Supp. 2d 850, 905 (S.D. Iowa 2005), *aff'd*, 466 F.3d 1091 (8th Cir. 2006). Plaintiff argues that Defendant's "failure to point to any written agreement governing the transaction" allows him to plead this claim in the alternative. (Res. at 18.) But this argument is immaterial to the substantive law of unjust enrichment.

This very issue was squarely addressed in *Bass v. Bowmar Nutrition, L.L.C.*, No. 4:21-cv-00307, 2022 WL 18781203 (S.D. Iowa Feb. 8, 2022). In *Bass*, no written contract existed, yet the court dismissed the unjust enrichment claim, stating that such a claim could only survive if "there remains a possibility that the Consumers can adequately plead that the *remedies* on the legal claim . . . are inadequate compared to the remedies available on their equitable claims." *Id.* at *9 (emphasis in original). Here, Plaintiff has failed to identify or explain any circumstance in which the remedies afforded at law would be inadequate.[8]

Plaintiff fails to cite any authority for the purported "black letter law" that would permit him to "plead in the alternative." (*See* Res. at 18.) To the contrary, applicable case law states the opposite for this claim. *See Guy v. Neb. Furniture Mart, Inc.*, No. 4:18-CV-216, 2019 WL 12043671, at *6 (S.D. Iowa Apr. 17, 2019). In *Guy*, this Court "decline[d] to exercise equity jurisdiction . . . where there is such legal and factual overlap between the claims that the at-law

---

[8] Further, in *Bass*, the district court outright precluded the unjust enrichment claim for class action treatment. *See id.* at *11. Only the named plaintiff was permitted to proceed beyond the pleading stage with an unjust enrichment claim because "no amount of discovery will change the requirements for individualized proof on the unjust enrichment claims." *Id.* at *10.

10

remedy is not just available, but entirely supplants any equitable claim or equitable remedy." That ruling is on all fours with the present case. If Plaintiff's claims at law fail, his unjust enrichment claim also necessarily fails. Plaintiff is not arguing his other claims have an inadequate remedy; he is merely attempting to add a claim at equity as an improper backstop.

Nothing in Plaintiff's Resistance cures his unjust enrichment pleading deficiency, and dismissal is proper. *See Bass*, 2022 WL 18781203, at *11.

### D. Plaintiff's Resistance Fails to Save His Improper Class Claims

This Court should dismiss Plaintiff's Petition in its entirety; however, should any of Plaintiff's claims survive, the Court should strike Plaintiff's class claims pursuant to Rules 12(f) and 23(c). While Plaintiff claims repeatedly that it is "premature" to address his class pleading deficiencies, he concedes (as he must) that Rule 12(f) expressly contemplates the immediate rejection of a class that "cannot be certified" as pleaded and that, as here, "would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained." *Donelson*, 999 F.3d at 1092 (quoting 5C *Wright & Miller's Federal Practice and Procedure* § 1383 (3d ed. 1998)). (*See* Res. at 19.)

#### 1. Plaintiff's Arguments Regarding Fail-Safe Classes Demonstrate Why His Class Definitions Are Impermissible

Plaintiff concedes that a class is impermissibly fail-safe when the class is defined to preclude membership unless a putative member would prevail on the merits. (Res. at 19.) Here, Plaintiff defined his classes to include "[a]ll persons" nationwide and "[a]ll citizens of the State of Iowa" "*who did not receive the discount at the point of sale.*" (Pet. ¶ 21 (emphasis added).) These proposed class definitions are quite literally coextensive with the liability question posed by the individual claims. For his own two individual purchases, Plaintiff alleges that he "did not receive the advertised discount for his purchase and was harmed as a result." (Pet. ¶¶ 10, 13.) The class

11

definitions incorporate substantially consistent verbiage, thereby assuming their own conclusions on the merits. Thus, they constitute quintessential fail-safe classes.

Plaintiff argues that his class definitions are not fail-safe because he now alleges (again for the first time) that "Defendants failed to apply the advertised discount for *every purchase* by *every purchaser* of discounted goods." (*See* Res. at 19–20.) This allegation does not appear in the Petition.[9] It would in fact render the phrase "who did not receive the discount at the point of sale" from the pleaded class definitions superfluous. Rather, the Petition and the class definitions therein inherently presume that the purported class will be the lesser included subset of "every purchaser of discounted goods" consisting of those who have a meritorious claim against Defendants. (*Id.*) This is the definition of a fail-safe class, and therefore, it should be stricken. *See Oom v. Michaels Companies Inc.*, No. 1:16-cv-00257, 2017 WL 3048540, at *7 (W.D. Mich. July 19, 2017) (striking fail-safe class allegations pursuant to Rule 12(f) even when "[p]laintiffs have not yet moved for class certification and no discovery has taken place").

### 2. Plaintiff's Resistance Fails to Sufficiently Defend the Nationwide Class Claims

All of Plaintiff's Nationwide Class claims are impermissible. At the outset, contrary to his Petition, Plaintiff now concedes that his "claim under the Iowa Consumer Frauds Act is not amenable to nationwide class treatment." (*Compare* Pet. ¶ 73, *with* Res. at 21 n.8.) Plaintiff has thereby stipulated that Defendants' Motion should, at minimum, be granted in part to strike the

---

[9] To the contrary, this new allegation is directly *refuted* by the Petition, which includes affirmative evidence of promotional discounts being applied to multiple goods. (*See, e.g.*, Pet. ¶ 14, at 9 (highlighting the purchase of four canned beers at a discounted price on a receipt image that appears to reflect additional discounted items purchased contemporaneously).) Even if Plaintiff contends that the applied discount was not sufficient, it is flatly inconsistent with Plaintiff's own Petition to now allege that "Defendants failed to apply the advertised discount for *every purchase* by *every purchaser* of discounted goods." (Res. at 20.)

Nationwide Class allegations pleaded with respect to Count VII[10] in the Petition. (*See* Pet. ¶¶ 61–62, 67–73.) Though Plaintiff does not explicitly concede that the other Nationwide Class claims must be stricken, the same analysis informing his concession as to Count VII calls for that result.

Plaintiff does not contest that the applicable laws of the nineteen states in which Casey's operates vary with respect to his negligent misrepresentation, unjust enrichment, and fraud-based claims. (Res. at 21–23.) *See Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) ("'Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or a concession to the opposing arguments.'" (quoting *Little v. United States Dep't of Def.*, No. 4:21-CV-1309, 2022 WL 1302759, at *3 (E.D. Mo. May 2, 2022)). Nor does he distinguish the numerous cases Defendants cited in which courts have stricken at the pleadings stage these types of claims for exactly this reason. (*Cf.* Mot. at 17–20 (collecting cases).)

Instead, Plaintiff merely claims that the conflicts-of-law determination is "routinely" considered to be "premature" at the pleadings stage. (Res. at 21.) However, he presents no argument whatsoever that such a determination would be premature *in this case*. (*See id.*) All of the cases Plaintiff cites for this proposition are distinguishable from this one, where Plaintiff (1) has conceded that the law applying to each putative class member's claim is the law of the state in which the putative class member was allegedly denied an advertised discount at the point of sale; (2) does not dispute the numerous and material variations in state law that Defendants raised in their Motion; and (3) cannot uncover or adduce any evidence that could change the choice-of-

---

[10] While Plaintiff's ICFA claim is the fifth of five stated in the Petition, it has been captioned as "Count VII." (Pet. at 27.) The Petition contains no Count IV or Count V. Defendants refer to the claims as captioned.

law analysis. (Res. at 21–23.) On balance, the cases confirm that this is the appropriate procedural moment to strike these impermissible Nationwide Class claims. (*See* Mot. at 17–20.)

Plaintiff has provided no reason for this Court to delay the inevitable determination that the varied and multiple state laws implicated by Plaintiff's claims make nationwide class treatment impermissible. This Court should strike the allegations related to the Nationwide Class.

## IV.   CONCLUSION

Plaintiff's Resistance does not meaningfully defend against Defendants' Motion to Dismiss and Strike Class Allegations. The new allegations of fact throughout the Resistance are impermissible and do not alter the analysis. This Court should grant Defendants' Motion in full and dismiss all claims with prejudice. To the extent any partial claims survive dismissal, the Court should strike the fail-safe class allegations in their entirety or, alternatively, strike the Nationwide Class allegations.

Dated: December 12, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
Carolyn A. Gunkel, AT0008944
Emily R. O'Brien, AT0015757
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
  *david.yoshimura@faegredrinker.com*
  *carolyn.gunkel@faegredrinker.com*
  *emily.obrien@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., AND CASEY'S MARKETING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, a true copy of the foregoing document was served upon all Parties of record through the Court's CM/ECF electronic filing system, with a copy sent via electronic notice to all counsel of record.

*/s/ Paulette Ohnemus*