IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>*Defendants*. | Case No. 4:25-cv-00361-SMR-SBJ<br><br>**DECLARATION OF NICHOLAS A. KLINEFELDT** |

I, Nicholas A. Klinefeldt, declare as follows:

1. I have personal knowledge of the following facts and, if called upon to testify, I could and would competently testify to their truth and accuracy.

2. I am a Partner at Faegre, Drinker, Biddle & Reath, and I represent Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively, "Casey's") in the above-captioned lawsuit.

3. I submit this Declaration in response to the Court's July 10, 2026 Order. (ECF No. 38, Order Directing Supplemental Declaration (July 10, 2026).) Specifically, the Court ordered Casey's to file a supplemental declaration stating "(1) the date on which they first identified Plaintiff as a member of the Casey's Rewards program; and (2) what prompted the inquiry that led to that identification." (*Id.*)

4. The first Declaration of Justin Coaldrake, filed in conjunction with Casey's Motion to Stay and Compel Arbitration on January 29, 2026, identifies the date of Plaintiff's enrollment in the Casey's Rewards program as September 21, 2022. (ECF No. 28-2, Declaration of Justin

Coaldrake in Support of Defendants' Motion to Stay and Compel Arbitration (Jan. 29, 2026).) Attached to Mr. Coaldrake's Declaration is a copy of the Casey's Terms and Conditions of Use, effective February 19, 2025, which contain the arbitration provision. (ECF No. 28-3.)

5.      The Eighth Circuit has held, "[A] party kn[ows] of its existing right to arbitration because it possesse[s] the arbitration agreement." *Parker v. Kearney Sch. Dist.*, 130 F.4th 649, 654 (8th Cir. 2025) (quotation omitted); *see also Lackie Drug Store, Inc. v. OptumRX, Inc.*, 143 F.4th 985, 993 (8th Cir. 2025) (same). Therefore, Casey's acknowledges and does not contest that it had contemporaneous constructive knowledge that Plaintiff was a Casey's Rewards member as of September 10, 2026, the date it was served with the original Class Action Petition and Jury Demand. (*See* ECF No. 1-2 at 140–43 (Affidavits of Service).)

6.      To the extent the Court's Order implicates matters post-dating such service on Casey's, including but not limited to details of Casey's and its counsel's investigation of the allegations in the lawsuit and/or Casey's communications with its counsel about the lawsuit, Casey's must assert that such information is protected from disclosure by the attorney-client privilege and work product doctrine upon risk of waiver. *See, e.g.*, *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977) (setting forth attorney-client privilege doctrine); Fed. R. Civ. P. 26(b)(3) (setting forth the work product doctrine); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1328 (8th Cir. 1986) ("The work-product doctrine not only protects from discovery materials obtained or prepared in anticipation of litigation, but also the attorney's mental impressions, including thought processes, opinions, conclusions, and legal theories.") (citations omitted)).

7.      Insofar as the Court's Order prohibits Casey's from "includ[ing] legal argument" in this Declaration but permits Plaintiff to file a response containing "argument on the legal significance" of the information contained in this Declaration, Casey's respectfully requests the

opportunity to be heard on this issue and seeks leave to submit a concise reply within seven days of the filing of Plaintiff's response.

Executed this 23rd day of July, 2026.

Nicholas A. Klinefeldt