IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **KIT MASON**, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>**CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY**,<br><br>    Defendants. | Case No. 4:25-cv-00361-SMR-SBJ |

**PLAINTIFF'S RESPONSE TO THE SUPPLEMENTAL
DECLARATION OF NICHOLAS A. KLINEFELDT**

1

Casey's new admissions and improper legal argument is outcome determinative and mandates that its motion to compel arbitration be denied. "To evaluate whether a party has 'intentionally relinquished or abandoned the right to arbitration, courts must determine whether it (1) knew of its existing right and (2) acted inconsistently with it." *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024) (cleaned up).[1]

Citing *Parker v. Kearney Sch. Dist.*, 130 F.4th 649, 654 (8th Cir. 2025), Casey's makes the red-herring claim that "[A] party kn[ows] of its existing right to arbitration because it possesse[s] the arbitration agreement" without any context and/ or explanation as to how this case dicta excuses their conduct here. Dkt. 39, at p. 2, paragraph 5. Worse, Casey's does not explain that the court in *Parker,* using the exact same test cited above, affirmed that the defendant failed both prongs. *Parker*, 130 F.4th at 655 (finding that the defendant "engaged in the litigation machinery").

As to the first prong, Casey's has now confirmed that it knew of its right to arbitrate when this case was served and filed in Iowa State Court almost one year ago on August 28, 2025. *See* Dkt. 1 at p. 2, paragraph 1.

As to the second prong, the record is undisputed that Casey's asked for and was granted multiple extensions to respond to the Complaint, briefed with page extensions the TRO motion pending when the case was removed, and affirmatively and fully briefed with page extensions a motion to dismiss before invoking its supposed right to arbitrate – all of which illustrates that it intentionally sought to invoke the litigation machinery here far in advance of filing its half-baked and dilatory arbitration motion. Moreover, Casey's invocation of the attorney client privilege and work product doctrine underscores that its decision to move this Court to compel arbitration was

---

[1] Casey's does not cite to and/or acknowledge *In re Pawn Am. Consumer Data Breach Litig*. in its Declaration. Dkt. 39.

a backup litigation tactic presumably to see if it could win early rulings on its TRO opposition and dispositive motion. *See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) ("It amounts to saying that Kraftmaid wanted to see how the case was going … before deciding whether it would be better off … in arbitration. It wanted to play heads I win, tails you lose.").

Even now, Casey's has not sought to stay its own motion to dismiss pending a decision on its separate arbitration motion which further amplifies its motivations here. In short, Casey's latest filing confirms that it knew of its supposed right to arbitrate when the lawsuit was filed and served and that it has acted and continues to act "inconsistently with" its supposed right to arbitrate.

Regardless as to what Casey's argues in its response to this filing, it cannot escape the factual record here or its admissions.  For these reasons, and the additional reasons argued in Plaintiff's arbitration opposition brief (Dkt. 31), Plaintiff again requests that the arbitration motion be denied in its entirety as waived and otherwise denied on the other substantive grounds raised in Plaintiff's arbitration opposition brief.

Dated: July 27, 2026                    SHINDLER ANDERSON GOPLERUD &
                                        WEESE P.C.

                                        By:  /s/ J. Barton Goplerud

                                        J. Barton Goplerud, AT0002983
                                        Brian O. Marty, AT0011622
                                        5015 Grand Ridge Drive, Suite 100
                                        West Des Moines, Iowa 50265-5749
                                        Telephone:    (515) 223-4567
                                        Facsimile:    (515) 223-8887
                                        goplerud@sagwlaw.com
                                        marty@sagwlaw.com

CUNEO GILBERT FLANNERY & LaDUCA, LLP
Robert K. Shelquist, *Pro Hac Vice*
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
Telephone:     (612) 254-7288
rshelquist@cuneolaw.com

Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES***

*Pro hac vice forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the PACER system which will send notification of such filing to all counsel of record.

/s/ Brian O. Marty_____