IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>*Defendants*. | Case No. 4:25-cv-00361-SMR-SBJ |

**DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF
MOTION TO STAY AND COMPEL ARBITRATION**

i

Defendants properly invoked and have not waived their right to arbitrate this case. The standard is not disputed: A party waives a right to arbitrate *only* when it knows of its right to arbitrate *and* acts inconsistently with that right, *i.e.*, by "substantially invok[ing] the litigation machinery." *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024) (cleaned up). "In light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration." *Rizel Commc'ns, Inc. v. Mid-Am. Cellular Tel. Co.*, 989 F.2d 966, 968–69 (8th Cir. 1993) (citation omitted).

The entirety of the relevant procedural history of this case spans less than five months and confirms that Defendants merely complied with mandatory response deadlines. On September 9, 2025, Plaintiff served his Petition on Defendants. (ECF No. 1-2 at 140–42.) On September 17, Plaintiff filed a Motion for Temporary Injunction. (ECF No. 2-1.) From the date of service, Defendants had 30 days to remove the case to federal court; they did so even earlier, on September 26, 2025. (ECF No. 1.) Plaintiff did not contest removal. Defendants filed their resistance to Plaintiffs' pending injunction motion on October 14, 2025. (ECF No. 7.) One week later, on October 22, 2025, Defendants filed their response to Plaintiff's pleading, *i.e.*, a Motion to Dismiss and Strike Class Allegations. (ECF No. 16.) The briefing on these motions was completed by December 15, 2026. (ECF No. 27.) All these submissions were responsive to Plaintiff's pleading and injunction motion and were the subject of deadlines set forth in the applicable law and rules. *See, e.g.*, 28 U.S.C. § 1446(b); Fed. R. Civ. P. 12. [1] On January 29, 2026—only 45 days (inclusive of the year-end holidays) after the submission of those papers—Defendants filed the present Motion to Stay and Compel Arbitration (the "Motion").

---

[1] The motion for a stay is not self-executing; a predicating court determination on arbitrability is mandatory. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) Therefore, Defendants' responsive submissions were required *irrespective* of the timing of their motion to stay and compel arbitration.

At the time the Motion was filed: (1) no Rule 26(f) conference had occurred nor any Rule 26(f) report submitted; (2) no Rule 16(b) scheduling order had been issued; (3) no trial date had been set; (4) no stipulated protective order or ESI protocol had been agreed by the parties or submitted to the Court; (5) no initial disclosures had been served or exchanged; (6) no other written discovery of any kind had been served or exchanged; (7) no hearings had been held or scheduled by the Court; and (8) no substantive rulings had been issued by the Court. Crucially, the Motion expressly "request[ed] that this Court stay *all* proceedings"—naturally encompassing Plaintiff's motion for a preliminary injunction, Defendants' own motion to dismiss, and discovery—to permit the requested arbitration to proceed.[2] (*See* ECF No. 28-1 at 1, 10 (emphasis added).)

Plaintiff has not cited a single case—either in opposition to the Motion or in his response to the Supplemental Declaration—in which a court has ruled that the procedural circumstances in this case could constitute a waiver of an enforceable right to arbitrate. That is because no such case exists. Rather, the cases—*including* those cited by Plaintiff—demonstrate that a party substantially invokes the "litigation machinery" in two types of circumstances. First, and most commonly, a party who has engaged in litigation discovery may have waived its right to arbitrate. *See Parker v. Kearner Sch. Dist.*, 430 F.4th 649, 653 (8th Cir. 2025) (denying arbitration after defendant "engaged in extensive discovery, including deposing all Plaintiffs and raising discovery disputes requiring the Court's intervention").[3] Second, a party who holds back a known right to arbitrate

---

[2] Plaintiff's present claim that Defendants have "not sought to stay [their] own motion to dismiss" is plainly incorrect. (*Cf.* ECF No. 41 at 3.) Defendants have never argued or even suggested that the Court should proceed to rule on their motion to dismiss while this Motion is pending, and Plaintiff's contrary insinuation is baseless. The Motion inherently asks the Court *not* to rule on the motion to dismiss during its pendency because substantive matters belong to an arbitral tribunal.

[3] *See also Pawn Am.*, 108 F.4th at 614 (denying arbitration where parties engaged in significant discovery); *Lackie Drug Store, Inc. v. OptumRX, Inc.*, 143 F.4th 985, 994 (8th Cir. 2025) (denying arbitration where parties stipulated to proceed with fact discovery); *Cabinetree of Wisc., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995) (denying arbitration where parties

pending substantive rulings from a court may have waived a right to arbitrate. *See Breadeaux's Pisa, LLC v. Beckman Bros.*, 83 F.4th 1113, 1116–18 (8th Cir. 2023) (denying arbitration where movant sought arbitration "[o]nly after a series of adverse rulings"); *Crosswhite v. Royal Ent. Events, LLC*, No. 3:25-CV-308, 2026 WL 303534, at *2–3 (E.D. Va. Feb. 4, 2026) (denying arbitration where movant indicated its intent to seek arbitration and then nevertheless requested a hearing and ruling on a pending motion to dismiss). Neither circumstance exists here. Rather, the circumstances of this case indicate the Motion fully precedes the substantial engagement of the litigation machinery.

Plaintiff argues that Defendants' constructive knowledge of the arbitration agreement alone "mandates that its motion to compel arbitration be denied." (ECF No. 41 at 2.) This would mean that *any litigation conduct whatsoever* is a waiver of arbitration *per se*. Plaintiff's position is facially erroneous; indeed, this Court has already unambiguously rejected it. *Curry v. P&S Transportation, LLC*, No. 3:23-cv-00017, 2023 WL 12088865, at *6 (S.D. Iowa May 23, 2023) ("Plaintiffs' argument, if accepted, would force defendants . . . into the untenable position of having to choose between removal to federal court and filing a motion to compel arbitration.").

The Court should grant the Motion, compel arbitration, and stay this litigation consistent with its usual practice. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see Holliday v. Wells Fargo Bank, N.A.*, No. 4:23-cv-00418, 2024 WL 194199, at *4 (S.D. Iowa Jan. 10, 2024); *Principal Life Ins. Co. v. Caremark PCS Health, L.L.C.*, 56 F. Supp. 3d 1013, 1020 (S.D. Iowa 2014); *Fields v. NCR Corp.*, 683 F. Supp. 2d 980, 990 (S.D. Iowa 2010). (*See also* ECF No. 36 at 4–5 (collecting additional cases).)

---

began discovery, including production of "almost two thousand documents"); *Duncan v. Int'l Markets Live, Inc.*, No. 4:20-cv-00017, at *10 (S.D. Iowa Dec. 9, 2022) (denying arbitration where movant served initial disclosures and negotiated scheduling order and discovery plan).

Dated: August 5, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
Carolyn A. Gunkel, AT0008944
Emily R. O'Brien, AT0015757
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
  *david.yoshimura@faegredrinker.com*
  *carolyn.gunkel@faegredrinker.com*
  *emily.obrien@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., AND CASEY'S MARKETING COMPANY**

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2026, a true copy of the foregoing document was filed with the Clerk of Court using the Court's CM/ECF electronic filing system and served via electronic notice to all counsel of record.

/s/ Paulette Ohnemus