IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals, | ) ) ) | Case No. 4:25-cv-00361-SMR-SBJ |
| Plaintiff, | ) ) ) | ORDER ON MOTION TO STAY AND COMPEL ARBITRATION |
| v. | ) ) | |
| CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Kit Mason brought this consumer-fraud suit against Defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively, "Casey's"). Casey's says that Mason agreed to arbitrate his claims. The Court need not decide that question because a party that holds a right to arbitrate can lose it by litigating as though it had none, and that is what happened here. Casey's moved to dismiss this case in its entirety on the merits, and three months later it asked to arbitrate. That sequence waived the right, and the Motion to Stay and Compel Arbitration is DENIED. [ECF No. 28].

## I.    BACKGROUND

Mason filed suit in Iowa state court in August 2025, alleging that Casey's advertised in-store discounts on certain products and then charged full price. [ECF No. 1-1]. He brings consumer-fraud and related claims on behalf of himself and two putative classes. Casey's was served on September 9, 2025, and removed the case to federal court on September 26. [ECF Nos. 1, 1-2 at 140–42]. It resisted Mason's motion for a preliminary injunction on October 14,

and on October 22 it moved to dismiss the Petition in its entirety and to strike the class allegations. [ECF Nos. 7, 11]. Briefing on those motions closed on December 15. [ECF No. 27]. Arbitration went unmentioned throughout. Finally, three months after its motion to dismiss and roughly four and a half months after service, Casey's moved to stay and compel arbitration on January 29, 2026. [ECF No. 28]. Casey's grounds that request on a provision in the terms of its rewards program. Mason is a member. Casey's concedes that it knew of its arbitration right when it was served. [ECF No. 39 ¶ 5].

## II.    DISCUSSION

### A.  Legal Standard

The Federal Arbitration Act ("FAA") makes agreements to arbitrate enforceable, but it extends no special solicitude to the party seeking arbitration.[1] It places arbitration agreements on the same footing as other contracts, and it does not license courts to "invent special, arbitration-preferring procedural rules." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). Absent a contrary command in the FAA, the usual rules apply. *Id*. at 419. Waiver is one of them.

Whether a party has waived its right to arbitrate by litigating is a question for the Court. *Sitzer v. Nat'l Ass'n of Realtors*, 12 F.4th 853, 855 (8th Cir. 2021); *Breadeaux's Pisa, LLC v. Beckman Bros. Ltd.*, 83 F.4th 1113, 1118–19 (8th Cir. 2023). The delegation clause in the terms of Casey's rewards program does not change that. The Eighth Circuit has decided waiver itself in a case where the parties had delegated arbitrability to an arbitrator. *Lackie Drug Store, Inc. v. OptumRx, Inc.*, 143 F.4th 985, 992–93, 997–98 (8th Cir. 2025) (finding waiver of the claims

---

[1] On a motion to compel arbitration, the Court views "the record in the light most favorable to the nonmovant." *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 850–51 (8th Cir. 2022) (citation omitted).

already pled, then sending the newly added claims to arbitration under the delegation clause).  The Court decides waiver here.

Waiver is "the intentional relinquishment or abandonment of a known right."  *Morgan*, 596 U.S. at 417 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  A party waives a right when it knew of the right and acted inconsistently with it.  *In re Pawn Am. Consumer Data Breach Litig.*, 108 F.4th 610, 614 (8th Cir. 2024).  No prejudice is required—the inquiry focuses only on "'the actions of the person who held the right' not 'the effects of those actions on the opposing party.'"  *Id*. at 613 (quoting *Morgan*, 596 U.S. at 417).

### *B.  Analysis*

The first element is undisputed.  Casey's knew of its right to arbitrate when it was served, having drafted the rewards program terms that contain the arbitration provision.  *See Hooper v. Advance Am., Cash Advance Ctrs. of Mo., Inc*., 589 F.3d 917, 921 (8th Cir. 2009) (finding knowledge where the defendant had drafted the arbitration clauses and discussed them in its motion to dismiss).  Only the second element—whether Casey's acted inconsistently with that right—is disputed.

Casey's did so by asking the Court to decide the case on the merits.  A party acts inconsistently when it substantially invokes "the litigation machinery" instead of promptly seeking arbitration.  *Pawn Am*., 108 F.4th at 614 (quoting *McCoy v. Walmart, Inc*., 13 F.4th 702, 703 (8th Cir. 2021)).  Not all of Casey's conduct in this case bears on that conclusion.  It does not rest on the removal or on Casey's resistance to the injunction motion, both of which were responses it was obliged to make on deadlines set by rule and statute.  *See Curry v. P&S Transp., LLC*, No. 3:23-cv-00017-SHL-SBJ, 2023 WL 12088865, at *6 (S.D. Iowa May 23, 2023) (declining to find waiver where the defendant moved to compel seven days after removing and took no substantive

action on the merits in the interval). Waiver rests instead on a choice Casey's did not have to make. Casey's had to respond to the Petition, but it did not have to do so with a motion to dismiss the entire case on the merits, and it could have moved to compel arbitration at the same time.

The Eighth Circuit addressed that sequence in *Hooper*. The defendant there moved to dismiss a putative class action shortly after it was filed, then waited some three months, until after the district court had ruled, before moving to compel arbitration. *Hooper*, 589 F.3d at 920. Its motion to dismiss was "extensive and exhaustive," argued that the plaintiffs had failed to state a claim, and urged the district court to resolve the parties' entire dispute in the defendant's favor. *Id.* at 921. That was a substantial invocation of the litigation machinery. *Id.* The defendant asked for a final decision on the merits from the very court whose jurisdiction it now sought to escape. A request to dispose of a case on the merits before reaching arbitration is inconsistent with arbitrating it. *Id.*

Casey's did the same thing. It asked the Court to dismiss every count of the Petition on the merits—the fraud claims for failure to plead particularity, materiality, and intent, the rest for failure to state a claim—and, in the alternative, to strike the class allegations. [ECF No. 12-1 at 1, 13, 20–21]. Granting that relief would have resolved the parties' entire dispute in Casey's favor— the very request *Hooper* held inconsistent with the right to arbitrate. 589 F.3d at 921 (finding substantial invocation where the motion sought resolution of "the parties' entire dispute" on the merits). Casey's timeline tracks *Hooper*'s: three months from the motion to dismiss to the motion to compel, and four and a half months from service. That interval sits within the range the Eighth Circuit has found sufficient to waive the right, as courts in this District have recognized. *See Duncan v. Int'l Mkts. Live, Inc.*, No. 4:20-cv-00017-RGE-HCA, 2022 WL 18584630, at *9–10

(S.D. Iowa Dec. 9, 2022) (finding waiver at six months and collecting Eighth Circuit decisions treating delays of four and a half to eleven months as waiver).

That result does not depend on *Hooper* alone.  A single attempt at "immediate and total victory" on the merits can waive arbitration.  *McCoy*, 13 F.4th at 704 (citation omitted).  The reason is that a party may not keep its right to arbitrate "in its back pocket and pull it out only when it is ready for a 'do over.'"  *Sitzer*, 12 F.4th at 857.  The Eighth Circuit has twice applied that principle in the past 18 months.  It held that a movant who sought a decision on the merits without preserving its right to arbitrate cannot escape waiver.  *Parker v. Kearney Sch. Dist.*, 130 F.4th 649, 655 (8th Cir. 2025).  And it held that moving to dismiss a complaint in its entirety is itself substantial invocation.  *Lackie*, 143 F.4th at 994.  The rule has since been stated without qualification.  *BSI Grp. LLC v. EZBanc Corp.*, --- F.4th ----, 2026 WL 2108675, at *1–2 (8th Cir. July 22, 2026) (reciting the rule that "[f]iling a motion to dismiss on the merits substantially invokes the litigation machinery," and finding no waiver where the movant "never filed a motion to dismiss on the merits").

Casey's resists on four grounds.  One turns on the kind of motion it filed, two on how little has happened in this case, and one on the presumption favoring arbitration.  None succeeds.

Casey's first invokes *Hooper*'s caveat that not every motion to dismiss is inconsistent with the right to arbitrate.  589 F.3d at 922.  That is true, but the motions *Hooper* thought consistent with arbitration shared a feature Casey's motion lacks: none sought a decision on the merits.  The court's examples were a motion raising jurisdictional grounds and one sorting arbitrable claims from non-arbitrable ones.  *Id*.  Casey's motion sought a merits decision on every count.  And *Hooper* identified the very course Casey's failed to take.  The movant there could have moved to dismiss on jurisdictional grounds while simultaneously moving to compel arbitration on the

remaining counts, pending the court's ruling.  Like Casey's, it did not.  Nor does it matter that Casey's motion pressed a pleading-particularity theory alongside its merits attack, because a filing does not escape waiver by "focus[ing] on more than just the merits." *McCoy*, 13 F.4th at 704.  The totality of the circumstances thus points to waiver.  *Hooper*, 589 F.3d at 922.

Casey's next points to what has not yet happened: no discovery and no scheduling order. [ECF No. 36 at 6].  But the defendant in *Hooper* pressed the same point, stressing that the parties had engaged in no discovery and participated in no hearings, and the Eighth Circuit found waiver all the same.  589 F.3d at 921.  That argument did not save the movant there, and it does not save Casey's here.  If anything, Casey's did more than movants held to have waived on less.  The movant in another case had done nothing but remove, answer, file a Rule 26(f) report, move to transfer, and attend a scheduling conference, never filing a merits motion.  The Eighth Circuit found waiver anyway.  *Messina v. N. Cent. Distrib., Inc.*, 821 F.3d 1047, 1050 (8th Cir. 2016).  If that conduct waived the right to arbitrate, Casey's conduct waived it too.  The *Messina* movant never sought a decision on the merits, yet waived.  Casey's sought exactly that.

Casey's third argument is subtler.  Casey's observes that the movants in the Eighth Circuit's waiver cases had already obtained a ruling, or at least a hearing, before turning to arbitration.  Each had a chance to "preview the district court's thinking." *Pawn Am.*, 108 F.4th at 615.  Casey's says the gamesmanship rationale has no purchase here.  The motion to dismiss remains undecided, and no hearing has been held.  Having obtained no ruling or hearing from which to gauge its prospects, Casey's contends, it cannot be accused of playing "heads I win, tails you lose." *Hooper*, 589 F.3d at 922.

The argument misplaces the inconsistency, which lies in the act of asking rather than the receipt of an answer.  *Hooper* located it in the defendant's decision to "seek" a final merits

decision, not in any decision the district court gave. *Id*. at 921. *McCoy* is explicit that "a single attempt to seek" total victory suffices. 13 F.4th at 704. A prior ruling mattered in the earlier cases only because it bore on prejudice. Prejudice was a separate element the Eighth Circuit once required—the wasted effort and second bite at the apple a ruling could supply. *See Hooper*, 589 F.3d at 922–23 (finding prejudice where the plaintiffs had relied on the court's ruling in amending their complaint). Requiring a ruling before finding waiver would smuggle that element back in, measuring the effects of Casey's conduct rather than the conduct itself. *Morgan*, 596 U.S. at 417. The Court declines to do so.

Casey's last argument invokes the principle that doubts about waiver are resolved in favor of arbitration. Whether that presumption survives *Morgan*'s instruction against "arbitration-preferring" procedural rules is doubtful. *See Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023) (reading *Morgan* to hold "there is no 'strong federal policy favoring enforcement of arbitration agreements'") (citation omitted). But the Court need not decide the question. Even assuming the presumption applies in full, Casey's conduct meets and exceeds what *Hooper* held sufficient. Courts applying the presumption have found waiver on lesser records. *See Parker*, 130 F.4th at 653–55 (finding waiver even under that presumption, where the movant sought summary judgment before moving to compel). So it is here.

## III.    CONCLUSION

Casey's asked the Court to decide this case on the merits. Casey's conduct here was inconsistent with the right it now asserts, so that right is waived. The Motion to Stay and Compel

Arbitration is DENIED.[2]  [ECF No. 28].  The motion for a preliminary injunction and the motion

to dismiss remain pending and will be resolved in due course.  [ECF Nos. 3, 11].

    IT IS SO ORDERED.

    Dated this 14th day of August, 2026.

                            STEPHANIE M. ROSE, CHIEF JUDGE
                            UNITED STATES DISTRICT COURT

---

[2] Because waiver is dispositive, the Court does not reach Mason's remaining arguments: that no agreement to arbitrate was formed, that the provision does not reach his claims, that his tort claims are exempt under Iowa Code § 679A.1, and that the jury-trial waiver is invalid.  Nor does the Court reach the antecedent question whether the provision delegates any of those issues to the arbitrator.