IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>Defendant. | **Case No. 4:25-cv-00361-SMR-SBJ**<br><br>**PLAINTIFF'S RESISTANCE (IN PART) TO DEFENDANT'S MOTION TO STAY** |

COMES NOW Plaintiff, by and through his undersigned counsel, and for his Resistance (In Part) to Defendant's Motion to Stay states as follows:

Plaintiff alleges that Defendant failed to honor advertised discounts for various in-store products such as alcohol, soda, and snacks. Defendant filed a Motion to Stay and Compel Arbitration which the Court denied, ECF No. 43, and Defendant exercised its statutory right to an interlocutory appeal. ECF No. 47. Contemporaneously with its notice of appeal, Defendant—relying solely on *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023)—filed a Motion to Stay seeking a stay of all proceedings arguing that Coinbase was a blanket prohibition on a court exercising any jurisdiction over the matter while the arbitration ruling appeal is pending.

Investigation of counsel revealed that after Plaintiff filed his lawsuit Defendant changed its in-store policies to ensure that the advertised discounts would be, and in fact were, given at the register. Nevertheless, Defendant has (i) refused to acknowledge one way or the other the changed policies and (ii) refused to stipulate to the entry of a temporary restraining order freezing this

change in time as it pursues its appeal. Given this posture, Plaintiff agrees that that a limited stay on all discovery and motion practice should be enter except Plaintiff's pending motion for a temporary injunction, ECF No. 3.[1]

In *Coinbase*, the Supreme Court held that a district court must stay its proceedings while there is an interlocutory appeal pending on the question of arbitrability because an appeal "divests the district court of its control over those aspects of the case ***involved in the appeal***." *Id.* at 740, 744 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (emphasis added). Conversely, though, the Supreme Court expressly acknowledged that "matters that ***are not involved in the appeal***" are not stayed and may proceed. *Id.* at 741 fn 2 (emphasis added). Defendant did not and cannot demonstrate that the request to freeze the status quo during the pendency of the Eighth Circuit proceeding is "involved in the appeal." Defendant's position would transform *Coinbase* from a tool for preserving the status quo into a mechanism for altering it.

This Court need not create an exception to *Coinbase*, as *Coinbase* itself leaves room for adjudication of issues that do not overlap the arbitrability appeal. This Court deciding the pending TRO motion does not decide arbitrability, contract formation, or enforceability of arbitration provisions. Similarly, the appeal does not concern defendant's post-filing conduct, preservation of evidence, ongoing consumer harm, or maintenance of status quo. Thus, there is no conflict with the appellate jurisdiction for this Court to rule on the TRO and preserve the status quo.

[1] The motion for a temporary injunction is fully briefed and was pending when Defendant moved to compel arbitration.

*Coinbase* did not address a district court's authority to issue injunctive relief while an appeal on arbitrability is pending, *see id.* at 758 (J. Jackson, dissenting),[2] and since then at least one other court expressly ruled that *Coinbase* does *not* stay equitable claims for injunctive relief. There is a long line of authority recognizing district court authority to issue injunctions despite pending appeals with the rationale that an injunction preserves jurisdiction rather than interferes with it. In *Columbia Gas Transmission, LLC v. RDFS, LLC*, 2024 WL 973114 (N.D.W. Va. Feb. 27, 2024), the court relied on *Griggs*, which supplied the rule of decision in *Coinbase*, in ruling that it could "issue preliminary injunctive relief while an appeal is pending, including an arbitration-related appeal under the FAA." *Id.* at *3 (citing *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999)[3] and *Cunningham v. Lyft, Inc.*, 2020 WL 2616302, at *4 (D. Mass. May 22, 2020)[4]). If district courts may issue injunctions while ordinary appeals are pending, then there is no reason to conclude Congress intended arbitration appeals to carry broader preclusive effect.

---

[2] The petitioner in *Coinbase* expressly conceded that courts may issue injunctions to preserve the status quo despite a pending appeal. *Columbia Gas Transmission, LLC v. RDFS, LLC*, 2024 WL 973114, at *4 (N.D.W. Va. Feb. 27, 2024).

[3] "Exceptions to the rule in *Griggs* allow the district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail." *Sheet Metal Workers' Int'l Ass'n Loc. 19 v. Herre Bros.*, 198 F.3d 391, 394 (3d Cir. 1999).

[4] "[A] district court may exercise its traditional equitable powers to grant preliminary injunctive relief even while arbitrability is unsettled because whether the dispute is arbitrable is irrelevant to the pending preliminary injunction. If the court has authority to consider a motion for preliminary relief before addressing the motion to compel arbitration, it certainly has authority to consider that same motion after denying the motion to compel arbitration, despite Defendants' appeal. *Cunningham v. Lyft, Inc.*, 2020 WL 2616302, at *4 (D. Mass. May 22, 2020), *aff'd,* 17 F.4th 244 (1st Cir. 2021).

It makes sense, under *Coinbase*, that motions for injunctive relief are not stayed by an appeal on arbitrability. A theme running through *Coinbase* is that courts must prevent ongoing events from undermining the effectiveness of future rulings, and to that end the Supreme Court noted that discovery, motion practice, class certification, etc. could inflict harms that cannot later be unwound—in other words, the "common sense" reason for the stay is to preserve the status quo. *Coinbase*, 599 U.S. at 742-43. In other words, *Coinbase* is all about preserving the status quo. Even assuming *Coinbase* requires a stay of matters involved in the arbitrability appeal, a court considering interim equitable relief necessarily evaluates current facts, not historical facts frozen in time, and a temporary restraining order similarly preserves the status quo. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is forward looking, and the inquiry considers whether irreparable harm is threatened or imminent and whether judicial intervention is needed now. Defendant's proposed complete stay rule would create incentives for defendants to modify challenged conduct after suit is filed while simultaneously avoiding judicial preservation of those changes pending appeal. A rule forcing the Court to disregard material post-filing developments, in the injunctive relief context, would conflict with *Coinbase*'s practical approach. Defendant's reasoning is circular as it is arguing that the Court's TRO authority to preserve the status quo conflicts with *Coinbase*'s rationale to protect the status quo. *Coinbase* teaches that courts must look at what is actually happening during the litigation and take the necessary steps to prevent ongoing events from destroying the effectiveness of eventual relief. Here, the fact that Defendant will neither acknowledge nor memorialize its post-filing change highlights the need for a TRO. If Defendant voluntarily changed its practices after suit was filed, then its refusal to acknowledge the change and refusal to stipulate to preservation of that change confirms that the conduct could immediately recur.

For these reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Stay insofar as the stay would apply to the pending Motion for Temporary Injunction.

Respectfully submitted,

/s/ J. Barton Goplerud

**J. Barton Goplerud, AT0002983**
**Brian O. Marty, AT0011622**
SHINDLER ANDERSON GOPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com
marty@sagwlaw.com

CUNEO GILBERT & LaDUCA, LLP
Robert K. Shelquist (admitted pro hac vice)
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN 55416
(612) 254-7288
rshelquist@cuneolaw.com

CUNEO GILBERT & LaDUCA, LLP
Charles J. LaDuca*
Brendan S. Thompson*
2445 M Street NW, Suite 740
Washington, DC 20037
(202) 789-3960
charlesl@cuneolaw.com
brendant@cuneolaw.com

***ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES***
*Pro hac vice forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, a true and correct copy of the foregoing was filed electronically to the Clerk of Court via the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ J. Barton Goplerud