IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>*Defendants*. | Case No. 4:25-cv-00361-SMR-SBJ<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY** |

> When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal. The sole question here is whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing. The answer is yes: *The district court must stay its proceedings*.

*Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023) (citation modified). In his resistance, Plaintiff seeks to escape the Supreme Court's ruling. In that attempt, Plaintiff fundamentally misstates the *Coinbase* rule, ignores the vast body of cases affirming its application, and asserts a request for new injunctive relief that is not the subject of any motion before this Court. (*See* ECF No. 51.) The Court should grant Defendants' Motion to Stay (ECF No. 45) in full.

## ARGUMENT

### I. The Supreme Court's Ruling in *Coinbase* Mandates the Requested Stay.

The material procedural facts in *Coinbase* and this case are the same. In *Coinbase*, a putative class-action plaintiff sued Coinbase; Coinbase moved to compel arbitration; the district court denied the motion; and Coinbase filed an interlocutory appeal to the Ninth Circuit. *Coinbase*, 599 U.S. at 739. Here, Plaintiff filed a putative class action against Defendants (ECF No. 1–1); Defendants moved to compel arbitration in this Court (ECF No. 28); this Court denied the motion

(ECF No. 43); and Defendants filed an interlocutory appeal to the Eighth Circuit under 9 U.S.C. § 16(a) (ECF No. 44). In both cases, the party seeking arbitration moved to stay the district court proceedings "pending resolution of the arbitrability issue on appeal." *Coinbase*, 599 U.S. at 739.

In *Coinbase*, the Supreme Court held that the "district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Coinbase*, 599 U.S. at 740. It applied the well-settled principle that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). And it held that when "the question on appeal is whether the case belongs in arbitration or instead in the district court, *the entire case* is essentially 'involved in the appeal.'" *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58) (emphasis added). Therefore, "the district court must stay its proceedings." *Id.* Indeed, the Supreme Court's ruling is so strong that the stay of all merits proceedings before the district courts is said to be "automatic." *Id.* at 742–43; *see City of Martinsville, Va. v. Express Scripts, Inc.*, 128 F.4th 265, 272 n.6 (4th Cir. 2025) ("[W]hen *Coinbase* applies, a district court's proceedings are automatically stayed whether or not a motion for a stay pending appeal is granted.").

The Supreme Court rejected as a matter of policy any contrary approach that would invite a district court to proceed with the case, holding that such a rule would "largely nullif[y]" "Congress's decision . . . to afford a right to an interlocutory appeal" and could cause the "irretrievabl[e] los[s]" of the benefits of arbitration. *Id.* at 743. Such a rule would also risk "the possibility that the district court will waste scarce judicial resources . . . on a dispute that will ultimately head to arbitration in any event," which the Court deemed the "worst possible outcome." *Id.* (quoting *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)).

Plaintiff's present assertion—that "*Coinbase* did not address a district court's authority to issue injunctive relief while an appeal on arbitrability is pending"—is wrong. (*Cf.* ECF No. 51 at 3.) The Supreme Court was clear that the mandatory stay covers "the entire case."[1] *Coinbase*, 599 U.S. at 741. Plaintiff's argument relies exclusively on a misreading of the dissent, which stated: "[W]ith a stay, the party opposing arbitration loses the benefits of immediate litigation. A plaintiff's request for injunctive protection against imminent harm, for example, goes unanswered under the majority's rule." *Id.* at 758 (Jackson, J., dissenting) (citation modified). Contrary to Plaintiff's reading, the dissent *confirms* (while objecting) that the majority ruling prevents district courts from ruling on an injunction motion—*i.e.*, the mandatory stay causes an injunction movant's request to "go[] unanswered." *Id.* The *Coinbase* ruling unambiguously requires a complete stay of this case.

## II. Post-*Coinbase* Cases Throughout the Country Confirm the Mandatory Stay.

Subsequent case law confirms that a complete stay is required. *See BSI Grp. LLC v. Ezbanc Corp.*, 183 F.4th 956, 959 (8th Cir. 2026) (citing *Coinbase* and stating that, "[a]llowing [pre-trial] motions . . . to proceed before arbitrability is decided violates the plain language and the intent of the statute. All activity related to the underlying merits must wait until after the proper venue for the action has been determined"); *Express Scripts*, 128 F.4th at 272 n.6; *see also Sarah Car Cane, Inc. v. LogistiCare Sols., LLC*, No. 21-3108, 2023 WL 5378845, at *1 n.4 (3d Cir. Aug. 22, 2023); *Baria v. Singing River Elec. Coop.*, No. 20-60744, 2025 WL 1419721, at *1 (5th Cir. May 16, 2025); *Ya Mon Expeditions, LLC v. Int'l Yacht Brokers Ass'n, Inc.*, No. 25-10140, 2026 WL 1678244, at *3 n.4 (11th Cir. June 10, 2026) (per curiam); *Pina v. Comcast Cable Commc'ns, LLC*,

[1] Plaintiff evidently argues that preliminary injunction motions should be deemed outside the scope of the "entire case." (ECF No. 51 at 2 (citing *Coinbase*, 599 U.S. at 741 n.2).) But the *Coinbase* footnote upon which Plaintiff relies concerns only non-merits matters, "*such as the awarding of costs and attorney's fees*." *Coinbase*, 599 U.S. at 741 n.2 (emphasis added). It provides no basis to claim that preliminary injunction motions touching upon the underlying merits, as with the one in the present case, are outside the scope of the "entire case." *Id.* at 740–41.

No. 2:25-cv-00170, 2025 WL 1646574, at *2 (W.D. Wash. June 11, 2025) (summarily granting motion to stay); *Elec. Solidus, Inc. v. Proton Mgmt. Ltd.*, No. 2:24-cv-08280, 2025 WL 1712363, at *2–4 (C.D. Cal. May 27, 2025); *Hernandez v. Experian Info. Sols., Inc.*, No. CV-25-00449, 2026 WL 856447, at *2–3 (D. Ariz. Feb. 6, 2026); *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2024 WL 6893238, at *1 (E.D. Mich. Oct. 29, 2024) ("[U]nder *Coinbase*, the entire proceeding must be stayed while the appeal is pending on the matter of arbitrability.").

Plaintiff's only post-*Coinbase* case citation is to a nonbinding and distinguishable order from the U.S. District Court for the Northern District of West Virginia. (*See* ECF No. 51 at 3 (citing *Columbia Gas Transmission, LLC v. RDFS, LLC*, 2024 WL 973114 (N.D. W. Va. Feb. 27, 2024).) *Columbia Gas* is distinguishable because, *inter alia*: (1) the court found the appeal at issue frivolous, filed as a delay tactic "to force the plaintiff to pay an exorbitant sum"; (2) the appeal was "taken in bad faith" because the arbitration provision did not apply on the face of the motion; (3) it involved a motion addressing only two of the three counts, so the "entire case" was inherently not "involved in the appeal"; and (4) the requested injunction expressly pertained to the third count, which was not at issue on appeal. *See Columbia Gas*, 2024 WL 973114, at *1–4. The district court therefore ruled it had equitable authority on bases not discussed in *Coinbase*. *Id.*

This case bears none of those hallmarks and is instead on all fours with *Coinbase*. In the present case, Plaintiff asks this Court to rule upon an injunction motion that concerns the underlying merits of the dispute. (*See* ECF No. 3.) This is squarely prohibited by *Coinbase*. *See Coinbase*, 599 U.S. at 740–41; *see also, e.g.*, *BioCorRx, Inc. v. Calista Therapeutics, Inc.*, No. 8:24-CV-00640, 2024 WL 4472376, at *2 (C.D. Cal. Aug. 14, 2024) (staying consideration of a preliminary injunction motion pending appeal because there was no "basis to consider the Motion

for Preliminary Injunction without implicating the issues on appeal"). Consistent with the overwhelming weight of authority *supra*, therefore, the stay should be granted in full.

### III. Plaintiff's Request for Distinct Injunctive Relief in His Opposition Is Procedurally Improper and Concedes That the Pending Injunction Motion Is Moot.

Plaintiff now seeks—for the first time in his resistance—different injunctive relief than that sought in his pending motion. (*Compare* ECF No. 51 at 1–2, *with* ECF No. 3 at 7.) Plaintiff now alleges that "[i]nvestigation of counsel revealed that after Plaintiff filed his lawsuit Defendant changed its in-store policies to ensure that the advertised discounts would be, and in fact were, given at the register." (ECF No. 51 at 1.) Plaintiff now seeks "the entry of a temporary restraining order freezing this change in time as [Defendant] pursues its appeal" as a result. (*Id.* at 1–2.) By contrast, Plaintiff's motion seeks "an order for a temporary injunction (1) prohibiting Defendant from not applying the advertised discounts at the register as promised; and (2) prohibiting Defendant from collecting taxes on the amount that should have been discounted." (ECF No. 3 at 7.) By Plaintiff's own allegation, the relief sought in the pending motion is moot, and any injunction newly requested in his opposition brief is procedurally improper.[2] *See InfoDeli, LLC v. W. Robidoux, Inc.*, 136 F.4th 792, 801 n.6 (8th Cir. 2025) ("New claims are properly raised through amended complaints, not opposition briefs."). Therefore, even if the *Coinbase* stay were not mandatory, there is no live dispute represented by Plaintiff's injunction motion.

## CONCLUSION

Defendants' requested stay is automatic, mandatory, and indeed "sensible." *Coinbase*, 599 U.S. at 743. Plaintiff has identified no cognizable basis to contradict the Supreme Court's directive and adjudicate his injunction motion. This Court should grant Defendants' Motion to Stay.

---

[2] For clarity, Defendants do not ask the Court to *rule* that Plaintiff's injunction motion is moot; rather, Defendants seek a complete and total stay of the proceedings in accordance with *Coinbase*.

Dated: September 8, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
David Yoshimura, AT0012422
Carolyn A. Gunkel, AT0008944
Emily R. O'Brien, AT0015757
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*
*david.yoshimura@faegredrinker.com*
*carolyn.gunkel@faegredrinker.com*
*emily.obrien@faegredrinker.com*

**ATTORNEYS FOR DEFENDANTS CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., AND CASEY'S MARKETING COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, a true copy of the foregoing document was served upon all Parties of record through the Court's CM/ECF electronic filing system, with a copy sent via electronic notice to all counsel of record.

*/s/ Paulette Ohnemus*