**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| KIT MASON, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>CASEY'S RETAIL COMPANY, CASEY'S GENERAL STORES, INC., and CASEY'S MARKETING COMPANY,<br><br>Defendants. | * * * * * * * * * * * * | CIVIL NO. 4:25-cv-00361-SMR-SBJ<br><br>**ORDER** |

Plaintiff Kit Mason brought this consumer-fraud action against defendants Casey's Retail Company, Casey's General Stores, Inc., and Casey's Marketing Company (collectively "Casey's"). Dkt. 1-1. Plaintiff alleges Casey's failed to apply advertised in-store discount prices at the point of sale for merchandise including canned beverages and candy. *Id.* Early in the litigation, Plaintiff filed a Motion for Temporary Injunction (Dkt. 3) and Casey's filed a Motion to Dismiss and Strike Class Allegations (Dkt. 11).

Subsequently, Casey's filed a Motion to Stay and Compel Arbitration (Dkt. 28) pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16. According to Casey's, the parties agreed to arbitrate any dispute under the terms of its rewards program of which Plaintiff is a member. *Id.* United States Chief Judge Stephanie M. Rose denied the motion based on a determination Casey's waived the right to arbitrate by acting inconsistently with that right. Dkt. 43. Chief Judge Rose indicated the Motion for Temporary Injunction and the Motion to Dismiss and Strike Class Allegations "remain pending and will be resolved in due course." *Id.* p. 8.

In turn, Casey's filed a Notice of Interlocutory Appeal of Chief Judge Rose's order to the United States Court of Appeals for the Eighth Circuit. Dkt. 44. Casey's also filed,

contemporaneously, a Motion to Stay (Dkt. 45) which is now before this United States Magistrate Judge. Casey's requests that all further proceedings in this Court be stayed pending disposition of their interlocutory appeal. Plaintiff filed a "Resistance in Part" (Dkt. 51), in which Plaintiff agrees that a limited stay is appropriate as to discovery and additional motion practice but not as to Plaintiff's pending Motion for Temporary Injunction. Casey's filed a Reply (Dkt. 52) insisting all proceedings in this Court should be stayed.

The motion is considered fully submitted. Oral argument by counsel is not necessary. L.R. 7(c). A stay of all proceedings in this Court during the interlocutory appeal, including as to Plaintiff's Motion for Temporary Injunction, is appropriate and warranted.

As explained by the Supreme Court of the United States, "[w]hen a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023) (citing 9 U.S.C. § 16(a)). And as to "whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing", the Supreme Court answered "yes: The district court must stay its proceedings." *Id.* Based on prior precedents, "an interlocutory appeal[] divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 740 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741. "In short, *Griggs* dictates that the district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Id.*; *see also BSI Grp. LLC v. Ezbanc Corp*, 183 F.4th 956, 959 (8th Cir. 2026) ("Allowing merits discovery and dispositive motions on the merits to proceed before arbitrability is decided violates the plain language and the intent of the statute. All activity related to the underlying merits must wait until after the proper venue for the action has been determined.").

In the view of this Court, the Supreme Court's holding in *Coinbase* is applicable here and dictates that these proceedings be stayed while the interlocutory appeal on arbitrability is ongoing. Plaintiff, however, argues this Court should proceed to address the Motion for Temporary Injunction, "and preserve the status quo", notwithstanding the interlocutory appeal. Dkt. 51 pp. 1-2. Plaintiff references a footnote in *Coinbase* stating "that the district court may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees." *Coinbase*, 599 U.S. at 741, n. 2. After considering Plaintiff's assertions, this Court is unpersuaded.

Accordingly, Defendants' Motion to Stay (Dkt. 45) shall be, and is hereby, granted in full. The proceedings in this Court are stayed pending the interlocutory appeal to the United States Court of Appeals for the Eighth Circuit.

IT IS SO ORDERED.

Dated October 23, 2026.

Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge